COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS　　　　　　　　　　　　　　　SUPERIOR COURT DEPARTMENT
　　　　　　　　　　　　　　　　　　　　OF THE TRIAL COURT

　　　　　　　　　　　　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　　NO: ESCV2003-01926

CAREFREE PARK CORPORATION,　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　03-12426-RCL
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
ADIB NABHAN,　　　　　　　　　　)
　　　　Defendant.　　　　　　　　)

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND JURY CLAIM OF THE DEFENDANT, ADIB NABHAN, TO THE PLAINTIFF'S COMPLAINT

### FIRST DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The plaintiff's Complaint fails due to lack of jurisdiction over defendant's person.

### THIRD DEFENSE

The plaintiff's Complaint fails due to improper venue.

### FOURTH DEFENSE

The plaintiff's Complaint fails due to insufficiency of process.

### FIFTH DEFENSE

The plaintiff's Complaint fails due to insufficiency of service or process.

### SIXTH DEFENSE

The plaintiff's Complaint fails due to failure to join a party under Rule 19.

### SEVENTH DEFENSE

The defendant responds to the allegations contained in the plaintiff's Complaint, paragraph by paragraph as follows:

A TRUE COPY, ATTEST
_____
DEPUTY ASS'T. CLERK

## PARTIES

1. The defendant admits the allegations contained in this paragraph.

2. The defendant admits the allegations contained in this paragraph.

## JURISDICTION

3. The defendant denies the allegations contained in this paragraph.

## FACTS

4. The defendant admits the allegations contained in this paragraph.

5. The defendant denies the allegations contained in the first sentence of this paragraph. The defendant admits the remaining allegations of this paragraph.

6. The defendant denies that he is a director of Carefree. The defendant admits the remaining allegations of this paragraph.

7. The defendant denies the allegations contained in the first sentence of this paragraph. The defendant admits the remaining allegations of this paragraph.

8. The defendant admits that in 1988 he moved to Florida to operate Carefree's business there for its benefit. The defendant admits the allegations contained in the second sentence of this paragraph. The defendant admits that Carefree's business has been run under the name Fun Depot. The defendant denies the remaining allegations contained in this paragraph.

9. The defendant admits that allegations contained in this paragraph.

10. The defendant admits that in 1988 and 1996, improvements were made to Carefree's property in Florida to further its business interests. The defendant denies that all of the debt referred to in this paragraph is in the name of Carefree. The defendant denies that all of the debt in the name of Carefree is personally guaranteed by Amin, Adib and Jamile.

11. The defendant admits the allegations contained in this paragraph.

12. The defendant admits that Fun Depot was incorporated, in part, for liability reasons. The defendant denies any implication that liability considerations were the only reason for incorporating Fun Depot. The defendant admits the allegations contained in the second sentence of this paragraph. The defendant denies the remaining allegations contained in this paragraph.

13. The defendant admits that Fun Depot Inc. is one of several tenants in the property owned by Carefree. The defendant admits the allegations contained in the second sentence of this paragraph. The defendant admits that payments for the mortgage, taxes and insurance on Carefree's property are made from Carefree's account.

14. The defendant denies the allegations contained in this paragraph.

15. The defendant denies the allegations contained in this paragraph.

## COUNT I
### (Breach of Fiduciary Duty)

16. The defendant repeats and realleges its responses to paragraphs 1 through 15 of the plaintiff's Complaint and incorporates them herein by reference.

17. The allegations of this sentence contain legal conclusions, to which no response is required. To the extent a response is required, the defendant denies the allegations contained in this paragraph.

18. The defendant denies the allegations contained in this paragraph.

19. The defendant denies the allegations contained in this paragraph.

20. The defendant denies the allegations contained in this paragraph.

21. The defendant denies the allegations contained in this paragraph.

22. The defendant denies the allegations contained in this paragraph.

23. The defendant denies the allegations contained in this paragraph.

24. The defendant denies the allegations contained in this paragraph.

## COUNT II
### (Conversion)

25. The defendant repeats and realleges its responses to paragraphs 1 through 24 of the plaintiff's Complaint and incorporates them herein by reference.

