FILED
IN CLERKS OFFICE

2003 DEC 15 P 1:58

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAREFREE PARK CORPORATION,

    Plaintiff,

v.

ADIB NABHAN,

    Defendant.

C.A. No. 03-CV-12426 RCL

## ANSWER OF DEFENDANT-IN COUNTERCLAIM CAREFREE PARK CORPORATION

Plaintiff and defendant-in-counterclaim Carefree Park Corporation ("Carefree Park') responds as follows to the allegations contained in the numbered paragraphs of the counterclaim of defendant and plaintiff-in-counterclaim Adib Nabhan :

1. Carefree Park admits the allegations contained in paragraph 1 of the counterclaim.

2. Carefree Park admits the allegations contained in paragraph 2 of the counterclaim.

3. Carefree Park admits that from time to time plaintiff-in-counterclaim Adib Nabhan has performed services on behalf of Carefree Park but denies any implication that those services were performed by Adib Nabhan in any capacity other than as an owner of Carefree Park or that he was entitled to be separately compensated for performing those services.

4. Carefree Park admits that from time to time plaintiff-in-counterclaim Adib Nabhan has expended funds on behalf of Carefree Park but denies any implication that those funds were expended by Adib Nabhan in any capacity other than as an owner of Carefree Park or

that Adib Nabhan was entitled to be reimbursed for the funds he expended other than in his capacity as an owner of the business entitled to share in the profits therefrom.

5. Carefree Park admits that some of the services performed and funds expended by Adib Nabhan were of benefit to Carefree Park but denies any implication that Adib Nabhan did not also receive his fair share of any such benefits in his capacity as an owner of the business.

## COUNT I
## (Quantum Meruit)

6. Carefree Park incorporates by reference and repeats its answers to paragraphs 1 through 5 above as if fully restated herein.

7. Carefree Park admits that some of the services performed and funds expended by Adib Nabhan in his capacity as an owner of Carefree Park were known to and approved by Carefree Park, but denies any implication that all such services or expenditures of funds were known to or approved of by Carefree Park.

8. Carefree Park denies the allegations contained in paragraph 8 of the counterclaim.

## COUNT II
## (Unjust Enrichment)

9. Carefree Park incorporates by reference and repeats its answers to paragraphs 1 through 5 above as if fully restated herein.

10. Carefree Park denies the allegations contained in paragraph 10 of the counterclaim.

11. Carefree Park denies the allegations contained in paragraph 11 of the counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claims are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claims are barred by his unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

If plaintiff was injured as set forth in the complaint, the injury was caused by a person or persons for whose conduct Carefree Park is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Carefree Park reserves the right to assert and rely on such other and further defenses as may become apparent or available in the course of these proceedings.

WHEREFORE, Carefree Park Corporation, respectfully requests that the Court enter judgment:

1. Dismissing plaintiff-in-counterclaim's counterclaim in its entirety with prejudice;

2. Awarding Carefree Park its costs in defending this action, including its attorneys' fees; and

3.   Ordering such other relief as the Court deems just and proper.

CAREFREE PARK CORPORATION

By its attorneys,

_____
Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
Nixon Peabody LLP
101 Federal Street
Boston, MA  02110
(617) 345-1000

Dated: December 12, 2003

## CERTIFICATE OF SERVICE

I, Gordon M. Jones, III, hereby certify that a true copy of the foregoing Answer to Counterclaim was served upon the attorneys of record at their last known address, by first class mail on December 12, 2003.

_____
Gordon M. Jones, III