UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAREFREE PARK CORPORATION,

           Plaintiff,

v.

ADIB NABHAN,

           Defendant.

C.A. No.  03-CV-12426 RCL

**PLAINTIFF CAREFREE PARK CORPORATION'S MOTION TO COMPEL
AND FOR AN EXTENSION OF THE SCHEDULING ORDER**

Plaintiff Carefree Park Corporation ("Carefree Park") hereby moves for an order compelling defendant Adib Nabhan ("Nabhan) to respond to document requests that Carefree Park propounded on April 9, 2004.  To date, Nabhan has not provided either a written response to the requests or the requested documents themselves. The responses are now nine weeks overdue and in the most recent conference between counsel for the parties, Nabhan's counsel was unable to specify a date certain by which Nabhan would respond.  Without the documents and without any ability to predict when they will be received, Carefree Park has been unable to prepare or even to notice Nabhan's deposition.  Carefree Park therefore requests that, in addition to ordering Nabhan to produce the requested documents immediately, the Court extend the discovery period beyond the current deadline of August 3, 2004, in order to allow Carefree Park to have an opportunity to review the documents before it examines Nabhan.  In further support of its motion, Carefree Park states as follows:

        This case involves allegations of breaches of fiduciary duty and conversion and a request for an accounting in the context of a close corporation and family-run business.  Carefree Park

BOS1398695.1

alleges that Nabhan misappropriated its assets and took for himself a business opportunity that belonged to Carefree Park. Carefree Park's complaint was filed in the Essex Superior Court in Massachusetts on October 8, 2003. The case was removed to this Court on December 4, 2003. At a scheduling conference held on February 5, 2004, the Court ordered that the parties complete their mandatory disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by February 19, 2004. The Court further ordered that all fact discovery, including all written discovery and all depositions, be completed by August 3, 2004.

Carefree Park served its initial disclosures on Nabhan's counsel on February 19, 2004. Nabhan did not serve his initial disclosures on Carefree Park until March 24, 2004. On April 9, Carefree Park served on Nabhan the document requests attached hereto as Exhibit 1. On the same day, Nabhan served on Carefree Park document requests and interrogatories. On May 7, 2004, Carefree Park requested and received a two-week extension of time in which to respond to the document requests from Nabhan. Carefree Park responded to all of Nabhan's discovery requests on May 26, 2004.

At the same time that Carefree Park served its discovery requests, on May 26, 2004, counsel for Carefree Park inquired as to when Nabhan would respond to Carefree Park's discovery. Counsel for Nabhan said he would look into it. Counsel for Carefree Park called again on June 9, 2004 and was told the documents would be produced no later than June 23, 2004. Nabhan failed to produce the documents on the promised date. Counsel for Carefree Park called again on Friday, June 25, 2004 and was told the documents would be produced the following Monday, June 28, 2004. They were not. After returning from a brief vacation on July 6, 2004, counsel for Carefree Park tried twice to reach counsel for Nabhan to discuss the documents, but was told that Nabhan's counsel was unavailable. Counsel finally spoke on

Friday, July 9, 2004. In that conversation, counsel for Nabhan was unable to specify a date by which he would provide the documents.

In light of Nabhan's prolonged and unexplained failure to fulfill his discovery obligations, Carefree Park requests that the Court:

1.   Order Nabhan to produce all of the documents requested in Exhibit 1 forthwith;

2.   Order that Nabhan be deemed to have waived any objections to the document requests contained in Exhibit;

3.   Order that the Court's scheduling order be extended by two months and that all fact discovery be completed by October 1, 2004 and all other dates in the scheduling order be adjusted accordingly; and

4.   Order that Nabhan reimburse Carefree Park for the costs incurred in bringing this motion.

## CONCLUSION

For the foregoing reasons, plaintiff Carefree Park's motion to compel and to extend the Court's scheduling order should be allowed.

                CAREFREE PARK CORPORATION

                By its attorneys,

                _____/s/ G. Jones_____
                Robert L. Kirby, Jr. (BBO #550538)
                Gordon M. Jones, III (BBO # 549016)
                Nixon Peabody LLP
                100 Summer Street
                Boston, MA  02110-2131
                (617) 345-1000

Dated:  July 13, 2004

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(2)(B) AND LOCAL RULE 37

I hereby certify that on July 9, 2004 at approximately 8:00 a.m., I spoke with Doyle Valley, counsel for Adib Nabhan concerning the response to the Request for Production of Documents attached to this motion as Exhibit 1. I asked if Mr. Valley could provide the documents to me by 10:00 a.m. on Monday July 12, 2004. Mr. Valley said that he could not promise to provide the documents by that time, nor could he specify any time by which he would provide the documents. I informed Mr. Valley that in light of his failure to specify a date by which the documents would be provided and the fact that the response was nine weeks overdue, I planned to file this Motion to Compel with the court.

/s/ G. Jones
Gordon M. Jones, III

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on July 13, 2004.

/s/ G. Jones
Gordon M. Jones, III