**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CAREFREE PARK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ADIB NABHAN,<br><br>Defendant. | C.A. No.  03-CV-12426 RCL |

**PLAINTIFF CAREFREE PARK CORPORATION'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT ADIB NABHAN**

Plaintiff Carefree Park Corporation hereby requests that, in accordance with Rule 34 of the Federal Rules of Civil Procedure, defendant Adib Nabhan produce the documents requested below for inspection and copying at the offices of Nixon Peabody LLP within thirty (30) days.

**INSTRUCTIONS AND DEFINITIONS**

The following instructions and definitions apply:

A.    If you claim that any document that is required to be produced by you in response to any of these document requests is privileged:

      1.    Identify its title and general subject matter;

      2.    State its date;

      3.    Identify its author;

      4.    Identify the person for whom it was prepared or to whom it was sent;

      5.    State the nature of the privilege claimed;

BOS1370055.1

6.    State in detail each and every fact upon which you base your claim of privilege.

B.    If you have at any time relinquished possession, custody, or control of or destroyed any document responsive to this request, identify each document as explained in part A above and, as to existing documents, identify the person who has possession, custody, or control of such documents.

C.    "Document(s)" includes any written, recorded, or graphic matter, however produced or reproduced, of every kind and regardless of where located, including but not limited to, any summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, facsimile communication, electronic files, electronic mail communication, report, diary, desk or pocket calendar, notebook, daybook, appointment book, pamphlet, periodical, work sheet, cost sheet, list, graph, chart, index, tape, record, partial or complete report of telephone conversation, compilation, tabulation, study, analysis, transcript, agenda, minutes, accounting record, data sheet, data processing card or tape, computer disk or tape, bill of lading, shipping galley, or similar freight document, invoice, purchase order, instruction manual, binder, any memorials of any conversations, meetings, or conferences, by telephone or otherwise, and any other writing or recording. The term document(s) also includes any drafts and non-identical copies, and any files in which responsive document(s) are maintained.

D.    "Person" means any natural person, partnership, firm, association, corporation, or other government, legal, or business entity or organization. The term person also includes, except with respect to individuals, all predecessors, successors, and any person acting on behalf of the parties enumerated above.

E.      When the terms "you" or "your" are used in these requests they should be understood as referring to defendant Adib Nabhan and his assigns, agents, servants, employees, investigators, attorneys, consultants and all other persons and entities representing him or acting on his behalf.

F.      When the term "Carefree Park" is used in these requests it should be understood as referring to plaintiff Carefree Park Corporation and its directors, officers, assigns, agents, servants, employees, investigators, attorneys, consultants and all other persons and entities representing it or acting on its behalf.

G.      When the term "Fun Depot" is used in these requests it should be understood as referring to Fun Depot Inc. and its directors, officers, assigns, agents, servants, employees, investigators, attorneys, consultants and all other persons and entities representing it or acting on its behalf.

H.      The term "communication" or any variant thereof, refers to any contact, oral or documentary, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature was transmitted or transferred, including, without limitation, any contact or transmittal of information by electronic mail.

I.      The term "relate" or any variant thereof, including, but not limited to, the term "relating to," when applied to the content of any document, shall be understood to apply if the document evidences, mentions, constitutes, contains, summarizes, describes, concerns, refers to (directly or indirectly), supports, contradicts, addresses in any way or otherwise deals with the subject matter described in the Request in which the term "relate" or any variant thereof appears.

J.       The requested documents each include all attachments to the specifically described documents, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s).  If the specific document elicited a response, that response is also to be identified and produced.  If the document itself was a response, the document to which it responded is also to be identified and produced.

K.       Where applicable, the following will apply:

1.       The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun and vice versa.

2.       The use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

## REQUESTS

**Request For Production No. 1:**

All documents in your possession, custody or control that constitute, evidence, refer to or relate to any payroll records created or maintained by Fun Depot from January 1, 1996 to the present.

