UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 2003-CV-12426 RCL

| | |
|---|---|
| CAREFREE PARK CORPORATION, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| ADIB NABHAN, <br> Defendant. | ) <br> ) <br> ) |

**DEFENDANT, ADIB NABHAN'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS**

The defendant, Adib Nabhan, in opposition to plaintiff's motion for sanctions, states as follows:

Defendant's opposition to the instant motion is limited to plaintiff's request for sanctions, including plaintiff's request for an order that defendant be deemed to have waived any objections to plaintiff's document request and plaintiff's request for an order compelling defendant to reimburse plaintiff for the costs in bringing the motion to compel.

With respect to contact between counsel for the parties, counsel for defendant spoke with plaintiff's counsel on July 9, 2004 and explained that defendant needed additional time to copy and produce the documents requested by plaintiff. Plaintiff's counsel insisted that the documents be produced on July 12, 2004, a request that defendant's counsel stated defendant was unfortunately unable to comply with. When asked when defendant would be able to comply with plaintiff's discovery request, defendant's counsel replied that he would contact defendant to determine a set time he expected to be able to do so. On July 13, 2004, before defendant's counsel was aware the plaintiff had filed the instant motion, defendant's counsel spoke with

1093242

plaintiff's counsel and explained that, due to defendant's prior summer vacation and defendant's counsel's planned vacation from July 16, 2004 through July 25, 2004, defendant could provide the documents requested by plaintiff on July 28, 2004. Plaintiff's counsel responded that he had filed his motion earlier that day and that he would not seek deferral of this Court's action on the motion. Based upon defendant's counsel's conversations with defendant prior to his vacation, defendant expected the documents to have been delivered prior to his return from vacation. Unfortunately, the documents inadvertently were shipped from Florida by ground mail rather than by express mail. Defendant's counsel is informed that the documents are to be received on July 28, 2004, whereupon they will be copied and produced to plaintiff that same day.

On July 27, 2004, defendant served upon plaintiff his written response to plaintiff's request for production of documents. A copy of Defendant's Response to Plaintiff's First Request for Production of Documents is attached hereto as Exhibit 1. Defendant will produce the documents to plaintiff by courier on July 28, 2004.

Based upon the foregoing, plaintiff's request for an order compelling production of documents is moot, plaintiff's request for an order that defendant be deemed to have waived any objections to plaintiff's document request should be denied and an order compelling defendant to reimburse plaintiff for the costs in bring the motion to compel should be denied.

> The Defendant,
> Adib Nabhan,
> By his Attorney:
>
> MORRISON MAHONEY LLP
>
> /s/ Doyle C. Valley
> Doyle C. Valley, BBO#638578
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

1093242

I hereby certify that a copy of Defendant Adib Nabhan's Opposition to Plaintiff's Motion for Sanctions was served upon counsel for plaintiff by mail on July 27, 2004.

/s/ Doyle C. Valley
Doyle C. Valley

1093242