UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>ADIB NABHAN,<br><br>                Defendant. | C.A. No. 03-CV-12426 RCL |

**PLAINTIFF CAREFREE PARK CORPORATION'S SECOND MOTION TO COMPEL**

Plaintiff Carefree Park Corporation ("Carefree Park") hereby moves for an order compelling defendant Adib Nabhan ("Nabhan) to produce copies of his state and federal income tax returns for the years 1996 through 2003. A request for the production of the returns was included in document requests that Carefree Park propounded on April 9, 2004. In further support of its motion, Carefree Park states as follows:

This case involves allegations of breaches of fiduciary duty and conversion and a request for an accounting in the context of a close corporation and family-run business. Carefree Park alleges that Nabhan misappropriated assets and took for himself a business opportunity that belonged to Carefree Park. On April 9, Carefree Park served on Nabhan the document requests attached hereto as Exhibit 1. Nabhan did not produce the requested documents or serve written responses to Carefree Park's requests until after Carefree Park filed a motion to compel on July 13, 2004. On July 27, 2004, Nabhan served written responses to the document requests and filed with the Court his opposition to the motion to compel. On July 28, 2004, Nabhan produced some documents responsive to the April 9 request.

In his written response, Nabhan claimed to be producing documents responsive to all of Carefree Park's requests except Request No. 12, which asked for:

> All documents in your possession, custody or control that constitute, evidence, refer to or relate to your federal and state tax returns and the federal and state tax returns of Adel Nabhan for the years 1996 to the present.

Nabhan responded to Request No. 12 by stating that

> The defendant objects to this request on the grounds that it seeks the production of documents which are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence and the documents sought contain privileged information which plaintiff has failed to show cannot be obtained by reference to non-privileged documents or other non-privileged sources.

In accordance with his objection, Nabhan refused to produce the requested tax returns.

The District of Massachusetts has employed a "two-prong test regarding the discoverability of tax returns: (1) they must be relevant to the action and (2) the information contained therein must be otherwise unobtainable. The burden to show relevancy lies on the party seeking the returns; the party resisting disclosure bears the burden of establishing alternative sources for the information." Pedraza v. Holiday Housewares, Inc., 203 F.R.d. 40 (D. Mass 2001).

Nabhan's contention that the tax returns are not relevant or calculated to lead to the discovery of admissible evidence is plainly wrong. This case is about Nabhan's misappropriation, beginning in 1996, of an opportunity that belonged to a corporation in which he and his brother, Amin Nabhan ("Amin"), and his sister, Jamile Nabhan ("Jamile"), were equal shareholders and his taking all the benefits of that opportunity for himself and his immediate family. His tax returns are one of the only sources from which Carefree Park can determine the extent to which he has profited from that misappropriation and the value of the opportunity that he took. Although Nabhan has produced the financial records and tax returns of Fun Depot, Inc.

("Fun Depot"), the corporation he founded using the Carefree Park assets, those records are not sufficient to identify the totality of payments to Nabhan and his family out of the Fun Depot operation. Despite Nabhan's reference to "non-privileged documents and other non-privileged sources" from which the information in the tax returns can be obtained, Nabhan has not identified any such sources and Carefree Park is not aware of any. Even if such sources did exist, there is no reason why Carefree Park should have to cobble together out of bits and pieces of documentation information that is readily available from the returns themselves.

The relevance of the information in the tax returns is conclusively demonstrated by Nabhan's own third-party document requests to Amin and Jamile, copies of which are attached hereto as Exhibits 2 and 3. In those requests, Nabhan requested Amin and Jamile's tax returns, despite the fact that neither is a party to the case. Consistent with their understanding of their obligations under the rules, Amin and Jamile produced the requested documents. Having requested and received that information from Amin and Jamile, it is absurd for Nabhan to claim that he should not be required to produce the equivalent information. Indeed, his returns are far more central to the case, and far more likely to lead to the discovery of admissible evidence, than those of Amin and Jamile.

## REQUEST FOR ORAL ARGUMENT

Carefree Park requests oral argument on its Motion to Compel.

## CONCLUSION

For the foregoing reasons, plaintiff Carefree Park's motion to compel should be allowed.

                                                 CAREFREE PARK CORPORATION

                                                 By its attorneys,

                                                 /s/ G. Jones
                                                 Robert L. Kirby, Jr. (BBO #550538)
                                                 Gordon M. Jones, III (BBO # 549016)
                                                 Nixon Peabody LLP
                                                 100 Summer Street
                                                 Boston, MA  02110-2131
                                                 (617) 345-1000

Dated: September 15, 2004

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(2)(B) AND LOCAL RULE 37

I, Gordon M. Jones, III hereby certify that on September 8, 2004, I spoke by telephone with Doyle Valley, counsel for Adib Nabhan, in order to in good faith resolve or narrow the issues pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7.1  The conference neither obviated the need for this motion nor narrowed the issues raised herein.

/s/ G. Jones
Gordon M. Jones, III

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on September 15, 2004.

/s/ G. Jones
Gordon M. Jones, III