UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 2003-CV-12426 RCL

CAREFREE PARK CORPORATION, )
      Plaintiff, )
       )
v. )
       )
ADIB NABHAN, )
      Defendant. )
       )

## DEFENDANT, ADIB NABHAN'S, RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Adib Nabhan ("Nabhan") responds to plaintiff Carefree Park Corporation's First Request for Production of Documents as follows:

### General Objections

1.    Nabhan objects to the requests to the extent that they seek the production of documents not in his possession, custody or control.

2.    Nabhan objects to the requests to the extent that they seek to impose duties beyond the scope of Federal Rule of Civil Procedure 34.

3.    Nabhan objects to the requests and will not produce documents to the extent that they seek the production of documents or information protected by the attorney-client privilege or the attorney work product doctrine.

4.    Nabhan objects to the requests to the extent that they seek the production of documents which are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.    Each of the foregoing general objections is incorporated by reference into the specific responses and objections stated below.

6.    Many of the documents requested were previously produced as part of Nabhan's initial disclosures and will not be produced again in response to these requests.

**Responses**

Request No. 1:

All documents in your possession, custody or control that constitute, evidence, refer to or relate to any payroll records created or maintained by Fun Depot from January 1, 1996 to the present.

Response No. 1:

Objection:    The defendant objects to this request on the grounds that it is overly broad and unduly burdensome in that a literal interpretation of this request would require production of pay stubs, W-2 forms, etc., for each employee over an eight-year time period. Subject to said objections, defendant states as follows:

The defendant will provide such payroll records in his possession, custody or control from which all relevant information can be obtained by plaintiff.

Request No. 2:

All documents in your possession, custody or control that constitute, evidence, refer to or relate to any records, including any records, including any records of payments made, with regard to any SEPA or IRA plan or account maintained by Fun Depot for the benefit of its officers or employees at any time from January 1, 1996 to the present.

Response No. 2:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control.

Request No. 3:

All documents in your possession, custody or control that constitute, evidence, refer to or relate to any payments made to or by you with regard to any SEPA or IRA plan or account maintained by you or for your benefit at any time from January 1, 1996 to the present.

Response No. 3:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control.

Request No. 4:

All documents in your possession, custody or control that constitute, evidence, refer to, relate to or provide the detail concerning the items appearing on the Fun Depot General Ledger from January 1, 1996 to the present.

2

1077295v1

Response No. 4:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control.

Request No. 5:

All documents in your possession, custody or control that constitute, evidence, refer to or relate to any purchases or rentals of games or arcade equipment by Fun Depot from any vendor, including, without limitation, Brady Distributors, from January 1, 1996 to the present.

Response No. 5:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control. The defendant also notes that the requested information is included in the documents produced in response to Request No. 4.

Request No. 6:

All documents in your possession, custody or control that constitute, evidence, refer to or relate to any purchases of equipment for batting cages or a go-cart track by Fun Depot from any vendor from January 1, 1996 to the present.

Response No. 6:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control. The defendant also notes that the requested information is included in the documents produced in response to Request No. 4.

Request No. 7:

All documents in your possession, custody or control that constitute, evidence, refer to or relate to invoices received from vendors for the line items listed on the Fun Depot financial statements for 2002 and 2003 under the heading "Purchases-Supplies."

Response No. 7:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control. The defendant also notes that the requested information is included in the documents produced in response to Request No. 4.

Request No. 8:

All documents in your possession, custody or control that constitute, evidence, refer to or relate to invoices received from vendors for the line items listed on the Fun Depot financial statements for 2002 and 2003 under the heading "Purchases-Parts."

1077295v1

Response No. 8:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control. The defendant also notes that the requested information is included in the documents produced in response to Request No. 4.

Request No. 9:

All documents in your possession, custody or control that constitute, evidence, refer to or relate to invoices received from vendors for the line items listed on the Fun Depot financial statements for 2001, 2002 and 2003 under the heading "Insurance," including, without limitation, the applicable policies.

Response No. 9:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control.

Request No. 10:

All documents in your possession, custody or control that constitute, evidence, refer to, relate to or provide the detail concerning the depreciation line items listed on the Fun Depot financial statements for 2001, 2002 and 2003.

Response No. 10:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control.

Request No. 11:

All documents in your possession, custody or control that constitute, evidence, refer to, relate to or provide the detail concerning the line items for Equipment and Leasehold Improvements listed on the fun Depot balance sheet for 2001, 2002 and 2003.

Response No. 11:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control.

Request No. 12:

All documents in your possession, custody or control that constitute, evidence, refer to or relate to your federal and state tax returns and the federal and state tax returns of Adel Nabhan for the years 1996 to the present.

1077295v1

Response No. 12:

The defendant objects to this request on the grounds that it seeks the production of documents which are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence and the documents sought contain privileged information which plaintiff has failed to show cannot be obtained by reference to non-privileged documents or other non-privileged sources.

Request No. 13:

All documents in your possession, custody or control that constitute, evidence, refer to, relate to any communication, including, without limitation, any electronic communication, between you and any person concerning the incorporation of fun Depot and the reasons for the incorporation, including, without limitation, any communication concerning such incorporation between you and Amin Nabhan, Jamile Nabhan, Louis Nabhan and George Nabhan.

Response No. 13:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control.

Request No. 14:

All documents in your possession, custody or control that constitute, evidence, refer to, relate to any communication, including, without limitation, any electronic communication, between you and any of the following concerning the business of Fun Depot from January 1, 1996 to the present: Amin Nabhan, Jamile Nabhan, Louis Nabhan and George Nabhan.

Response No. 14:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control.

Request No. 15:

All documents in your possession, custody or control that constitute, evidence, refer to, relate to any communication, including, without limitation, any electronic communication, between you and any of the following concerning the business of Carefree Park from January 1, 1996 to the present: Amin Nabhan, Jamile Nabhan, Louis Nabhan and George Nabhan.

Response No. 15:

The defendant will provide all responsive, non-privileged documents in his possession, custody or control.

1077295v1

Request No. 16:

All documents in your possession, custody or control that constitute bank statements for the following months that were omitted from the compilation of bank statements produced in connection your initial disclosure in this action: January, February and March, 1997; August, September, October and November, 1998; December, 1999; January through October, 2000; January through December, 2001; March through July, 2002; and July through December, 2003.

Response No. 16:

      The defendant will provide all responsive, non-privileged documents in its possession, custody or control.

                            The Defendant,
                            Adib Nabhan,
                            By his Attorney:

MORRISON MAHONEY LLP

_____
Doyle C. Valley, BBO#638578
250 Summer Street
Boston, MA 02210
(617) 439-7500

I certify that this document has been served upon all counsel of record in compliance with the F.R.C.P.

1077295v1