<u>DEPOSITION SUBPOENA: DUCES TECUM</u>  **F.R.C.P. Rule 30(a) and Rule 45**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 2003-CV-12426 RCL

| | |
|---|---|
| CAREFREE PARK CORPORATION, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADIB NABHAN, | ) |
| Defendant. | ) |
| | ) |

TO:  Amin Nabhan
c/o Gordon M. Jones, III, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110

**GREETINGS:  YOU ARE HEREBY COMMANDED** in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure, to produce and permit inspection and copying of the documents set forth on the attached Schedule A **at 10:00 a.m.,  on May 10, 2004,**  at the offices of **Doyle C. Valley, Morrison, Mahoney & Miller, LLP, 250 Summer Street, Boston, MA 02210.**

**YOUR APPEARANCE AT THE PLACE, DATE AND TIME SPECIFIED ABOVE WILL NOT BE REQUIRED IF PRIOR ARRANGEMENTS ARE MADE FOR THE PRODUCTION OF CERTIFIED COPIES OF THE REQUESTED DOCUMENTS.  PLEASE CONTACT ATTORNEY DOYLE C. VALLEY AT (617) 439-7500.**

**Hereof fail not**, as you will answer your default under the pains and penalties in the law in that behalf made and provided.

Doyle C. Valley BBO#638578
**MORRISON, MAHONEY & MILLER**
250 Summer Street
Boston, MA 02210
(617) 439-7500

Notary Public
My Commission Expires: 5/26/10

## SCHEDULE "A"

1. Federal and state income tax returns.

2. Money or other assets received from Carefree Park Corporation. *ON FINANCIAL STATEMENT*

3. Money or other assets received from the Adele Realty Trust.

4. Valuations or appraisals of Carefree Park Corporation's property in any place other than Florida.

5. Proceeds of check payable to the Adele Realty Trust by Harveys Casino Resorts.

6. Copies of any trusts, amendments, revisions or revocations thereto for any trust in which you are a trustee or have a beneficial interest.

7. Copies of Articles of Organization, bylaws, minutes of corporate meetings for any corporation in which you are an director, officer or shareholder.

8. Money or other assets received from Adib Nabhan. *CHECK FROM FUN DEPOT ON CAREFREE PARK ARE ON C P BOOKS PROVIDED*

9. Money or other assets received from Fun Center, Fun Depot and/or Fun Depot, Inc. *SAME AS ABOVE #9*

10. Money or other assets received from Carousel Lounge and/or Carousel Lounge, Inc. *CHECK FOR TAXES ARE ON LEDGER.*

11. Communications with and documents sent to and received from Bigelow & Company.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena, may upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense arising from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.