UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 2003-CV-12426 RCL

CAREFREE PARK CORPORATION, )
       Plaintiff, )
)
v. )
)
ADIB NABHAN, )
       Defendant. )
)

**DEFENDANT, ADIB NABHAN'S OPPOSITION
TO PLAINTIFF'S SECOND MOTION TO COMPEL**

The defendant, Adib Nabhan, in opposition to plaintiff's second motion to compel, states as follows:

In its motion, plaintiff seeks to compel production of the defendant's state and federal individual income tax returns.[1] Plaintiff sought those documents in its request for production of documents, to which defendant objected on the grounds that 1) defendant's personal income tax returns are not relevant to plaintiff's action and 2) any information which arguably is relevant can be obtained by other, less obtrusive means. Plaintiff's motion to compel should be denied because plaintiff fails to delineate the manner in which defendant's tax returns are relevant or refute defendant's contention that any relevant information contained in defendant's tax returns has been supplied through other documents produced to plaintiff.

The amounts set forth in defendant's personal income tax return are not relevant to the subject matter of this litigation. Plaintiff alleges that defendant diverted a corporate opportunity

---

[1] Plaintiff also seeks production of the tax returns of defendant's wife, who is not a party to this action and is not a shareholder of plaintiff Carefree Park Corporation or of Fun Depot, Inc.

of plaintiff by incorporating Fun Depot Inc. for his own benefit without notifying plaintiff that he was its sole shareholder. The information sought by plaintiff can be obtained by reference to the financial statements and tax returns of Fun Depot, Inc., which were produced to plaintiff as part of defendant's initial disclosure. During counsels' F.R.Civ.P. 26(c) and Local Rule 7.1 conference, defendant's counsel stated that defendant's financial statements and tax returns contained information sufficient to identify the amount plaintiff claims was diverted by defendant. Plaintiff's counsel did not even attempt to describe the manner in which those documents were insufficient for that purpose or otherwise describe what additional relevant information he believes is contained in defendant's tax returns. Likewise, plaintiff does not purport to do so in its motion to compel. Consequently, consistent with Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40 (D. Mass. 2001), defendant has established an alternative source for the information. Plaintiff, on the other hand, has not established how that alternative is insufficient.

    The situation here is quite distinguishable from cases in which production of personal income tax returns has been ordered. Unlike Buntzman v. Springfield Redevelopment Auth., 146 F.R.D. 30 (D. Mass., 1993), defendant here has not put the amount of his income at issue. Id. at 32. Similarly the content of defendant's tax return is not relevant to the issue of whether defendant usurped a corporate opportunity. Nor is the amount of income defendant reported on his tax return relevant to the monetary benefit he allegedly has received from Fun Depot, Inc. Plaintiff's lament that it should not "have to cobble together out of bits and pieces of documentation information that is readily available from the returns themselves" puts the shoe

on the wrong foot. Given the sensitive nature of tax returns, plaintiff <u>should</u> be required to piece together relevant information, even if it is not available from some other single source.[2]

Plaintiff also argues in his motion that the relevance of defendant's personal income tax return is somehow conclusively established because defendant served subpoenas on plaintiff's two other shareholders (Amin Nabhan and Jamile Nabhan) seeking, among other things, their personal tax returns. Defendant's request, on the one hand, and objection to plaintiff's request, on the other, are not inconsistent. Defendant believed that Amin's and Jamile's tax returns were relevant to show whether they received benefits from plaintiff which were not provided to defendant. It is important to note that Amin and Jamile did not object to production of their individual tax returns or otherwise argue that they were not relevant. Additionally, Amin and Jamile did not argue that the relevant information contained in their tax returns was available through an alternative source. Finally, Amin and Jamile did not provide other documents from which the relevant information could be gleaned. These distinguishing characteristics justify defendant's request for Amin's and Jamile's tax returns while objecting to the production of defendant's tax returns.

Based upon the foregoing, plaintiff's second motion to compel should be denied.

The Defendant,
Adib Nabhan,
By his Attorney:

MORRISON MAHONEY LLP

/s/ Doyle C. Valley
Doyle C. Valley, BBO#638578
250 Summer Street
Boston, MA 02210
(617) 439-7500

---

[2] Moreover, given that defendant, as sole shareholder of Fun Depot, Inc. (an S corporation), merely reports the corporation's income on his individual tax return, there is no information regarding the benefit he received from Fun Depot Inc. beyond that contained on the corporation's tax return.

      I hereby certify that a copy of Defendant Adib Nabhan's Opposition to Plaintiff's Second Motion to Compel was served upon counsel for plaintiff by mail on September 28, 2004.

                                  /s/ Doyle C. Valley
                                  Doyle C. Valley