UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAREFREE PARK CORPORATION,

        Plaintiff,

v.

ADIB NABHAN,

        Defendant.

C.A. No. 03-CV-12426 RCL

**PLAINTIFF CAREFREE PARK CORPORATION'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT**

Plaintiff Carefree Park Corporation ("Carefree Park") seeks to amend its original complaint in this action to add two of its shareholders, Amin Nabhan ("Amin") and Jamile Nabhan ("Jamile"), as plaintiffs. The amendment arises out of information that came to light in discovery and, as discussed below, is necessary to enable the Court to afford complete relief with advantageous tax consequences for all of the parties. Allowance of this motion will not cause any further delay, will not necessitate any further discovery, and affects only the remedy in this case.

**FACTS**

This case involves allegations of breaches of fiduciary duty and conversion and a request for an accounting in the context of a close corporation and family-run business. Carefree Park operates an amusement arcade in Salisbury, Massachusetts and owns real estate in Massachusetts and Florida. Amin, his sister Jamile and his brother, defendant Adib Nabhan ("Adib"), are the three shareholders of Carefree Park, each holding a one-third interest. Carefree Park alleges that Adib misappropriated assets and took for himself a business opportunity that belonged to Carefree Park. In particular, Carefree Park alleges that in 1996, Adib incorporated a business in

BOS1470227.1

Florida, Fun Depot, Inc. ("Fun Depot"), that had been owned and operated by Carefree Park d/b/a Fun Depot for a dozen years. Adib secretly made himself the sole shareholder of Fun Depot, despite the fact that the Florida business, like all of the other Carefree Park businesses, was supposed to be for the benefit of all the members of the Nabhan family.

The relief sought by Carefree Park in the original complaint in this action included a request that a constructive trust be placed on all of the assets and revenues of Fun Depot for the benefit of Carefree Park. In effect, Carefree Park was asking that the Court declare that it is the rightful owner of Fun Depot and transfer the ownership interest accordingly. Through the documents that have been produced in discovery, Carefree Park has learned that Fun Depot has been, since its inception, a Subchapter S corporation, whose revenues are treated as taxable income to Adib as the sole shareholder, rather than to the corporation.[1] By statute, corporations cannot be shareholders of a Subchapter S corporation. See 26 U.S.C. §1361(b)(1)(B). Accordingly, if the Court were to transfer ownership of Fun Depot to Carefree Park, the Subchapter S status of Fun Depot would be destroyed.

## ARGUMENT

Fed R. Civ. P. 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." "If the movant has shown at least colorable grounds for relief, justice requires allowing amendments unless the movant is guilty of undue delay or bad faith, or if the amendment would be unduly prejudicial to the nonmoving party." *Ali. v. University of Massachusetts Medical Center*, 140 F. Supp. 2d 107, 109 (D. Mass.).

Amending the complaint to join Amin and Jamile as plaintiffs is necessary because, in their absence, the Court cannot grant the parties a full measure of relief. This is because, absent an amendment adding Amin and Jamile as plaintiffs, if the Court were to find that Adib breached his fiduciary duty to Carefree Park by misappropriating the opportunity represented by Fun

---

[1] In contrast, Carefree Park is a C Corporation.

Depot, the appropriate equitable remedy would be to transfer Adib's interest in Fun Depot back to Carefree Park. As explained above, however, such a transfer would destroy Fun Depot's S corporation status, which would have negative tax consequences for both Carefree Park and for its shareholders, including Adib.

More particularly, on a going-forward basis, if Carefree Park were to become the sole shareholder of Fun Depot, the earnings being generated by the operations of Fun Depot would first be subjected to tax at the corporate level by Carefree Park, and any earnings thereafter distributed by Carefree Park would be taxed as dividends to Carefree Park's shareholders. Similarly, looking retrospectively, with respect to any earnings that Adib has realized in the past from the operations of Fun Depot, requiring the repayment of such earnings to Carefree Park would give rise to the same "double taxation" issue if Carefree Park thereafter sought to distribute those earnings to its shareholders.

Conversely, if Amin and Jamile are added as plaintiffs and the Court were to find that Adib breached his fiduciary duty to his fellow shareholders, the Court could enter an order reallocating the shares of Fun Depot among Amin, Jamile and Adib, thereby preserving the S corporation status of Fun Depot. In that event, on a going-forward basis, the earnings of Fun Depot would flow through to the three stockholders and would not be taxable at the corporate level. On a retrospective basis, those earnings of Fun Depot that Adib took for himself would be subject to reallocation among the three stockholders -- with Adib retaining one-third for himself. Thus, by way of example, if the Court were to determine that Adib diverted for his own benefit $1.2 million in past earnings of Fun Depot, he would be required to pay $400,000 to each of Amin and Jamile and keep $400,000 for himself.[2] Not only, therefore, would there be no

---

[2] If Carefree Park were the plaintiff in this scenario, Adib would be obligated to pay all $1.2 million to Carefree Park, keeping none for himself.

prejudice to Adib from allowing the motion to amend, but it would actually benefit him in several important respects.

Finally, as noted above, allowing Carefree Park to amend its complaint will not cause any delay in the case because both Amin and Jamile have already been deposed and adding them as plaintiffs will not necessitate any further discovery.

## CONCLUSION

For the foregoing reasons, plaintiff Carefree Park's motion to amend complaint should be allowed.

                      CAREFREE PARK CORPORATION

                      By its attorneys,

                      /s/ Gordon M. Jones, III
                      Robert L. Kirby, Jr. (BBO #550538)
                      Gordon M. Jones, III (BBO # 549016)
                      NIXON PEABODY LLP
                      100 Summer Street
                      Boston, MA  02110-2131
                      (617) 345-1000

Dated:  March 15, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on March 15, 2005.

                      /s/ Gordon M. Jones, III
                      Gordon M. Jones, III