UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION,<br>AMIN NABHAN and JAMILE NABHAN,<br>    Plaintiffs,<br><br>v.<br><br>ADIB NABHAN,<br>    Defendant. | )<br>)<br>)<br>)   CIVIL ACTION NO: 2003-CV-12426 RCL<br>)<br>)<br>)<br>) |

**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND JURY CLAIM OF THE DEFENDANT, ADIB NABHAN,
TO THE PLAINTIFFS' FIRST AMENDED COMPLAINT**

**FIRST DEFENSE**

The plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The plaintiffs' First Amended Complaint fails due to lack of jurisdiction over defendant's person.

**THIRD DEFENSE**

The plaintiffs' First Amended Complaint fails due to improper venue.

**FOURTH DEFENSE**

The plaintiffs' First Amended Complaint fails due to insufficiency of process.

**FIFTH DEFENSE**

The plaintiffs' First Amended Complaint fails due to insufficiency of service or process.

**SIXTH DEFENSE**

The plaintiffs' First Amended Complaint fails due to failure to join a party under Rule 19.

**SEVENTH DEFENSE**

The defendant responds to the allegations contained in the plaintiffs' First Amended Complaint, paragraph by paragraph as follows:

1135314v1

## PARTIES

1. The defendant admits the allegations contained in this paragraph.

2. The defendant admits the allegations contained in this paragraph.

3. The defendant admits the allegations contained in this paragraph.

4. The defendant admits the allegations contained in this paragraph.

## JURISDICTION

5. The defendant denies the allegations contained in this paragraph.

## FACTS

6. The defendant denies that Carefree was incorporated in 1991. Defendant admits the remaining allegations contained in this paragraph.

7. The defendant denies the allegations contained in the first sentence of this paragraph. The defendant admits the remaining allegations of this paragraph.

8. The defendant denies that he is a director of Carefree. The defendant admits the remaining allegations of this paragraph.

9. The defendant denies the allegations contained in the first sentence of this paragraph. The defendant admits the remaining allegations of this paragraph.

10. The defendant admits that in 1988 he moved to Florida to operate Carefree's business there for its benefit. The defendant admits the allegations contained in the second sentence of this paragraph. The defendant admits that Carefree's business has been run under the name Fun Depot. The defendant denies the remaining allegations contained in this paragraph.

11. The defendant admits that allegations contained in this paragraph.

12. The defendant admits that in 1988 and 1996, improvements were made to Carefree's property in Florida to further its business interests. The defendant denies that all of the debt referred to in this paragraph is in the name of Carefree. The defendant denies that all of the debt in the name of Carefree is personally guaranteed by Amin, Adib and Jamile.

13. The defendant admits that improvements to the Florida property facilitated Carefree's and Fun Depot's growth and success, which was of benefit to Carefree and its shareholders. The defendant denies the remaining allegations contained in this paragraph.

14. The defendant admits that Fun Depot was incorporated, in part, for liability reasons. The defendant denies any implication that liability considerations were the only reason for incorporating Fun Depot. The defendant admits the allegations contained in the second sentence of this paragraph. The defendant denies the remaining allegations contained in this paragraph.

1135314v1

15.     The defendant admits that Fun Depot Inc. is one of several tenants in the property owned by Carefree.  The defendant admits the allegations contained in the second sentence of this paragraph.  The defendant admits that payments for the mortgage, taxes and insurance on Carefree's property are made from Carefree's account.

16.     The defendant denies the allegations contained in this paragraph.

17.     The defendant denies the allegations contained in this paragraph.

### COUNT I
### (Breach of Fiduciary Duty)

18.     The defendant repeats and realleges its responses to paragraphs 1 through 17 of the plaintiffs' First Amended Complaint and incorporates them herein by reference.

19.     The allegations of this sentence contain legal conclusions, to which no response is required.  To the extent a response is required, the defendant denies the allegations contained in this paragraph.

20.     The defendant denies the allegations contained in this paragraph.

21.     The defendant denies the allegations contained in this paragraph.

22.     The defendant denies the allegations contained in this paragraph.

23.     The defendant denies the allegations contained in this paragraph.

24.     The defendant denies the allegations contained in this paragraph.

25.     The defendant denies the allegations contained in this paragraph.

26.     The defendant denies the allegations contained in this paragraph.

### COUNT II
### (Conversion)

27.     The defendant repeats and realleges its responses to paragraphs 1 through 26 of the plaintiffs' First Amended Complaint and incorporates them herein by reference.

28.     The defendant denies the allegations contained in this paragraph.

29.     The defendant denies the allegations contained in this paragraph.

### COUNT III
### (Accounting)

30.     The defendant repeats and realleges its responses to paragraphs 1 through 29 of the plaintiffs' First Amended Complaint and incorporates them herein by reference.

