UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION, AMIN NABHAN AND JAMILE NABHAN.<br><br>    Plaintiffs,<br><br>v.<br><br>ADIB NABHAN,<br><br>    Defendant. | C.A. No. 03-CV-12426 RCL |

## ANSWER OF PLAINTIFFS AND DEFENDANTS-IN-COUNTERCLAIM CAREFREE PARK CORPORATION, AMIN NABHAN AND JAMILE NABHAN

Plaintiffs and defendants-in-counterclaim Carefree Park Corporation ("Carefree Park'), Amin Nabhan ("Amin") and Jamile Nabhan ("Jamile") (collectively "Defendants") respond as follows to the allegations contained in the numbered paragraphs of the counterclaim of defendant and plaintiff-in-counterclaim Adib Nabhan :

1. Defendants admit the allegations contained in paragraph 1 of the counterclaim.

2. Defendants admit the allegations contained in paragraph 2 of the counterclaim.

3. Defendants admit the allegations contained in paragraph 3 of the counterclaim. Further answering, Carefree Park states that it also owns real estate in Lake Worth, Florida.

4. Defendants admit the allegations contained in paragraph 4 of the counterclaim.

5. Defendants admit the allegations contained in paragraph 5 of the counterclaim.

6. Defendants admit the allegations contained in paragraph 6 of the counterclaim.

7. Defendants admit the allegations contained in paragraph 7 of the counterclaim.

8. Defendants admit the allegations contained in paragraph 8 of the counterclaim.

BOS1495111.1

9. Defendants admit the allegations contained in paragraph 9 of the counterclaim.

10. Defendants admit the allegations contained in paragraph 10 of the counterclaim.

11. Defendants admit the allegations contained in paragraph 11 of the counterclaim.

## COUNT I
### (Breach of Fiduciary Duty – Amin and Jamile)

12. Amin and Jamile incorporate by reference and repeat their answers to paragraphs 1 through 11 above as if fully restated herein.

13. No answer is required to the allegations contained in paragraph 13 of the complaint, which merely purport to state a legal conclusion.

14. Amin and Jamile admit the allegations contained in paragraph 14 of the counterclaim.

15. Amin and Jamile deny the allegations contained in paragraph 15 of the counterclaim.

16. Amin and Jamile deny the allegations contained in paragraph 16 of the counterclaim.

17. Amin and Jamile deny the allegations contained in paragraph 17 of the counterclaim.

18. Amin and Jamile deny the allegations contained in paragraph 18 of the counterclaim.

19. Amin and Jamile deny the allegations contained in paragraph 19 of the counterclaim.

20. Amin and Jamile deny the allegations contained in paragraph 20 of the counterclaim.

## COUNT II
### (Conversion – Amin and Jamile)

21. Amin and Jamile incorporate by reference and repeat their answers to paragraphs 1 through 20 above as if fully restated herein.

22. Amin and Jamile deny the allegations contained in paragraph 22 of the counterclaim.

23. Amin and Jamile deny the allegations contained in paragraph 23 of the counterclaim.

## COUNT III
### (Accounting – Amin and Jamile)

24. Amin and Jamile incorporate by reference and repeat their answers to paragraphs 1 through 23 above as if fully restated herein.

25. Amin and Jamile deny the allegations contained in paragraph 25 of the counterclaim.

## COUNT IV
### Breach of Fiduciary Duty – Amin)

26. Amin incorporates by reference and repeat his answers to paragraphs 1 through 25 above as if fully restated herein.

27. No answer is required to the allegations contained in paragraph 27 of the counterclaim, which merely purport to state a legal conclusion.

28. Amin denies the allegations contained in paragraph 28 of the counterclaim.

29. Amin denies the allegations contained in paragraph 29 of the counterclaim.

30. Amin denies the allegations contained in paragraph 30 of the counterclaim.

31. Amin denies the allegations contained in paragraph 31 of the counterclaim.

32. Amin denies the allegations contained in paragraph 32 of the counterclaim

33. Amin denies the allegations contained in paragraph 33 of the counterclaim.

34. Amin denies the allegations contained in paragraph 34 of the counterclaim.

## COUNT V
### (Conversion – Amin)

35. Amin incorporates by reference and repeat his answers to paragraphs 1 through 34 above as if fully restated herein.

36. Amin denies the allegations contained in paragraph 36 of the counterclaim.

37. Amin denies the allegations contained in paragraph 37 of the counterclaim.

## COUNT VI
### (Accounting – Amin)

38. Amin incorporates by reference and repeat his answers to paragraphs 1 through 37 above as if fully restated herein.

39. Amin denies the allegations contained in paragraph 39 of the counterclaim.

## COUNT VII
### (Quantum Meruit-Carefree)

40. Carefree Park incorporates by reference and repeats its answers to paragraphs 1 through 39 above as if fully restated herein.

41. Carefree Park denies the allegations contained in paragraph 41 of the counterclaim, except that Carefree Park admits that from time to time plaintiff-in-counterclaim Adib Nabhan has performed services on behalf of Carefree Park.

42.  Carefree Park denies the allegations contained in paragraph 42 of the counterclaim.

43.  Carefree Park denies the allegations contained in paragraph 43 of the counterclaim, except that Carefree Park admits that some of the services performed by Adib Nabhan were of benefit to Carefree Park.

44.  Carefree Park denies the allegations contained in paragraph 44 of the counterclaim, except that Carefree Park admits that some of the services performed by Adib Nabhan in his capacity as an owner of Carefree Park were known to and approved by Carefree Park.

45.  Carefree Park denies the allegations contained in paragraph 45 of the counterclaim.

### COUNT VIII
### (Unjust Enrichment-Carefree)

46.  Carefree Park incorporates by reference and repeats its answers to paragraphs 1 through 45 above as if fully restated herein.

47.  Carefree Park denies the allegations contained in paragraph 47 of the counterclaim.

48.  Carefree Park denies the allegations contained in paragraph 48 of the counterclaim.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claims are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claims are barred by his unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

If plaintiff was injured as set forth in the complaint, the injury was caused by a person or persons for whose conduct the Defendants are not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim's claims are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert and rely on such other and further defenses as may become apparent or available in the course of these proceedings.

**WHEREFORE**, Carefree Park Corporation, Amin Nabhan and Jamile Nabhan respectfully request that the Court enter judgment:

1. Dismissing plaintiff-in-counterclaim's counterclaim in its entirety with prejudice;

2. Awarding Defendants their costs in defending this action, including their attorneys' fees; and

- 7 -

3. Ordering such other relief as the Court deems just and proper.

        CAREFREE PARK CORPORATION,
        AMIN NABHAN AND JAMILE NABHAN

        By their attorneys,

        */s/ Gordon M. Jones, III*
        Robert L. Kirby, Jr. (BBO #550538)
        Gordon M. Jones, III (BBO # 549016)
        Nixon Peabody LLP
        100 Summer Street
        Boston, MA  02110-2131
        (617) 345-1000

Dated:  May 25, 2005

## CERTIFICATE OF SERVICE

I, Gordon M. Jones, III, hereby certify that a true copy of the foregoing Answer to Counterclaim was served upon the attorneys of record at their last known address, by first class mail on May 25, 2005.

        */s/ Gordon M. Jones, III*
        Gordon M. Jones, III