UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION, AMIN NABHAN and JAMILE NABHAN,<br>Plaintiffs,<br>v.<br>ADIB NABHAN,<br>Defendant. | Civil Action No. 2003-CV-12426 RCL |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

Plaintiffs Carefree Park Corporation ("Carefree Park"), Amin Nabhan ("Amin") and Jamile Nabhan ("Jamile") (collectively "Plaintiffs") respectfully request that the Court provide the following instructions to the jury. Plaintiffs reserve the right to supplement or amend these instructions based on the testimony adduced at trial.

**Fiduciary duties**

1.  In Count One of their First Amended Complaint, Plaintiffs allege that defendant Adib Nabhan ("Adib") breached his fiduciary duties as a director and shareholder of Carefree Park by diverting to himself a corporate opportunity that belonged to Carefree Park and by engaging in self-dealing. I instruct you that as a director and shareholder of Carefree Park, Adib stood in a fiduciary relationship toward the corporation and owed Carefree Park and his fellow shareholders both a duty of care and, more significantly for this case, a paramount duty of loyalty. In accordance with his fiduciary duty, Adib was bound to act with absolute fidelity and to place his duties to the corporation above every other financial or business obligation. See Durfee v. Durfee & Canning, Inc., 323 Mass. 187, 196 (1948); Demoulas v. Demoulas Super Markets, 424 Mass. 501, 528 (1997); Spiegel v. Beacon Participations, Inc., 297 Mass. 398, 410-

411 (1937).

**Burden of Proof**

2. When, as in this case, the plaintiff alleges breaches of fiduciary duty based on a misappropriation of corporate opportunity and self-dealing, the burden is on the fiduciary, in this case Adib, who acquires a corporate opportunity or who engages in self-dealing, to prove that his actions were intrinsically fair, and did not result in harm to the corporation or to his fellow shareholders. See Demoulas, 424 Mass. at 529-530; Meehan v. Shaughnessy, 404 Mass. 419, 441 (1989); Starr v. Fordham, 420 Mass. 178, 183 (1995).

**Director's Duty of loyalty**

3. This case involves the duty of loyalty because Plaintiffs have alleged that the defendant was a director and shareholder of Carefree Park who placed his own self-interest ahead of the interest of the corporation. I instruct you that, as a director standing in a fiduciary relationship to Carefree Park, Adib's paramount duty was to the corporation, and his personal pecuniary interests were subordinate to that duty. Corporate officers and directors are not permitted to use their position of trust and confidence to further their private interests. A director is charged with knowledge of his fiduciary duties and must act in accordance with those duties. See Durfee, 323 Mass. at 196- 198; Donahue v. Rodd Electrotype Co., Inc., 367 Mass. 578, 593 (1975).

**Shareholder's Duty of Loyalty**

4. I instruct you that, in addition to owing a duty of loyalty as a director of Carefree Park, Adib, in his capacity as a shareholder, also owed a duty of loyalty to both Carefree Park and to Amin and Jamile, his fellow shareholders in a close corporation. A close corporation is one in which there is a small number of shareholder and the shareholders participate in the

running of the business. The shareholders in such a corporation owe each other a fiduciary duty to discharge their management and shareholder responsibilities in conformity with a strict good faith standard. They may not act out of avarice, expediency or self-interest in derogation of their duty of loyalty to the other stockholders and to the corporation. This strict duty of loyalty is extended to all shareholders in close corporations, including minority shareholders who exercise some form of control over the corporation to the detriment of the majority shareholders. See Donahue, 367 Mass. at 593; Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 408 (1995); Zimmerman v. Bogoff, 402 Mass. 650, 657 (1988); Wilkes v. Springside Nursing Home, Inc., 370 Mass. 842, 848 (1976)

**Corporate Opportunity**

5. Plaintiffs allege that Adib violated his fiduciary duty by taking the opportunity that Carefree Park had to develop the business it had established in Florida and misappropriating the profits and the assets of that business for his own exclusive use. I instruct you that a person such as Adib who owes a fiduciary duty to a corporation is prohibited from taking, for personal benefit, an opportunity or advantage that belongs to the corporation. The corporate opportunity doctrine requires a corporate fiduciary to refrain from placing himself or herself in circumstances which create a conflict between self-interest and integrity. Massachusetts courts have established a fundamental fairness test to determine whether a proposed transaction constitutes a corporate opportunity. See Demoulas, 424 Mass at 529; Durfee, 323 Mass. at 204-205.

