UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION, ) <br> AMIN NABHAN and JAMILE NABHAN, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ADIB NABHAN, ) <br> Defendant. ) | CIVIL ACTION NO: 2003-CV-12426 RCL |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to F. R. Civ. P. 51, Defendant Adib Nabhan requests that the Court give the following instructions to the jury.

Respectfully submitted,

The Defendant,
Adib Nabhan,
By his Attorneys:

MORRISON MAHONEY LLP


/s/ Doyle C. Valley
Doyle C. Valley, Esq. BBO#638578
250 Summer Street
Boston, MA 02210
(617) 439-7500

**CERTIFICATE OF SERVICE**

I, Doyle C. Valley, hereby certify that a true copy of Defendant's Proposed Jury Instructions was served upon plaintiffs' counsel of record by first class mail on May 25, 2005.

## JURY INSTRUCTION NO. 1
(Breach of Fiduciary Duty- Close Corporation)

Adib Nabhan alleges that Amin Nabhan and Jamile Nabhan, as the majority shareholders of Carefree Park Corporation breached their fiduciary duties to Adib Nabhan, a minority shareholder, by misappropriating and mismanaging assets belonging to Carefree and by making payments on loans for properties Carefree Park Corporation does not own, for the benefit of Amin and Jamile. To understand the nature of the duty owned by Amin Nabhan and Jamile Nabhan to Adib Nabhan, you must be aware that Carefree Park Corporation is what it known as a close corporation. A close corporation is characterized by: "(1) a small number of stockholders; (2) no ready market for the corporate stock; and (3) substantial majority stockholder participation in the management, direction and operations of the corporation."[1] "Many close corporations are really partnerships between two or three people who contribute their capital, skills, experience and labor."[2]

"Just as in a partnership, the relationship among the stockholders must be one of trust, confidence and absolute loyalty if the enterprise is to succeed. . . . All participants rely on the fidelity and abilities of those stockholders who hold office. Disloyalty and self-seeking conduct on the part of any stockholder will engender bickering, corporate stalemates, and, perhaps, efforts to achieve dissolution."[3] The fiduciary duty of trust and loyalty of majority shareholders in a close corporation is particularly stringent because, by virtue of controlling the board of directors, they are in a unique position to oppress minority shareholders by, for example, refusing to declare dividends or denying the minority shareholder's information about the

---

[1] Donahue v. Rodd Electrotype Co. of New England, 367 Mass. 578, 586 (1975). See A.W. Chesterton Co. v. Chesterton, 128 F.3d 1, 5 (1st Cir. 1997).
[2] Donahue, 367 Mass. at 587 (quotations and citations omitted).
[3] Id.

company.[4]  The majority shareholders may also oppress minority shareholders by depriving minority stockholders of corporate offices and of employment with the corporation.[5]

Therefore, in a close corporation, stockholders owe one another the same duty that partners owe one another – the duty of "utmost good faith and loyalty."[6]  "They may not act out of avarice, expediency or self-interest in derogation of their duty of loyalty to the other stockholders and to the corporation."[7]

---

[4] Id.
[5] Wilkes v. Springside Nursing Home, Inc., 370 Mass. 842, 848-849 (1976).
[6] Donahue, 367 Mass. at 593.
[7] Id.

**JURY INSTRUCTION NO. 2**
(Breach of Fiduciary Duty- Trust)

Adib Nabhan alleges that Amin Nabhan, as trustee of the Adele Realty Trust, breached his fiduciary duties to Adib Nabhan, a beneficiary of the Adele Realty Trust, by misappropriating and mismanaging assets belonging to the Adele Realty Trust, by using funds belonging to the Adele Realty Trust for his own benefit and by improperly failing to seek rent from tenants of property owned by the Trust. To understand the nature of the duty owned by Amin Nabhan to Adib Nabhan, you must be aware that a trustee must exercise good faith and act solely in the interests of the beneficiaries in administering the trust.[8] There can be no divided loyalty. This principle has always been rigorously enforced. Personal gains accruing to a trustee from the transfer of trust property to himself must be accounted for by him even though he was acting in good faith, unless the beneficiaries knew the nature and effect of the transfer and consented to its being made.[9]

---

[8] Boston Safe Deposit & Trust Co. v. Lewis, 317 Mass. 137, 140-141 (1944).
[9] Id.

## JURY INSTRUCTION NO. 3
(Damages: Breach of Fiduciary Duty)

"When considering the issue of damages [as to Adib Nabhan's] recovery against [Amin Nabhan and Jamile Nabhan],... you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for [Adib Nabhan's] monetary loss resulting from any breach of fiduciary duty; no more and no less."[10] If you find that plaintiffs breached their fiduciary duty to Adib Nabhan, damages could include, for example, amounts which were misappropriated by Amin Nabhan and/or Jamile Nabhan, unpaid salary, directors' fees and dividend distributions, if you find that those amounts should have been paid to Adib Nabhan as well as amounts to which you determine Adib Nabhan is entitled if you find that plaintiffs froze him out of Carefree Park Corporation.

---

[10] Wartski v. Bedford, 926 F.2d 11, 21 (1st Cir. 1991). See Meehan v. Shaughnessy, 404 Mass. 419, 439 (1989) (recovery for breach of fiduciary duty depends on "causal connection between [plaintiff's] claimed losses and the breach of duty").

## JURY INSTRUCTION NO. 4
(Conversion)

Adib Nabhan alleges that Amin Nabhan and Jamile Nabhan converted assets to which Adib Nabhan has an ownership interest by applying funds belonging to Carefree Park Corporation for their own benefit, making payments on loans on properties Carefree Park Corporation does not own and applying funds belonging to the Adele Realty Trust for their own benefit, to the exclusion of Adib Nabhan. To understand the nature of the tort of conversion, you must be aware that "one who intentionally and wrongfully exercises acts of ownership, control or dominion over personal property to which he has no right of possession at the time is liable for the tort of conversion."[11]

---

[11] Spooner v. Manchester, 133 Mass. 270, 274 (1882).

## JURY INSTRUCTION NO. 5
(Damages: Conversion)

The measure of damages in conversion is the market value of the property at the time of conversion plus interest from that time.[12]

---

[12] Koski v. Haskins, 236 Mass. 346, 348, 128 N.E. 427, 428, 429 (1920).

**JURY INSTRUCTION NO. 6**
(Quantum Meruit/Unjust Enrichment)

Adib Nabhan alleges that he has performed services for the benefit of Carefree Park Corporation at its Lake Worth property, for which he has not been compensated, including collecting rent and operating income, negotiating with tenants and prospective tenants, overseeing payment of operating expenses, physically maintaining the property and overseeing repairs and build-outs. "A person who has been unjustly enriched at the expense of another is required to make restitution to the other."[13]

---

[13] J. A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 794 (1986).

## JURY INSTRUCTION NO. 7
(Damages - Quantum Meruit/Unjust Enrichment)

"The amount of recovery on a claim based in quantum meruit is the fair and reasonable value of material and labor supplied to the benefiting party."[14]

---

[14] J. A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 797 (1986).