**EXHIBIT A**

```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS

                                      CIVIL ACTION NO.
                                      03-12426-RCL
```

|   |   |
|---|---|
| CAREFREE PARK CORPORATION, <br> AMIN NABHAN AND JAMILE NABHAN <br><br> Plaintiffs, <br><br> v. <br><br> ADIB NABHAN <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### AFFIDAVIT OF CRAIG K. PETERSON

I, Craig K. Peterson, under oath, depose and state as follows:

1. I am a Certified Public Accountant and am associated with the accounting firm of Peterson & Peterson CPA's, PA located at 3003 South Congress Avenue, Suite 2-C, Palm Springs, Florida.

2. I am the accountant for Fun Depot, Inc. and prepare personal tax returns for the defendant Adib Nabhan.

3. As part of my duties as the accountant for Fun Depot, Inc., I have, in the past, interacted on a regular basis with the accountant for Carefree Park Corporation and specifically Mike Leclerc of Bigelow & Co., CPA's, the accountant and tax preparers for Carefree Park Corporation and the plaintiffs Amin Nabhan and Jamile Nabhan.

4. In both 1996 and 1997, Mike Leclerc and I discussed the formation of Fun Depot, Inc. by Adib Nabhan. I told Mr. Leclerc that Fun Depot, Inc. was set up as a Subchapter S Corporation which means that all of the income or loss attributed to Fun

Depot, Inc. would be reflected on Adib Nabhan's personal tax return.

5. Since Fun Depot, Inc. was set up as an Subchapter S Corporation, it also meant that any shareholder of Fun Depot, Inc. would receive a Form K-1 from the company to report any gains or losses.

6. I never issued K-1s to anyone other than Adib Nabhan, and Mr. Leclerc never ever asked for copies of K-1s that would be attributable to any of the plaintiffs in this litigation. Accordingly, I always understood that Mr. Leclerc knew that Adib Nabhan was the sole shareholder of Fun Depot, Inc. This understanding is reflected on the bates numbered page 0005 of the Statement of Assets, Liabilities and Equity at December 31, 1996 for Fun Depot, Inc. which I provided to Mr. Leclerc. Specifically, the note on bates numbered page 0005 of the Statement of Revenue indicates that "there is no liability for federal income taxes as corporation is currently classified as a small business corporation for federal tax purposes." The note confirms my statement to Mr. Leclerc that Fun Depot, Inc. was set up as a Subchapter S Corporation and that all income or losses would be directly attributable to its sole shareholder.

7. Similarly, in the "Carefree Park Corporation Notes to Financial Statements," page CPC 00068 (bates numbered page 0026) of the materials that I provided to Mr. Leclerc, it states specifically that "[D]uring 1996, one of [Carefree's] shareholders created a new corporation (Fun Depot Inc.)…" This disclosure confirms my prior conversations with Mr. Leclerc where

2

we discussed the fact that the formation of Fun Depot Inc. was undertaken by Adib Nabhan alone.

8. I also recall speaking with Mr. Leclerc in late 1996 or early 1997 about booking a note receivable for back rent owed by Fun Depot, Inc. to Carefree Park Corporation for the use of a building by Fun Depot, Inc. that was owned by Carefree Park Corporation. As reflected on page CPC 00064 (bates numbered page 0022) of the Carefree Park Corporation Financial Statement for 1997, the rent receivable line under the heading "Assets" is an amount owed by Fun Depot, Inc. to Carefree Park Corporation for back rent of the building in Lake Worth, Florida.

9. Additionally, Carefree Park Corporation is set up as a C Corporation. A C Corporation is ineligible to hold stock in an Subchapter S Corporation. As such, it is impossible for Carefree Park Corporation to have partly owned Fun Depot, Inc. Further, the law absolutely prohibits an Subchapter S Corporation from filing a consolidated tax return with an affiliated C Corporation. As such, Plaintiffs could not have reasonably believed that Carefree Park Corporation had an ownership interest in Fun Depot, Inc. because, if it did, Fun Depot could not have incorporated as an Subchapter S Corporation. Certainly, Mr. Leclerc, Carefree's accountant, understood that a C Corporation could not own stock in an Subchapter S Corporation and similarly that the corporations could not file consolidated tax returns.

10. Accordingly, by signing tax returns and approving the Carefree Park Corporation financial statements, Amin Nabhan and Jamile Nabhan knew that they had no ownership interest in Fun Depot, Inc. as early as 1997.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12TH DAY OF JANUARY, 2006.

/s/ Craig K. Peterson
Craig K. Peterson

CERTIFICATE OF SERVICE

I, Ian Crawford, hereby certify that the Affidavit of Craig K. Peterson filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 13, 2006.

/s/ Ian Crawford
Ian Crawford

4