UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION, AMIN NABHAN and JAMILE NABHAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>ADIB NABHAN,<br><br>    Defendant. | Civil Action No. 2003-CV-12426 RCL |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DEFENDANT'S PROPOSED EXPERT WITNESSES**

Plaintiffs Carefree Park Corporation ("Carefree Park"), Amin Nabhan ("Amin") and Jamile Nabhan ("Jamile") (collectively "Plaintiffs") submit this memorandum in support of their motion in limine to exclude the testimony of both of the expert witnesses whom defendant Adib Nabhan ("Adib" or "Defendant") has indicated that he intends to call in this matter.

**Introduction**

The trial of this action is scheduled to begin in one month, on February 13, 2006. In the Joint Pre-Trial Memorandum filed on November 14, 2005, Defendant disclosed for the first time that he intended to call two expert witnesses at trial, one real estate expert and one accounting expert. During the final pre-trial conference in November, Plaintiffs' counsel made it clear that Plaintiffs would seek to exclude the testimony of Defendant's experts, given that no expert reports had then been served. The Court thereupon directed that Plaintiffs' motion in limine be filed on January 13, 2006.

On January 12, 2006 (one day before motions in limine were to be served), Defendant finally served the report of his proposed real estate expert, John Petersen. The report of Defendant's accounting expert has yet to be served.

The Court should exclude the testimony of Defendant's experts. As detailed below, the reports come far too late, on the eve of trial and months after the deadline set by the Court. Furthermore, Plaintiffs will be prejudiced at trial if Defendant's experts are permitted to testify because Defendant's experts do not merely intend to rebut Plaintiffs' experts but, rather, intend to plow entirely new ground not addressed by Plaintiffs' experts.[1]

**Procedural History**

In its final revised Scheduling Order entered on November 2, 2004, the Court ordered that the Plaintiffs disclose their expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2) by February 28, 2005. The Court further ordered that Adib make his expert disclosures by May 3, 2005. As a result of delays caused by difficulties coordinating their experts' schedules, Plaintiffs asked for and were granted a modest extension of time by Adib in which to serve their disclosures. Accordingly, Plaintiffs provided Adib and his counsel with a copy of their expert disclosures, including their experts' reports, on March 22, 2005. In the cover letter that accompanied the disclosures, Plaintiffs' counsel confirmed that he would agree to similar extensions requested by Adib.

The Court's Order of November 2, 2004 provided for some nine weeks between the date of Plaintiffs' disclosure and the reciprocal disclosure by Adib. Allowing for roughly the same period after Plaintiffs' disclosure on March 22, 2005, Adib's disclosure was due on approximately May 25, 2005. In accordance with their counsel's letter of March 22, 2005,

---

[1]   Indeed, Plaintiffs have not even engaged a real estate expert.

Plaintiffs would have obviously accommodated any reasonable request by Adib for an extension beyond that date. Adib made no such request, however, nor did he provide any disclosures. It was not until the parties filed their Joint Pretrial Memorandum some eight months later, on November 14, 2005, that Adib first indicated that he intended to call two proposed expert witnesses. Although Adib described in summary terms the expected areas of the witnesses' testimony, he did not furnish the reports required by Fed. R. Civ. P. 26(a)(2)(b). Indeed, although Plaintiffs' counsel stated at the Pretrial Conference on November 17, 2005 that he intended to object to the experts' testimony as untimely, Adib did not serve the report of his real estate expert until January 12, 2006, and still had not served the required expert report of his accounting expert as of January 13, 2006.[2]

As noted above, trial is scheduled to begin in one month. The report of Defendant's real estate expert comes almost eight months too late. When it is finally served, the report of Defendant's accounting expert will likewise be eight or more months late.

