UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
2003-CV-12426 RCL

```
                                )
CAREFREE PARK CORPORATION,      )
AMIN NABHAN AND JAMILE NABHAN   )
                                )
          Plaintiffs,           )
                                )
v.                              )
                                )
ADIB NABHAN                     )
                                )
          Defendant.            )
_____)
```

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* AND
MEMORANDUM IN SUPPORT THEREOF TO EXCLUDE
TESTIMONY OF DEFENDANT'S EXPERT WITNESSES**

Defendant, Adib Nabhan, ("Defendant" or "Adib") hereby
submits this Opposition to Carefree Park Corporation, Amin
Nabhan and Jamile Nabhan's (collectively "Plaintiffs") Motion *In
Limine* and Memorandum in Support Thereof to Exclude Testimony of
Defendant's Proposed Expert Witnesses (referred to herein as
"Motion *in Limine*" or "Motion").[1]  As will be shown, Plaintiffs'
Motion *in Limine* should be unequivocally denied.  Plaintiffs'
counsel knew as early as November 14, 2005 – a full three months
before trial - that Defendant intended to serve two additional
expert reports.  Moreover, a detailed summary of Defendant's

---

[1] All references herein to "Pltfs. Mem. at ____" refers to Plaintiffs'
Memorandum In Support of Their *Motion In Limine* to Exclude Testimony of
Defendant's Proposed Expert Witness dated January 13, 2006.

experts' proposed testimony was included in the parties' Joint
Pretrial Memorandum filed on November 14, 2005.  Lastly, because
the late filing of Defendant's expert reports is both harmless
and justified, Plaintiffs' Motion should be denied in its
entirety.

## I.    FACTUAL BACKGROUND

This case involves allegations of breach of fiduciary duty
and conversion coupled with a request for an accounting in the
context of a close corporation and family run-business.
Carefree Park Corporation ("Carefree") is owned in equal one-
third parts by three siblings - Plaintiffs Amin Nabhan ("Amin")
and Jamile Nabhan ("Jamile") and Defendant, Adib Nabhan.  Amin
and Jamile allege that their brother, Adib, misappropriated
assets and took for himself a business opportunity that belonged
to Carefree when he incorporated Fun Depot, Inc. in Florida and
became the sole director and officer thereof.

Defendant Adib has also asserted counterclaims against
Carefree, Amin and Jamile for breach of fiduciary duty,
conversion, accounting, quantum merit and unjust enrichment.
Adib has alleged that Amin and Jamile misappropriated and
mismanaged assets of Carefree and that Amin misappropriated and
mismanaged assets owned by the Adele Realty Trust in
Massachusetts.  Adib is seeking an accounting and a court-

2

ordered buyout of Adib's interest in Carefree and the Adele
Realty Trust.

## II.  PROCEDURAL HISTORY

As Plaintiffs admit, the Court's original scheduling order
directed Plaintiffs to serve their expert disclosures by
February 28, 2005. *See* Pltfs. Mem. at 2. However, Plaintiffs
asked for (and received) an extension of time in which to serve
expert reports. When Plaintiffs did finally serve their expert
reports on March 22, 2005, they enclosed a cover letter which
stated, specifically: "[T]hanks again for your generous
extensions of time. We will, of course, reciprocate (emphasis
added)." A true and correct copy of the letter from Robert L.
Kirby to Doyle C. Valley dated Match 22, 2005 is attached hereto
as Exh. A. Plaintiffs' letter memorializes Defendant's
understanding that he was granted an extension in which to serve
expert reports.

Thereafter, when the Court scheduled a pre-Trial conference
for November 17, 2005, the parties moved jointly to continue the
conference ("Joint Motion"). *See* Joint Motion to Continue
Pretrial Conference attached hereto as Exh. B and cited to
herein as "Joint Motion at ____". As grounds for the
continuance, the parties specifically stated that they needed
additional time to "…complete the exchange of documents…" *See*
Joint Motion at 3. It would be incongruous for Plaintiffs to

3

now assert that, while the parties needed additional time to complete discovery, such additional discovery was unnecessary for the purpose of drafting Defendant's expert reports.

