UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION, AMIN NABHAN and JAMILE NABHAN,<br><br>            Plaintiffs,<br><br>        v.<br><br>ADIB NABHAN,<br><br>            Defendant. | Civil Action No. 2003-CV-12426 RCL |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DEFENDANT'S PROPOSED REAL ESTATE EXPERT, JOHN PETERSEN**

Plaintiffs Carefree Park Corporation ("Carefree Park"), Amin Nabhan ("Amin") and Jamile Nabhan ("Jamile") (collectively, "Plaintiffs") previously moved to exclude the testimony of Defendant's proposed expert witnesses on the grounds that Defendant's expert reports were not timely served and that Plaintiffs were unduly prejudiced by Defendants' unexcused delay. Plaintiffs now move to exclude the testimony of Defendant's proposed real estate expert, John Petersen, for the additional reason that Mr. Petersen's proposed testimony is wholly irrelevant both to the claims at issue and to the relief sought by either side.[1]

**Introduction**

The Defendant, Adib Nabhan ("Adib" or "Defendant"), is the brother of Amin and Jamile. Carefree Park is owned one-third each by Amin, Jamile and Adib. In the Amended

---

[1] Defendant has yet to serve the report of its accounting expert, Richard Mastrocola. Accordingly, Plaintiffs reserve the right to move to exclude the testimony of Mr. Mastrocola for additional reasons not yet known to Plaintiffs.

Complaint, Plaintiffs allege, *inter alia*, that Adib misappropriated a corporate opportunity (Fun Depot) and certain assets that rightfully belong to Carefree Park. Plaintiffs seek a constructive trust on Fun Depot (which is owned 100% by Adib) and an award of damages.

In his counterclaims, Adib complains that he was mistreated with respect to his ownership interest in two entities, Carefree Park and the Adele Realty Trust. Amin and Adib are the co-trustees and co-beneficiaries of the Adele Realty Trust. In his counterclaims and in the corresponding prayers for relief, Adib seeks unspecified money damages, the removal of Amin as trustee of the Adele Realty Trust, and "such other and further relief as is just."

On January 12, 2006, Adib served the report of his proposed real estate expert. In that report, Mr. Petersen sets forth his opinion as to the fair market value of eight (8) parcels of real estate. On January 16, 2006, Adib served an additional appraisal report prepared by Mr. Petersen for a ninth parcel. All nine appraisal reports are attached hereto as Exhibit A.

As detailed below, there are two fundamental problems with the proposed testimony of Mr. Petersen. First, nowhere in the Amended Complaint or in the Counterclaims does either side seek a partition or equitable division of the real estate. Each side seeks money damages from the other.[2] The underlying value of the Massachusetts real estate is, therefore, irrelevant.[3] In short, the real estate is worth whatever it is worth, and the parties will continue to hold their individual interests in the various parcels after this litigation is completed.

Second, Mr. Petersen proposes to testify about the value of certain parcels (i) which are owned by entities that are not parties to the litigation, (ii) in which non-parties have an

---

[2] As noted above, plaintiffs do seek a constructive trust on the assets of Fun Depot, Inc. but Fun Depot owns no real estate.

[3] It is also noteworthy that Mr. Petersen appraised only the Massachusetts real estate, but not the Florida real estate owned by Carefree Park on which Fun Depot operates. If Adib intends belatedly to ask this Court to divide the real estate assets among the parties, he apparently intends to do so without offering evidence of the value of *all* of the real estate.

2

ownership interest, and (iii) in which Adib has no ownership whatsoever. Adib apparently intends to ask the Court to partition or divide these parcels. But because the rights of non-parties would thereby be affected, there is no basis for the Court to do so. The testimony of Mr. Peterson about the value of these parcels is, therefore, wholly irrelevant. In order to illustrate this problem, we address the various parcels separately.

## The Real Estate

All of the real estate appraised by Mr. Petersen is located in Salisbury, Massachusetts. According to his reports, Mr. Petersen attempted to determine the current owners of the various parcels based on records at the Town of Salisbury's Assessor's Office. Mr. Petersen apparently did not conduct title searches at the Essex County Registry of Deeds to determine the record owners of the parcels.

### 1.   *14-28 Central Avenue*

14-28 Central Avenue is comprised of five separate, contiguous parcels: 14, 18, 22, 24 and 28 Central Avenue. Mr. Petersen proposes that these five parcels be consolidated into a single parcel which, he opines, could be developed into a 36-unit residential condominium worth $4.5 million. The problem, however, is that these parcels are not owned by the same persons or entities, Adib Nabhan does not have an ownership interest in all of the parcels, and the rights of non-parties would be affected.