26. The defendant denies the allegations contained in this paragraph.

27. The defendant denies the allegations contained in this paragraph.

## COUNT III
### (Accounting)

28. The defendant repeats and realleges its responses to paragraphs 1 through 27 of the plaintiff's Complaint and incorporates them herein by reference.

29. The defendant denies the allegations contained in this paragraph.

WHEREFORE, the defendant demands that the plaintiff's Complaint be dismissed and judgment entered in favor of the defendant with costs and disbursements of this action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

By way of defense, the defendant states that if the plaintiff suffered damages, as alleged, such damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

## SECOND AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the damages alleged were caused in whole or in part by the negligence of the plaintiff or the plaintiff's agents, servants, employees, or other entity within the plaintiff's control and not within the defendant's control or employ.

## THIRD AFFIRMATIVE DEFENSE

By way of defense, the defendant states that if the plaintiff proves that he was damaged as alleged, said injuries were caused by the intervening and/or superseding acts of third persons for which the defendant is not liable.

## FOURTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to his alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231, §85.

## FIFTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the defendants should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. c. 231, §85.

## SIXTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiff failed to mitigate its damages, and, therefore, the plaintiff's damages must be reduced by any damages resulting by said failure of the plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiff's Complaint is barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiff's Complaint are insufficiently particular, as is required by M.R.Civ.P. 9(b).

### NINTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the allegations contained in the plaintiff's Complaint are wholly insubstantial, frivolous, without merit, not advanced in good faith, and that the defendant is entitled to costs and attorneys' fees pursuant to M.G.L. c.231, §6F.

### TENTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiff's claim is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiff's claim is barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that, to the extent that the plaintiff was damaged by the alleged acts of the defendant, the defendant is entitled to an offset for expenditures made by him for the plaintiff's benefit.

### COUNTERCLAIM

1. The plaintiff-in-counterclaim, Adib Nabhan is an individual residing in Atlantis, Florida.

2. The defendant-in-counterclaim, Carefree Park Corporation, is a Massachusetts corporation with a principal place of business in Salisbury Beach, Massachusetts.

3. Beginning in 1988 and continuing to the present, the plaintiff-in-counterclaim performed services on behalf of the defendant-in-counterclaim.

4. Beginning in 1988 and continuing to the present, the plaintiff-in-counterclaim expended funds on behalf of the defendant-in-counterclaim.

5. The services performed and the funds expended by the plaintiff-in-counterclaim on behalf of the defendant-in-counterclaim were of benefit to the defendant-in-counterclaim.

### COUNT I
Quantum Meruit

6.  The plaintiff-in-counterclaim repeats and realleges paragraphs 1 through 5 of his counterclaim as if fully set forth herein and make them a part of Count I.

7.  The services performed and the funds expended by the plaintiff-in-counterclaim on behalf of the defendant-in-counterclaim were undertaken with the knowledge and approval of the defendant-in-counterclaim.

8.  The plaintiff-in-counterclaim is entitled to payment of the full value of the services performed and the funds expended by the plaintiff-in-counterclaim on behalf of the defendant-in-counterclaim.

## COUNT II
### Unjust Enrichment

9.  The plaintiff-in-counterclaim repeats and realleges paragraphs 1 through 5 of his counterclaim as if fully set forth herein and make them a part of Count II.

10. The defendant-in-counterclaim has been unjustly enriched from the funds he expended on behalf of the defendant-in-counterclaim.

11. For reasons of justice, the plaintiff-in-counterclaim is entitled to restitution of the funds he expended on behalf of the defendant-in-counterclaim.

WHEREFORE, the plaintiffs-in-counterclaim pray:

1.  The Court award the plaintiffs-in-counterclaim damages against the defendant-in-counterclaim, together with interest and his costs.

2.  The Court grant such other and further relief as is just.

### JURY CLAIM

The defendant demands a trial by jury as to all issues to which he is entitled as a matter of right.

The Defendant,
Adib Nabhan,
By his Attorneys:

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 11/25/03.

MORRISON, MAHONEY & MILLER, LLP

Doyle C. Valley, Esq. BBO#638578
250 Summer Street
Boston, MA 02210
(617) 439-7500

6