**Request For Production No. 2:**

All documents in your possession, custody or control that constitute, evidence, refer to or relate to any records, including any records of payments made, with regard to any SEPA or IRA plan or account maintained by Fun Depot for the benefit of its officers or employees at any time from January 1, 1996 to the present..

**Request For Production No. 3:**

All documents in your possession, custody or control that constitute, evidence, refer to or relate to any payments made to or by you with regard to any SEPA or IRA

plan or account maintained by you or for your benefit at any time from January 1, 1996 to the present.

**Request For Production No. 4:**

All documents in your possession, custody or control that constitute, evidence, refer to, relate to or provide the detail concerning the items appearing on the Fun Depot General Ledger from January 1, 1996 to the present.

**Request For Production No. 5:**

All documents in your possession, custody or control that constitute, evidence, refer to or relate to any purchases or rentals of games or arcade equipment by Fun Depot from any vendor, including, without limitation, Brady Distributors, from January 1, 1996 to the present.

**Request For Production No. 6:**

All documents in your possession, custody or control that constitute, evidence, refer to or relate to any purchases of equipment for batting cages or a go-cart track by Fun Depot from any vendor from January 1, 1996 to the present.

**Request For Production No. 7:**

All documents in your possession, custody or control that constitute, evidence, refer to or relate to invoices received from vendors for the line items listed on the Fun Depot financial statements for 2002 and 2003 under the heading "Purchases-Supplies".

**Request For Production No. 8:**

All documents in your possession, custody or control that constitute, evidence, refer to or relate to invoices received from vendors for the line items listed on the Fun Depot financial statements for 2002 and 2003 under the heading "Purchases-Parts".

**Request For Production No. 9:**

All documents in your possession, custody or control that constitute, evidence,

refer to or relate to invoices received from vendors for the line items listed on the Fun

Depot financial statements for 2001, 2002 and 2003 under the heading "Insurance",

including, without limitation, the applicable policies.

**Request For Production No. 10:**

All documents in your possession, custody or control that constitute, evidence,

refer to, relate to or provide the detail concerning the depreciation line items listed on the

Fun Depot financial statements for 2001, 2002 and 2003.

**Request For Production No. 11:**

All documents in your possession, custody or control that constitute, evidence,

refer to, relate to or provide the detail concerning the line items for Equipment and

Leasehold Improvements listed on the Fun Depot balance sheet for 2001, 2002 and 2003.

**Request For Production No. 12:**

All documents in your possession, custody or control that constitute, evidence,

refer to or relate to your federal and state tax returns and the federal and state tax returns

of Adel Nabhan for the years 1996 to the present.

**Request For Production No. 13:**

All documents in your possession, custody or control that constitute, evidence,

refer to, relate to any communication, including, without limitation, any electronic

communication, between you and any person concerning the incorporation of Fun Depot

and the reasons for the incorporation, including, without limitation, any communication

concerning such incorporation between you and Amin Nabhan, Jamile Nabhan, Louis
Nabhan and George Nabhan.

**Request For Production No. 14:**

All documents in your possession, custody or control that constitute, evidence,
refer to, relate to any communication, including, without limitation, any electronic
communication, between you and any of the following concerning the business of Fun
Depot from January 1, 1996 to the present: Amin Nabhan, Jamile Nabhan, Louis Nabhan
and George Nabhan.

**Request For Production No. 15:**

All documents in your possession, custody or control that constitute, evidence,
refer to, relate to any communication, including, without limitation, any electronic
communication, between you and any of the following concerning the business of
Carefree Park from January 1, 1996 to the present: Amin Nabhan, Jamile Nabhan, Louis
Nabhan and George Nabhan.

**Request For Production No. 16:**

All documents in your possession, custody or control that constitute bank
statements for the following months that were omitted from the compilation of bank
statements produced in connection your initial disclosure in this action: January, February
and March, 1997; August, September, October and November, 1998; December, 1999;
January through October, 2000; January through December, 2001; March through July,
2002; and July through December, 2003.

CAREFREE PARK CORPORATION

By its attorneys,

Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

Dated:  April 9, 2004

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by  mail/hand  on April 9, 2004