1135314v1

31.     The defendant denies the allegations contained in this paragraph.

WHEREFORE, the defendant demands that the plaintiffs' First Amended Complaint be dismissed and judgment entered in favor of the defendant with costs and disbursements of this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of defense, the defendant states that if the plaintiffs suffered damages, as alleged, such damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

### SECOND AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the damages alleged were caused in whole or in part by the negligence of the plaintiffs or the plaintiffs agents, servants, employees, or other entity within the plaintiffs' control and not within the defendant's control or employ.

### THIRD AFFIRMATIVE DEFENSE

By way of defense, the defendant states that if the plaintiffs prove that they were damaged as alleged, said injuries were caused by the intervening and/or superseding acts of third persons for which the defendant is not liable.

### FOURTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the negligence of the plaintiffs was greater than the alleged negligence of the defendant and that such negligence of the plaintiffs contributed to their alleged injury and, therefore, the plaintiffs are barred from recovery under M.G.L. c. 231, §85.

### FIFTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiffs were guilty of contributory negligence and that the damages, if any, recovered by the plaintiffs from the defendants should be reduced in proportion to the said negligence of the plaintiffs in accordance with M.G.L. c. 231, §85.

### SIXTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiffs failed to mitigate their damages, and, therefore, the plaintiffs' damages must be reduced by any damages resulting by said failure of the plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiffs' First Amended Complaint is barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiffs' First Amended Complaint are insufficiently particular, as is required by M.R.Civ.P. 9(b).

## NINTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the allegations contained in the plaintiffs' First Amended Complaint are wholly insubstantial, frivolous, without merit, not advanced in good faith, and that the defendant is entitled to costs and attorneys' fees pursuant to M.G.L. c.231, §6F.

## TENTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiffs' claim is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that the plaintiffs' claim is barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

By way of defense, the defendant states that, to the extent that the plaintiffs were damaged by the alleged acts of the defendant, the defendant is entitled to an offset for expenditures made by him for the plaintiffs' benefit.

## COUNTERCLAIM

1. The plaintiff-in-counterclaim, Adib Nabhan ("Adib") is an individual residing in Atlantis, Florida.

2. The defendant-in-counterclaim, Carefree Park Corporation ("Carefree"), is a Massachusetts corporation with a principal place of business in Salisbury Beach, Massachusetts.

3. Carefree operates an arcade in Salisbury Beach, Massachusetts. Carefree also owns real property in Salisbury Beach, Massachusetts, upon which it and owns and operates an apartment building.

4. The defendant-in-counterclaim, Amin Nabhan ("Amin"), is an individual who resides in Andover, Massachusetts.

1135314v1

5. The defendant-in-counterclaim, Jamile Nabhan ("Jamile"), is an individual who resides in Salisbury Beach, Massachusetts.

6. Adib, Amin and Jamile are shareholders of Carefree, each owning 1/3 of its outstanding shares.

7. Since November 18, 2003, Amin and Jamile have been the sole directors of Carefree.

8. Amin has managed and continues to manage Carefree's Massachusetts property and business, including all of its financial affairs. Amin collects the rent from the apartment building owned by Carefree and the proceeds of the Massachusetts arcade business.

9. Amin and Adib are the sole trustees of the Adele Realty Trust ("Adele Trust").

10. Amin and Adib are the sole beneficiaries of the Adele Trust.

11. Amin has managed and continues to manage the property, business and financial affairs of the Adele Trust.

## COUNT - I
### Breach of Fiduciary Duty – Amin and Jamile

12. Adib repeats and realleges paragraphs 1 through 11 of his counterclaim as if fully set forth herein and make them a part of Count I.

13. As a directors, officers and shareholders of Carefree, Amin and Jamile owed Carefree and Adib a fiduciary duty of utmost good faith and loyalty.

14. Amin and Jamile voted to remove Adib as a director of Carefree on November 18, 2003.

15. The removal of Adib as a director of Carefree was wrongful and deprived him of all meaningful participation in the management of Carefree.

16. Amin and Jamile have used and continue to use the assets of Carefree to benefit themselves, to the exclusion of Adib.

17. Amin and Jamile have caused Carefree's assets to be distributed to themselves without making like distributions to Adib.

18. By removing Adib as a director of Carefree, Amin and Jamile have violated their duties of utmost good faith and loyalty.

19. By removing Adib as a director of Carefree, using Carefree's assets to benefit themselves, causing Carefree's assets to be distributed to themselves and excluding Adib from such use and distribution, Amin and Jamile have violated their duties of utmost good faith and loyalty.

1135314v1

20. Amin and Jamile are liable to Adib in damages for the violations of their fiduciary duties to Adib pursuant to his status as a holder of 1/3 of Carefree's outstanding shares.

## COUNT II
Conversion – Amin and Jamile

21. Adib repeats and realleges paragraphs 1 through 20 of his counterclaim as if fully set forth herein and make them a part of Count II.