6. Applying this fundamental fairness standard to the so-called Fun Depot opportunity, you may consider whether the opportunity in Florida had a practical advantage to Carefree Park, whether the opportunity was related to or in the same general business area of the business activity of the corporation and whether Carefree Park had any interest in or would

receive any benefit from the opportunity. Other factors to be considered are whether the exploitation of the Florida opportunity would have been in the best interest of Carefree Park the corporation and whether Carefree Park had the financial resources to exploit it. If the Florida opportunity meets those standards, the opportunity was a corporate asset and the diversion of the opportunity by Adib for his own benefit was a violation of his fiduciary duty. See Wartski v. Bedford, 926 F.2d 11, 18 (1st Cir. 1991); Borden v. Sinskey, 530 F.2d 478, 490 (3d. Cir. 1976); Tracy v. Curtis, 10 Mass. App. Ct. 10, 17-18 (1980).

7. To meet a fiduciary's duty of loyalty, a director or officer who wishes to take advantage of a corporate opportunity or engage in self-dealing must first disclose all material details of the venture to the corporation, and then receive the assent of disinterested directors or shareholders, or otherwise prove that the decision is fair to the corporation. Otherwise, the officer or director acts in violation of his fiduciary duties, and whatever gain or advantage that he acquires may be held for the benefit of the corporation, so as to deny him any benefit or profit. To insure fairness to the corporation, opportunities must be presented to the corporation without regard to possible impediments, and material facts must be fully disclosed, so that the corporation may consider whether and how to address these obstacles." See Demoulas, 424 Mass. at 532-533.

**Self-dealing/Diversion of corporate assets**

8. Plaintiffs also allege that Adib engaged in self-dealing by transferring assets from Carefree Park to his new business in Florida and by using Carefree Park's assets to maximize the value of his investment in the new business. Plaintiffs further allege that Adib engaged in self-dealing by taking excessive compensation for himself and his family from Fun Depot, Inc., which was a misappropriated corporate opportunity of Carefree Park and whose assets, including

the amount received as excessive compensation, properly belonged to Carefree Park. I instruct you that improper self-dealing with a corporation, also known as diversion of corporate assets, involves transactions in which a corporate fiduciary contracts with his corporation, placing himself on both sides of the agreement and does not act in good faith and/or the transaction is not fair to the corporation. See Dynan v. Fritz, 400 Mass. 230, 242-243 n. 18 (1987); Winchell v. Plywood Corp., 324 Mass. 171, 177 (1949).

**Conversion**

9.    Plaintiffs allege that Adib improperly converted assets belonging to Carefree Park by using those assets to create and develop a business that he claims is owned entirely by members of his immediate family. I instruct you that one who intentionally or wrongfully exercises acts of ownership, control or dominion over personal property to which he has no right of possession at the time is liable for the tort of conversion. See Abington National Bank v. Ashwood Homes, Inc., 19 Mass. App. Ct. 503, 507 (1985).

**Damages**

10.    If you find that Adib breached his fiduciary duty by diverting the corporate opportunity in Florida and engaging in self-dealing, you must determine the damages that Adib must pay to the Plaintiffs. In Massachusetts, the measure of damages in a case where a corporate fiduciary obtains a gain or advantage through a violation of his duty of loyalty is the amount of the gain. The object of the damages award is to deny any profit to the wrongdoer and to prevent his unjust enrichment. See Berish v. Bornstein, 437 Mass. 252, 271 (2002); Demoulas, 424 Mass. at 556.

**Statute of Limitations**

11.    Adib claims as one of his defenses in this action that the events giving rise to the

Plaintiffs' claims took place more than three years prior to the date the complaint in this action was filed and that therefore the action is barred by the three-year Statute of Limitations applicable to tort claims. I instruct you that the statute of limitations defense in this case is governed by the repudiation of trust doctrine, which holds that in cases of alleged breaches of fiduciary duty by corporate officers and directors, a cause of action does not accrue until the trustee repudiates the trust and the beneficiary has actual knowledge of that repudiation.

12.   Even in a non-fiduciary relationship, when a defendant fraudulently conceals a cause of action from the knowledge of a plaintiff, the statute of limitations period does not begin to run until the plaintiff's discovery of the cause of action. Where a fiduciary relationship exists, as it does here, the failure adequately to disclose the facts that would give rise to knowledge of a cause of action constitutes fraudulent concealment sufficient to delay the running of the statute of limitations. Adib must show that the Plaintiffs had actual knowledge of the facts that give rise to their cause of action; the Plaintiffs were not required to conduct an independent investigation. Under the repudiation of trust doctrine, even if you find the facts on which the cause of action are based were not concealed from, or undisclosed to, the Plaintiffs, the statute of limitations period did not begin to run unless and until you find (i) that Adib repudiated his fiduciary duty to Carefree Park and to Amin and Jamile, and (ii) that Adib communicated this repudiation to the Plaintiffs. See Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 518-520 (1997).

CAREFREE PARK CORPORATION,
AMIN NABHAN and JAMILE NABHAN,

By their attorneys,

/s/Gordon M. Jones, III
Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110

Dated:  November 14, 2005                   (617) 345-1000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on November 14, 2005.

/s/ Gordon M. Jones, III
Gordon M. Jones, III