### Defendant's Undue Delay Prejudices Plaintiffs

The experts whom Adib identified in the Pretrial Memorandum are not rebuttal witnesses. Some ten months ago, Plaintiffs identified two experts and provided their reports to the Defendant: (1) Richard Maloney, an accountant with an expertise in valuing businesses who will testify concerning the operations of Fun Depot and the amount of money that Carefree Park would have earned as the rightful owner of Fun Depot from 1996 to the present if there had been no misappropriation of Carefree Park's corporate opportunity and assets; and (2) David Wudyka, a compensation expert who will testify concerning the appropriate level of compensation for the position that Adib holds at Fun Depot. Conversely, the two experts identified by Adib are: (1)

---

[2]   The real estate expert's reports are dated January 6, 2006 but they were not served until January 12.

3

John G. Petersen, a real estate appraiser who would testify concerning the market value of certain real estate that Carefree Park and other Nabhan family entities own in Salisbury, Massachusetts; and (2) Richard Mastrocola, an accountant who would testify concerning the operations of Carefree Park and other Massachusetts entities and the alleged mismanagement of those entities by Amin and Jamile.  Leaving aside for the moment the complete lack of relevance to this case of any testimony concerning real estate values in Massachusetts, it is clear that the two sets of experts are planning to address totally different topics.  Broadly speaking, the Plaintiffs' experts are going to address operations in Florida, whereas Adib's experts, based on the representations in the Pretrial Memorandum, would address the operations of a different business in Massachusetts.

Because Defendant's proposed experts are not simply rebuttal witnesses in response to Plaintiffs' experts, Plaintiffs will unquestionably be prejudiced if the Court allows their testimony, which opens up entirely new areas of expert analysis and opinion.  Whereas Adib has had ten months to review, analyze and prepare to rebut the reports of Plaintiffs' witnesses, Plaintiffs will have, at most, a month to review the testimony of Adib's experts and to prepare whatever rebuttal is necessary, in the midst of all the other preparation required to get ready for trial.  Indeed, because of the lack of overlap between Plaintiffs' witnesses and Adib's witnesses, it may be necessary for Plaintiffs to attempt at this eleventh hour to engage new experts to rebut the testimony that Adib's witnesses are hoping to provide, especially in the area of real estate valuation.  Plaintiffs should not have to bear that burden at this stage in the litigation, particularly

when that burden is wholly attributable to Adib's egregious and unexplained failure to meet his expert disclosure obligations in a timely manner.[3]

Within the last month, Adib's counsel requested that Plaintiffs update and supplement their document responses with more recent financial information. In doing so, Defendant's counsel suggested that his expert reports could not be provided until Plaintiffs produced the updated information. Defendant's transparent attempt to build an excuse for his delay in serving expert reports is faulty for at least two reasons: (1) the real estate expert's report was not dependent in any way on the supplemental production made by Plaintiffs and could plainly have been delivered many months ago; and (2) Adib's accounting witness could have provided his report over six months ago, when it was due, as Plaintiffs' witnesses did, and later updated it as necessary to incorporate the most recent data. Indeed, Plaintiffs' experts intend to update their reports upon receipt of updated information from Adib concerning the operating results of Fun Depot for 2005. In a situation where what is at issue is the ongoing operation of a business, there will always be new information becoming available. Adib cannot use that obvious fact to justify his patent failure to meet his disclosure obligations.

It is settled, of course, that the Court has broad discretion to prohibit the testimony of experts whose reports come too late in the process. *See, e.g., Wong v. Regents of the Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). Here, this Court should, in the sound exercise of its discretion, exclude Defendant's untimely experts.

---

[3] Adib's offer to make his experts available for deposition does not alleviate the prejudice to Plaintiffs. A deposition at this late date does not, for example, provide Plaintiffs with the time to determine if rebuttal testimony is needed or to secure rebuttal experts.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion in limine to exclude the testimony of Adib's proposed expert witnesses should be allowed. As noted in the Motion, Plaintiffs will separately submit a memorandum that explains why the testimony of Adib's real estate expert is irrelevant and should be excluded for that reason as well.

CAREFREE PARK CORPORATION

By its attorneys,

_____
Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
Dated: January 13, 2006                    (617) 345-1000

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail and electronic mail on January 13, 2006.

_____
Robert L. Kirby, Jr.