This matter is now scheduled for trial on February 13, 2006. On November 14, 2005, a full three months before the scheduled trial date, the parties filed a Joint Pretrial Memorandum wherein Defendant disclosed that he intended to call John G. Peterson, a real estate appraiser, and Richard E. Mastrocola, an accountant, as expert witnesses. A copy of the Joint Pretrial Memorandum filed on November 14, 2005 is attached hereto as Exh. C. and cited to herein as "Pretrial Mem. at ____". In the Joint Pretrial Memorandum, Defendant included a detailed synopsis of the testimony of each of his proposed experts.[2] *See* Pretrial Mem. at 10-11.

Specifically, the Joint Pretrial Memorandum discloses that "[M]r. Petersen is expected to testify regarding fair market value of the Massachusetts properties owned by Carefree Park, Adele Realty Trust, the Habib Nabhan Nominee Trust and the Mary Nabhan Nominee Trust." *See* Pretrial Mem. at 10-11. The Joint Pretrial Memorandum further states that Defendant's accounting expert is expected to "…testify regarding Carefree's accounting

---

[2] Notably, at the time of the submission of the Joint Pretrial Memorandum, Defendant's counsel continued to believe that both parties would be given an opportunity to add and supplement their expert disclosures as well as their witness lists. Evidence of this fact is memorialized in the Joint Pretrial Memorandum where it states that "[T]he parties reserve their rights to supplement their lists of witnesses." *See* Pretrial Mem. at 11.

4

practices, the books and records of Carefree, Carousel Lounge and the Adele Realty Trust and the amounts attributable to Amin's and Jamile's misappropriation and mismanagement of those entities."[3] See Pretrial Mem. at 10-11. Despite the fact that Plaintiffs' counsel knew two months ago that Defendant intended to submit Mr. Petersen's and Mastrocola's expert reports, and even though Plaintiffs' counsel was provided with a summary of the experts' proposed testimony, Plaintiffs opted to do nothing prior to the filing of this Motion. Plaintiffs did not, for example, retain a real estate expert to appraise the Massachusetts properties at issue, nor did they supplement their accounting expert's report to address Amin or Carefree's allegedly false accounting practices. They did nothing.

The Defendant has also repeatedly offered to make his experts available for deposition prior to trial. See letter from Ian Crawford to Robert L. Kirby dated January 12, 2006 and letter from Ian Crawford to Robert L. Kirby dated January 16, 2006 attached hereto respectively as Exh. D. Remarkably, Plaintiffs have taken no steps to schedule depositions but rather appear to be gambling that the Court will exclude the

---

[3] Since allegations of false accounting and misappropriation strike at the heart of this matter, Plaintiffs' assertion that they are surprised by the addition of Adib's accounting expert makes little sense. Mr. Mastrocola merely proposes to testify in support of the counterclaims raised in Defendant's original Answer to Plaintiffs' original Complaint. The addition of Mr. Mastrocola's testimony hardly qualifies as an attempt to "plow entirely new ground" as Plaintiffs' suggest. See Pltfs. Mem. at 2. These accounting issues have been in play since the outset of this litigation.

testimony of Defendant's experts.  Defendant's repeated offers
to schedule expert depositions belies any argument by Plaintiffs
that they have been prejudiced or will be surprised by the
experts' testimony.

Moreover, as Plaintiffs themselves admit, Defendant has
repeatedly asked Plaintiffs' counsel to provide supplemental
documents containing financial information necessary for Mr.
Mastrocola to prepare his expert report.  *See* Pltfs. Mem. at 5.
Plaintiffs' failure to provide the requested financial
information has gravely hampered Mr. Mastrocola's ability to
draft his report and, because of that, the report remains
pending.  Plaintiffs' failure to provide the information needed
by Mr. Mastrocola to complete his report is nobody's fault but
their own.  Defendant should not be penalized by having his
experts excluded from trial.

**III. ARGUMENT**

### a. Plaintiffs Will Not Be Prejudiced By Inclusion Of Defendant's Experts

Plaintiffs argue that they will be prejudiced if the Court
allows the testimony of Defendant's proposed experts.  *See*
Pltfs. Mem. at 4.  Despite Plaintiffs' unsubstantiated
contentions, Plaintiffs have failed to provide any evidence at
all that they will be prejudiced at trial if Defendant's experts

6

are allowed to testify.[4]  Absent a showing of harm, Plaintiffs'
Motion must be denied.