#### a.   *14 Central Avenue*

Mr. Petersen mistakenly asserts that 14 Central Avenue is owned by Adele Nabhan. First, Adele Nabhan is not a party and has been deceased since April 1995. Second, Adele Nabhan does not own 14 Central Avenue. In fact, it is owned entirely by Amin.[4] Adib has no

---

[4]   *See* Deed dated January 20, 1974, attached as Exhibit B hereto.

ownership interest in 14 Central Avenue. Its value is, therefore, necessarily irrelevant. The notion that the Court could somehow consolidate this parcel with the others into "14-28 Central Avenue" is entirely unavailing.

### b. *18 Central Avenue*

Mr. Petersen again mistakenly asserts that this parcel is owned by Adele Nabhan. In fact, it is owned by the Adele Realty Trust. Amin and Adib are co-trustees and co-beneficiaries.[5]

### c. *22 and 24 Central Avenue*

Mr. Petersen is correct that the Mary Nabhan Nominee Trust is the owner of these two contiguous parcels. The value of these parcels is irrelevant, however, because neither the Mary Nabhan Nominee Trust nor the sole beneficiary thereof, the Mary Nabhan Revocable Trust of 1995 ("Mary Nabhan 1995 Trust"), is a party hereto. Amin Nabhan is the sole trustee of the Mary Nabhan 1995 Trust.[6] Adib was removed as trustee in August 2005. Mary Nabhan (the mother of Amin, Adib, Jamile, Faye, George and Louie) is still alive and is the lifetime beneficiary of the Mary Nabhan 1995 Trust. Adib is not a beneficiary of that Trust. Rather, the three remainder beneficiaries are Amin, Jamile and a non-party, Faye Nabhan. Under these circumstances, there is no basis for the court to take any action with respect to any of the real estate owned beneficially by the Mary Nabhan 1995 Trust. The value of such real estate is, therefore, irrelevant.

### d. *28 Central Avenue*

Mr. Petersen is correct that 28 Central Avenue is owned by the Habib Nabhan Nominee Trust, the sole beneficiary of which is the Habib Nabhan Revocable Trust of 1995 ("Habib

---

[5] *See* Transfer Certificate of Title No. 60820, Exhibit C hereto. The "Third Parcel" referred to on said Certificate is 18 Central Avenue.

[6] Pertinent documents concerning the Mary Nabhan 1995 Trust are attached as Exhibit D hereto.

Nabhan 1995 Trust").[7] The value of this parcel is irrelevant, however, because the lifetime beneficiary of the Habib Nabhan 1995 Trust, Mary Nabhan, is not a party. Moreover, one of the four remainder beneficiaries, Faye Nabhan, is likewise not a party (the other three lifetime beneficiaries are Amin, Adib and Jamile). There is no basis, therefore, for the Court to take any action with respect to any real estate owned beneficially by the Habib Nabhan 1995 Trust. The value of such real estate is, therefore, irrelevant.

### 2. *6 and 20 Ocean Front South*

Mr. Petersen mistakenly asserts that 6 and 20 Ocean Front South are owned by Adele Nabhan. In fact, both parcels are owned by the Adele Realty Trust.[8] *See* discussion above regarding 18 Central Avenue.

### 3. *11 Atlantic Avenue*

Mr. Petersen is correct that Carefree Park is the owner of this parcel. Carefree Park is also the owner of the real estate in Lake Worth, Florida on which Fun Depot operates. Leaving aside for the moment that Adib has never sought to partition any of the real estate, or to otherwise divide the real estate or assets of Carefree Park, the value of 11 Atlantic Avenue cannot possibly be relevant absent evidence concerning the value of the Florida parcel, and there is no evidence on that issue. It is as though Adib wants to divide the contents of a real estate portfolio but secured appraisals for only some -- but not all -- of the parcels that comprise the portfolio. Under these circumstances, the appraisal of 11 Atlantic Avenue is irrelevant.

---

[7] Pertinent documents concerning the Habib Nabhan 1995 Trust are attached as Exhibit E hereto.
[8] *See* Exhibit C hereto (the First and Second Parcels).

4.     19 Central Avenue

This parcel is owned 50% by Amin individually and 50% by the Habib Nabhan Nominee Trust, the sole beneficiary of which is the Habib Nabhan 1995 Trust.[9] *See* discussion above regarding 28 Central Avenue.

### Conclusion

The problems that plague Mr. Petersen's appraisals do not merely "go to the weight" of such appraisals. These problems bear directly on the question of admissibility. Where Adib apparently intends to use the appraisals as the foundation of a request that the Court somehow partition or otherwise divide the Massachusetts real estate, these problems render the appraisals irrelevant and inadmissible.

CAREFREE PARK CORPORATION,
AMIN NABHAN and JAMILE NABHAN,

By its attorneys,

*/s/ Robert L. Kirby, Jr.*
Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

Dated:  January 27, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail or electronically on January 27, 2006.

*/s/ Robert L. Kirby, Jr.*
Robert L. Kirby, Jr.

---

[9]  *See* Transfer Certificate of Title No. 66316, Exhibit F hereto.