22. By their acts and conduct as described above, Amin and Jamile have asserted dominion and control over assets rightfully belonging to Carefree with the intention of permanently depriving Carefree and Adib of those assets.

23. Amin's and Jamile's acts and conduct described above constitute conversion of the property of Carefree, for which Adib and Jamile are liable in damages to Carefree and Adib.

## COUNT III
Accounting – Amin and Jamile

24. Adib repeats and realleges paragraphs 1 through 23 of his counterclaim as if fully set forth herein and make them a part of Count III.

25. As a result of their numerous breaches of fiduciary duty and their conversion of assets belonging to Carefree, Amin and Jamile are required to provide Carefree and Adib with a full and complete accounting with regard to Carefree's, Amin's and Jamile's financial affairs.

## COUNT IV
Breach of Fiduciary Duty – Amin

26. Adib repeats and realleges paragraphs 1 through 25 of his counterclaim as if fully set forth herein and make them a part of Count IV.

27. As trustee of the Adele Trust, Amin owed Adib a fiduciary duty of utmost good faith and loyalty.

28. Amin has used and continues to use the assets of the Adele Trust to benefit himself, to the exclusion of Adib.

29. Amin has caused assets of the Adele Trust to be distributed to himself without making like distribution to Adib.

30. Amin has caused the assets of the Adele Trust to be invested imprudently.

31. By using the Adele Trust's assets to benefit himself, causing the Adele Trust's assets to be distributed to himself and excluding Adib from such use and distribution, Amin has violated his duty of utmost good faith and loyalty.

1135314v1

32. By imprudently investing the assets of the Adele Trust, Amin has violated the provisions of the Massachusetts Prudent Investment Act, M.G.L. 203C, § 3.

33. Amin is liable to Adib in damages for the violations of his fiduciary duties to Adib and his violation of M.G.L. 203C, § 3, pursuant to Adib's status as a beneficiary of the Adele Trust.

34. As a result of Amin's violations of his fiduciary duties, his violation of M.G.L. 203C, §3 and his hostility toward Adib, Amin should be removed as trustee of the Adele Trust.

## COUNT V
### Conversion – Amin

35. Adib repeats and realleges paragraphs 1 through 34 of his counterclaim as if fully set forth herein and make them a part of Count V.

36. By his acts and conduct as described above, Amin has asserted dominion and control over assets rightfully belonging to the Adele Trust with the intention of permanently depriving the Adele Trust and Adib of those assets.

37. Amin's acts and conduct described above constitute conversion of the property of the Adele Trust, for which Amin is liable in damages to Adib.

## COUNT VI
### Accounting – Amin

38. Adib repeats and realleges paragraphs 1 through 37 of his counterclaim as if fully set forth herein and make them a part of Count VI.

39. As a result of his numerous breaches of fiduciary duty and his conversion of assets belonging to the Adele Trust, Amin is required to provide Adib with a full and complete accounting with regard to the Adele Trust's and Amin's financial affairs.

## COUNT VII
### Quantum Meruit - Carefree

40. Adib repeats and realleges paragraphs 1 through 39 of his counterclaim as if fully set forth herein and make them a part of Count VII.

41. Beginning in 1988 and continuing to the present, Adib performed services on behalf of Carefree.

42. Beginning in 1988 and continuing to the present, Adib expended funds on behalf of Carefree.

43. The services performed and the funds expended by Adib on behalf of Carefree were of benefit to Carefree.

44.     The services performed and the funds expended by Adib on behalf of Carefree were undertaken with the knowledge and approval of Amin and Jamile.

45.     Adib is entitled to payment of the full value of the services performed and the funds expended by him on behalf of Carefree.

### COUNT VIII
### Unjust Enrichment – Carefree

46.     Adib repeats and realleges paragraphs 1 through 45 of his counterclaim as if fully set forth herein and make them a part of Count VIII.

47.     Carefree, Amin and Jamile have been unjustly enriched from the funds Adib expended on behalf of them.

48.     For reasons of justice, Adib is entitled to restitution of the funds he expended on behalf of Carefree, Amin and Jamile.

WHEREFORE, the plaintiff-in-counterclaim prays:

1.      The Court award the plaintiff-in-counterclaim damages against the defendants-in-counterclaim, together with interest, his costs and attorneys' fees.

2.      The Court remove Amin as a trustee of the Adele Trust.

3.      The Court grant such other and further relief as is just.

### JURY CLAIM

The defendant demands a trial by jury as to all issues to which he is entitled as a matter of right.

    The Defendant,
    Adib Nabhan,
    By his Attorneys:

    MORRISON MAHONEY LLP

    /s/ Doyle C. Valley
    Doyle C. Valley, Esq. BBO#638578
    250 Summer Street
    Boston, MA 02210
    (617) 439-7500

1135314v1