In this case, the sum and substance of the experts'
proposed testimony was disclosed on November 14, 2005 and,
subsequently, Plaintiffs received Mr. Petersen's expert report
on January 12, 2006 – one month before trial.  Although
Defendant candidly admits that Mr. Petersen's expert report was
served (and Mr. Mastrocola's report will be served) after the
Court ordered deadline, Plaintiffs have not been prejudiced by
the timing of this exchange.[5]  Plaintiffs, in fact, had several
weeks in which to retain an expert to appraise the Massachusetts
properties at issue but opted not to do so.  Plaintiffs should
not now be allowed to claim that they will be prejudiced by his
testimony after having received a summary of Mr. Petersen's
proposed testimony a full three months before trial and after
having ample opportunity to depose him.  Moreover, Plaintiffs
have already retained an expert accountant who they intend to
call at trial and who has drafted and served an expert report.
*See* Pretrial Mem. at 9 (stating that Plaintiffs' intend to call

---

[4]  In their Motion, Plaintiffs make several unsubstantiated statements that
they will be "prejudiced" if Defendant's experts are not precluded.  *See*
Pltfs. Mem. at 2, 4, 5 n. 3.  Plaintiffs' conclusory remarks miss the mark
entirely.  In order to obtain the remedy sought by Plaintiffs, an order
precluding Defendant's experts all together, Plaintiffs must show – not just
state – that they will be prejudiced.  Plaintiffs have failed to meet that
burden here.

[5]  Moreover, it was Defendant's understanding that Plaintiffs would consent
to allow Defendant to add additional experts per the clear language of their
March 22, 2005 Letter.  *See* March 22, 2005 Letter Exh. B.

Richard J. Maloney, CPA at trial).[6]  Plaintiffs will not be prejudiced by Mr. Mastrocola's proposed testimony because their own expert accountant, who is already well versed in this case and intends to testify at trial, can address the accounting issues that Mr. Mastrocola's proposes to testify about.

Plaintiffs' contention that they will be prejudiced by Defendant's experts is further belied by the fact that Defendant has repeatedly offered to make Mr. Petersen and Mr. Mastrocola available for depositions anytime before the scheduled trial date.  Despite Defendant's repeated offers, Plaintiffs have consistently refused to depose Defendant's experts.  Instead, Plaintiffs opted to try to preclude Defendant's experts all together.  *See, e.g., Albert v. Warner-Lambert Co.*, 2002 WL 745822 (D. Mass. 2002) (in lieu of preclusion the Court directed plaintiffs to make their expert available for a deposition and provided the defendants with an opportunity to supplement their expert report).  Because Plaintiffs' have not provided any legitimate example of how they would be prejudiced if Mr. Petersen and Mr. Mastrocola were allowed to testify at trial, Defendant's experts should not be precluded.

Despite Plaintiffs' failure to demonstrate that they will be prejudiced by Defendant's experts, Plaintiffs have asked the

---

[6] Notably, as described above, Mr. Mastrocola's report has not been exchanged largely because of Plaintiffs failure to provide the necessary supplemental financial documentation.  As evidenced by the Joint Motion, both parties anticipated the need for continued document exchange.  *See* Motion at Exh. B.

Court to grant the most Draconian remedy available to any court under Federal Rule Civil of Procedure 37 – to preclude the experts' testimony all together. Although trial courts have broad discretion to fashion discovery sanctions under Rule 37, absent a showing of prejudice (as is the case here), courts do not generally opt to preclude expert testimony entirely. *See, e.g.*, *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153 (3d Cir. 1995) (no abuse of discretion in refusing to exclude testimony when other party knew names of undisclosed witnesses and the scope of their relevant knowledge well before trial); *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 Civ. 11295, 2003 U.S. Dist. LEXIS 19417 (S.D.N.Y. Oct. 30 2003) (whether expert testimony should be precluded depends upon the prejudicial effect of allowing it, whether prejudice can be cured, and whether the report and related testimony would disrupt the orderly and efficient trial of the case); *Pacamor Bearings Inc., v. Minebea Co., LTD, et al.*, 918 F.Supp. 491 (D.N.H. 1996) (failure to disclose expert report by date set in discovery schedule did not require exclusion where delay was due in part to opponents delays in producing required discovery material and opponents waited over one month before objecting).[7]

---

[7] *Compare with Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997) (excluding defendants' expert where they failed to disclose new information until 3 days before trial); *Derby v. Godfather's Pissa, Inc.*, 45 F.3d 1212 (8th Cir. 1995) (district court did not abuse its discretion in excluding expert testimony disclosed 10 days prior to trial).

Notably, in Massachusetts, absent a showing of prejudice, expert witnesses revealed in cases both one month and ten days before a trial have been permitted to testify. *See, e.g.*, *Resendes v. Boston Edison Co.*, 38 Mass.App.Ct. 344 (1995) (allowing expert identified one month before trial to testify about a new theory of liability); *Giannaros v. M.S. Walker, Inc.*, 16 Mass.App.Ct. 902 (1985) (expert identified ten days before trial allowed to testify where the defendant had time to seek a continuance of the trial date).[8]

Further, and despite Plaintiffs' contention to the contrary, Defendant's experts do not propose to testify about issues novel to this case. *See* Pltfs. Mem. at 2 & 3.  To the contrary, Mr. Petersen's report is a relatively straightforward appraisal of the Massachusetts properties owned by Carefree Park, Adele Realty Trust, the Habib Nabhan Nominee Trust and the Mary Nabhan Nominee Trust - properties which have been at issue in this case since the filing of Adib's Answer.  Similarly, Mr. Mastrocola is expected to testify about Plaintiffs' accounting practices and alleged misappropriation.  There is nothing novel about either of these subject matters.  In his original Answer, Adib included counterclaims against Carefree, Amin and Jasmine

---

[8] Plaintiff's argument that Defendant's experts should be precluded because they are not "rebuttal witnesses" (*see* Pltfs. Mem. at 2, 3, 4) is also unavailing.  The filing of late expert reports can be permitted, at the Court's discretion, regardless of whether the experts will provide rebuttal testimony.  In this case, because Plaintiffs will not be prejudiced by Defendant's experts' proposed testimony, the fact that Mr. Petersen and Mr. Mastrocola are not rebuttal witnesses is completely irrelevant.

10

alleging, *inter alia*, misappropriation, breach of fiduciary duty
and conversion.

The facts here speak for themselves.  Plaintiffs had ample
opportunity to retain their own real estate expert but did not
do so.  Defendant should not be punished for Plaintiffs'
recalcitrance.  Moreover, Plaintiffs still have ample
opportunity to prepare their accounting expert to testify, *inter
alia*, about Amin, Jamine and Carefree's alleged
misappropriation. Notably absent from this case is the unfair
surprise and prejudice that Federal Rule of Civil Procedure 26
seeks to prevent.  Plaintiffs will not be prejudiced by
inclusion of Defendant's experts and, as such, their Motion
should be denied.

### b. The Late Filing Of Defendant's Expert Report Is Justified Because Plaintiffs Failed To Supply Necessary Documentation.

Plaintiffs also argue, unconvincingly, that Defendant's
failure to serve expert reports by the Court ordered deadline
was not justified. *See* Pltfs. Mem. at 4-5.  Plaintiffs'
argument is misplaced.  As discussed above, Defendant has not
been able to serve Mr. Mastrocola's expert report because
Defendant has not been provided with documents needed to
complete his report. *See, e.g., Pacamor Bearings*, 918 F.Supp.
at 491 (exclusion of expert not warranted where delay was due in

part to opponents delays in producing required discovery
material).  This substantive gap has been caused by Plaintiffs'
failure to fully cooperate in document exchange.  Such behavior
should not be countenanced by the Court and Plaintiffs' Motion
should be denied.

## IV.  CONCLUSION

For the foregoing reasons, this Court should deny
Plaintiffs' Moton *In Limine* to Exclude Testimony of Defendant's
Proposed Expert Witnesses and should allow the testimony of John
G. Petersen and Richard E. Mastrocola.

ADIB NABHAN

By his attorney,

/s/ Ian Crawford
Ian Crawford (BBO#544475)
Todd & Weld LLP
28 State Street
Boston, MA  02109
(617) 720-2626
icrawford@toddweld.com


Doyle C. Valley, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210
(617) 737-8846
dvalley@morrisonmahoney.com

DATED:   January 27, 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATE

Undersigned counsel hereby certifies that he has conferred with opposing counsel in an effort to resolve or narrow the issues raised by this motion and was unable to resolve them.

/s/ Ian Crawford
Ian Crawford

## CERTIFICATE OF SERVICE

I, Ian Crawford, hereby certify that Defendant's Motion *In Limine* to Exclude Evidence Concerning Plaintiffs' Claims of Breach of Fiduciary Duty and Conversion filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 27, 2006.

/s/ Ian Crawford
Ian Crawford