# MARY NABHAN NOMINEE TRUST OF 1995

*Exhibit D*

Schedule of Beneficial Interest

Dated: June 8, 2005

| Beneficiary | Interest |
|---|---|
| Amin Nabhan, Trustee of The Mary Nabhan Revocable Trust of 1995 dated October 3, 1995 | 100% |

I, Amin Nabhan being the sole Trustee of the Mary Nabhan Nominee Trust of 1995, hereby certify that the above is a true and accurate schedule of beneficial interest of said trust as of the date first written above.

EXECUTED under seal this 10th day of August, 2005

_____
Amin Nabhan, Trustee

\\hlo-main\documents\clients\current\nabhan, mary\trusts\schedule of beneficial interest .doc

# MARY NABHAN REVOCABLE TRUST OF 1995

## REMOVAL OF TRUSTEE

NOW COMES MARY NABHAN, grantor of the Mary Nabhan Revocable Trust of 1995 u/d/t dated October 3, 1995 (the "Trust") and hereby, pursuant to section 8.3 of the Trust and other applicable provisions thereof, REMOVES **ADIB NABHAN** as a trustee of the Trust.

IN WITNESS WHEREOF the said Mary Nabhan hereunto sets her hand and seal this __8th__ day of __June__, 2005.

_____
Mary Nabhan

## THE COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                                            __June__ __8__, 2005

On this __8th__ day of __June__, 2005, before me, the undersigned notary public, personally appeared Mary Nabhan, proved to me through satisfactory evidence of identification, which were __personal knowledge__, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that she signed it voluntarily for its stated purpose,

(print name) __Henry K. Hyder__
Notary Public
My Commission Expires: __5/11/2012__

I, Mary Nabhan, state that I have this __8th__ day of __June__, 2005 notified the said Adib Nabhan of the within Removal of Trustee by mailing the same to him via certified mail, return receipt requested.

_____
Mary Nabhan

\\hlo-main\documents\clients\current\nabhan, mary\trusts\trustee removal.doc

# MARY NABHAN NOMINEE TRUST OF 1995

## REMOVAL OF TRUSTEE

NOW COMES **AMIN NABHAN**, trustee of the Mary Nabhan Revocable Trust of 1995, sole beneficiary and holder of one hundred percent (100%) of the beneficial interest of the Mary Nabhan Nominee Trust of 1995 u/d/t dated October 3, 1995 (the "Trust") recorded with Essex County (Southern District) Registry of Deeds Land Court Section as Document No. 31404 on Certificate No. 66315 and hereby, pursuant to the first paragraph of Article VII of the Trust and other applicable provisions thereof, REMOVES **ADIB NABHAN** as trustee of the Trust. Pursuant to Article IV of the Trust, this instrument shall be conclusive evidence in favor of every person relying on the facts stated herein.

IN WITNESS WHEREOF the said Amin Nabhan hereunto sets his hand and seal this _10TH_ day of August, 2005.

_____
Amin Nabhan trustee of the
Mary Nabhan Revocable Trust of 1995,
Sole Beneficiary

## THE COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                                August _10_, 2005

On this _10TH_ day of August, 2005, before me, the undersigned notary public, personally appeared Amin Nabhan, Trustee proved to me through satisfactory evidence of identification, which were Personal Knowledge, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
Henry K. Hyder III, Esq.
Notary Public
My Commission Expires: 05/11/2012

\\hlo-main\documents\clients\current\nabhan, mary\trusts\trustee removal-nominee.doc

## Essex Southern District Registry of Deeds

### 36 Federal Street
### Salem, MA 01970

## Receipt for Services

| Batch # : | 192177 | Date and Time Recorded: | 8/29/2005 12:12:00PM |
|---|---|---|---|
| Account # : | 0 | Customer: | |

| Document Type | Document Number | | Fee Type | Amount |
|---|---|---|---|---|
| RSGN | 458355 | | | |
| | | Certificate Action | Certificate Number | |
| | | Create Memo | 66315 | |
| | | | FEE | 55.00 |
| | | | ENVFEE | 20.00 |
| | | Total Charges: | | 75.00 |
| | Payments: | Payment Type | Check # | Amount |
| | | | | 75.00 |
| | | Total Payments: | | 75.00 |

# FIRST AMENDMENT TO THE
# MARY NABHAN REVOCABLE TRUST OF 1995

NOW COMES Mary Nabhan, grantor ("Grantor") of the Mary Nabhan Revocable Trust of 1995 u/d/t dated October 3, 1995 as affected by instrument entitled Removal of Trustee dated June 8, 2005 of which Amin Nabhan currently serves as the sole trustee (the "Trust") and pursuant to Article 9 of the Trust and other applicable provisions thereof hereby AMENDS the Trust as follows:

Articles 1 through 12 (inclusive) are hereby deleted in their entirety and replaced with the following:

## ARTICLE 1
## PROVISIONS FOR THE GRANTOR

1.1   During the lifetime of the Grantor, the Trustee shall hold, manage, invest and reinvest the trust property and shall dispose of the net income and principal, including the whole thereof, as the Grantor may from time to time request. In the absence of any such request, the Trustee may pay to or apply for the benefit of the Grantor any part or all of the net income and principal as she shall in her discretion deem advisable, with full power to accumulate any income not so paid or applied and to hold the same for future use or to add the same in whole or in part to principal. In the event of the incompetency of the Grantor, the Trustee is authorized to use any part or all of the net income and principal for the benefit of the Grantor by making payments to or by applying the same for her at such time or times and in such amounts, proportions and manner as the Trustee shall in her discretion deem advisable, with full power to accumulate any income not so paid or applied and to hold the same for future use or to add the same in whole or in part to principal.

1.2   Upon the Grantor's death, any discretionary payments which the Trustee determines to make under Section 6.1 and those payments required under Section 6.2 shall be made by the Trustee from the property held in trust hereunder and any property then payable to the Trustee or to which she may be entitled. The balance of such property shall be held and distributed under Article 2.

## ARTICLE 2

### PROVISIONS FOR DISTRIBUTION UPON DEATH OF GRANTOR

2.1   Provisions for Grantor's Children.   Upon the death of the Grantor, as soon as is reasonably practical, the Trustee shall divide all the remaining property held hereunder be it real, personal or mixed, into as many equal shares as there are the following named children of the Grantor then living: Amin Nabhan, Jamile Nabhan and Faye Nabhan, and such named children of the Grantor then deceased leaving issue then living.

2.1.1   To the extent such share exists, the Trustee shall pay over to the Grantor's son, Amin Nabhan, or his issue by right of representation if he is not then living subject to the provisions of Section 2.2, one such share outright, free of all trusts hereunder, as soon as is reasonably practicable.

2.1.2   To the extent such share exists, the Trustee shall pay over to the Grantor's daughter, Jamile Nabhan, or her issue by right of representation if she is not then living subject to the provisions of Section 2.2, one such share outright, free of all trusts hereunder, as soon as is reasonably practicable.

2.1.3   To the extent such share exists, the Trustee shall pay over to the Grantor's daughter, Faye Nabhan, or her issue by right of representation if she is not then living subject to the provisions of Section 2.2, one such share outright, free of all trusts hereunder, as soon as is reasonably practicable.

2.2  Trust for Issue of Deceased Child.  The Trustee shall hold, manage, invest and reinvest each sub-share of the issue of a then deceased child of the Grantor who is under the age of thirty (30) years as a separate trust and shall use any part or all of the net income and principal for the benefit of such child's issue by making payments to or by applying the same for any one or more of them at such time or times and in such amounts, proportions and manner as the Trustee shall in his sole and absolute discretion deem advisable for the support, maintenance, education, medical expenses and reasonable living expenses of such issue, and to meet emergencies, with full power to accumulate any income not so paid or applied and to hold the same for future use or to add the same in whole or in part to principal.  The decision of the Trustee is final and binding on all concerned.  Each separate trust established for the benefit of the issue of a deceased child of the Grantor shall terminate at such time as such issue of such deceased child shall reach the age of thirty (30) years, and thereupon, the Trustee shall distribute all the property then remaining in such issue's separate trust to such issue, free of all trusts.

2.3  Failure of Beneficiaries.  If at any time there shall be no person eligible to take in accordance with the provisions of the foregoing Sections of this Article, the Trustee shall distribute all the property then remaining in trust, free of all trusts, to those persons, other than creditors, who would be entitled to receive the same and in the proportions to which they would be so entitled had the Grantor died at such time, intestate, unmarried, domiciled in Massachusetts, and owning the property held hereunder.

2.4  Rule Against Perpetuities.  Each trust under this Article shall in all events terminate upon the expiration of twenty-one (21) years from the death of the survivor of the Grantor and those persons mentioned herein as beneficiaries hereunder. Thereupon, the Trustee shall distribute all the property then remaining in such trust, free of all trusts, to those persons then eligible to receive income from such trust, equally if all are in the same generation, and if not, to such persons by right of

representation beginning with the oldest generation which has one or more eligible beneficiaries then living.

## ARTICLE 3

## GENERAL PROVISIONS RELATING TO SEPARATE TRUSTS AND TO PAYMENTS OF PRINCIPAL AND INCOME

3.1     Spendthrift Provision.   Any payment of principal or income shall be free from the interference and control of creditors and from all marital control and shall not be anticipated by way of assignment, whether voluntary or by process of law, and each such payment shall be so protected until its actual receipt by the appropriate recipient as authorized hereunder.

3.2     Payments to Minors.   When any payment of principal or income is due or is to be paid in the discretion of the Trustee to any minor, the Trustee is authorized to make such payment, regardless of the amount, in her sole discretion in the following non-exclusive manners: (a) directly to such minor, (b) to a parent or guardian of such minor for the benefit of such minor, (c) to an educational institution for the benefit of such minor or (d) if not prohibited by law, to a custodian for such minor under a Uniform Transfers to Minors Act or comparable act of any jurisdiction.

3.3     Termination of Small Trusts.   If at any time the Trustee is of the opinion that the expense of administering any trust has become excessive in relation to the amount of property held therein, he may terminate such trust and distribute all the property then remaining to those persons then entitled to receive income therefrom.

## ARTICLE 4

## TRUSTEE'S POWERS

4.1     Powers Exercisable by the Trustee.   All Trustees shall be entitled to reasonable compensation to be paid from the trust property.  In addition to and not in

limitation of all common law and statutory powers, the Trustee shall have and may exercise the following powers:

    A. To retain any property for whatever period he deems advisable and to invest and reinvest in any property, both real and personal, including mutual funds of the "load" and "no load" variety, regardless of whether any particular investment would be proper for the trustee and regardless of the extent of the diversification of the assets in the trust under which such property is held.

    B. To sell and to grant options to purchase all or any part of the trust property, both real and personal, at any time at public or private sale, for such consideration, whether or not the highest possible consideration, and upon such terms, including credit, as he deems advisable, and to execute, acknowledge and deliver deeds or other instruments in connection therewith.

    C. To lease any real estate for such term or terms, whether or not extending beyond the term of the trust under which such real estate is held, and upon such provisions and conditions as she deems advisable, including the granting of options to renew, options to extend the term or terms and options to purchase.

    D. Upon the written request of the Grantor to assign, mortgage or pledge any part or all of the trust property as collateral to secure any obligations of the Grantor.

    E. With respect to any corporation, association or other entity the securities of which are held by the Trustee, (a) to participate in person or by proxy (with or without power of substitution) or pursuant to a voting trust in any meeting of stockholders, directors, or securities holders of any kind; (b) to execute waivers of notice of the time, place, and purposes of any meeting; (c) to consent to any action by such entity without a meeting and to execute formal instruments of consent; and (d) to take any other action as owners with respect to securities held hereunder.

F. To hold any securities or other property, both real and personal, in the form of "street certificates."

G. To keep any trust property at any place within or without the United States or with a depository or custodian at any such place.

H. To manage and invest any separate shares as a single fund consisting of undivided interests.

I. To employ others in connection with the administration of the trust including legal counsel, investment advisors, brokers, accountants and agents, notwithstanding the fact that a Trustee may receive a direct or indirect financial benefit as a result of such employment or may be affiliated with any one or more of them, and to pay reasonable compensation in addition to the Trustee's compensation.

J. To borrow and to pledge or mortgage any property as collateral, and to make secured or unsecured loans.

K. To make any elections permitted under any pension, profit-sharing, employee stock ownership or other benefit plan.

L. To pay, compromise, settle or otherwise adjust any claims, including taxes, asserted in favor of or against either the trust property or the Trustee.

M. To determine: (a) whether any money or property coming into her possession shall be deemed principal or income and whether to apportion the same between principal and income; (b) the manner in which expenses incidental to the administration of the trust shall be borne or apportioned between principal and income; (c) whether any discounts shall be accumulated; (d) what portion, if any, of interest received on bonds purchased at a premium and dividends received on wasting investments shall be added to principal in order to prevent the diminution of principal;

and (e) to what extent expenditures, including real estate taxes, insurance, repairs, improvements, and principal payments on mortgages and other loans, for the maintenance and protection of real estate and other trust property shall be charged against income or principal, and whether to establish reserves from income or principal for such expenditures and for depreciation, depletion, amortization, and obsolescence in order to prevent the diminution of principal.

N. To make any distribution or separation into shares in whole or in part in kind, and to allocate different kinds and disproportionate amounts of property and undivided interests in property among the shares.

O. To make any distribution or separation into shares at values determined by her with or without regard to tax basis.

## ARTICLE 5
## ACCOUNTING BY THE TRUSTEE

The Trustee shall from time to time render an account of his trust to each income beneficiary or, if an income beneficiary is not then legally competent or is not then living and a guardian, conservator, executor, or any other fiduciary has been legally appointed for such income beneficiary, to such fiduciary. "Income beneficiary" shall mean each person who is eligible to receive income during the period covered by the account; provided, however, that while the Grantor is living and competent, she may waive, in writing the necessity of such an accounting. The assent to such account by a majority of such income beneficiaries and such fiduciaries shall be a complete discharge of the Trustee as to all matters included in such account or reflected thereby. The failure of any such income beneficiary or fiduciary to object to any account by written instrument filed with the Trustee within thirty (30) days after the rendering of such account shall conclusively be deemed to be an assent thereto.

## ARTICLE 6

## PROVISIONS RELATING TO PAYMENT OF TAXES AND OTHER ITEMS

Notwithstanding any other Article of this trust:

6.1  Discretionary Payments. The Trustee may pay to the Grantor's estate such amounts as she deems advisable from the principal of the trust under Article 1 for the payment of the Grantor's debts, funeral expenses, estate administration expenses and taxes payable by reason of her death. The Trustee may also pay such taxes directly to the taxing authorities involved.

6.2  Mandatory Payments. If the payment of the Grantor's debts, funeral expenses, estate administration expenses and taxes payable by reason of her death would require resort to any property devised or bequeathed in the Grantor's will other than by the residuary clause thereof, the Trustee is directed to pay to the Grantor's estate or directly to the taxing authorities involved amounts from the principal of the trust under Article 1 sufficient to avoid resort to any of said property.

## ARTICLE 7
## PROVISIONS RELATING TO TRUSTEESHIP

7.1  No Trustee shall be required to give a bond for the performance of his duties or to furnish a surety on any bond required by a court of competent jurisdiction. Unless due to his own willful default or gross negligence, no Trustee shall be liable for his acts or omissions or those of any co-Trustee or prior Trustee. The Trustee shall be indemnified and held harmless to the extent of the property held hereunder for any liability incurred by him while acting hereunder except liabilities incurred by him through her own willful default or gross negligence.

7.2  Any Trustee may resign by notifying the Grantor or, in the event of the Grantor's incompetency or after her death, any other Trustee or, if there is no other

Trustee, those persons entitled to an accounting under Article 5, by written instrument signed and acknowledged by the resigning Trustee.

7.3  The Grantor shall have the right while living and competent to remove any Trustee by notifying such Trustee by written instrument signed and acknowledged by the Grantor.

7.4  At such time as **Amin Nabhan** shall fail or cease to serve as trustee hereunder, **Jamile Nabhan.** shall serve as successor trustee hereunder upon her written acceptance. The Grantor may appoint successor additional Trustees during her lifetime. Any appointment of a Trustee hereunder shall be by a written and acknowledged instrument and shall not take effect until the appointee shall endorse his acceptance thereon. If, however, at any time during the incompetency of the Grantor or after her death, there is not a Trustee capable of performing his duties, then upon petition to a court of competent jurisdiction with notice to all beneficiaries hereunder, a successor Trustee shall be appointed by such court.

7.5  Whoever shall act as Trustee shall have all the rights, powers, duties, discretions, and exemptions given to the named Trustee.

7.6  If, at any time when there is more than one Trustee, any Trustee shall be mentally or physically incapable of performing his duties, it shall not be necessary for such Trustee to resign or to be removed in order that the trust may continue to be administered. The other Trustees may administer the trust during such incapacity without the concurrence of the incapacitated Trustee.

7.7  If, at any time when there is more than one Trustee, any Trustee shall fail or cease to serve, no vacancy shall result so long as there remains at least one trustee so to serve.

7.8   The Trustees may from time to time authorize any one or more of them to execute instruments including, without limitation, checks, notes and drafts, on behalf of the Trustees hereunder. Any individual Trustee may delegate from time to time all his powers and duties to the other Trustee. Any such delegation shall be by a written and acknowledged instrument delivered to the other Trustees and shall not exceed a period of six (6) months.

7.9   A written instrument signed by any Trustee as to the identity of the Trustees or as to any other facts or matters relating to the trust or its management shall be conclusive as to all facts stated in such instrument in favor of any person relying thereon, and no one dealing with any Trustee shall be held to see to the application of any money or property transferred to or upon the order of such Trustee.

7.10   No Trustee shall be liable for the default of the executor of the will of the Grantor. No Trustee shall be liable for the failure to demand or contest an accounting of any fiduciary, to seek redress of any breach of any fiduciary duty, or to require delivery of any property from a fiduciary unless such failure is due to the Trustee's own willful default or gross negligence.

7.11   No provision of this trust shall be construed as requiring the Trustee to take any part in the preparation of any estate tax return or in the computation of any such tax, and the Trustee may rely on such computations made by the appropriate fiduciaries.

7.12   Any decision made by a Trustee involving a discretionary power under this trust, any computation made for purposes of funding separate trusts or shares, and any computation made for purposes of determining a payment pursuant to Article 6 shall be final and binding on all persons interested.

## ARTICLE 8
### GRANTOR'S POWER TO AMEND AND REVOKE

The Grantor shall have the right while living, and competent to amend or revoke this trust at any time by delivering to the Trustee a written instrument signed and acknowledged by the Grantor. Upon the Trustee's receipt of an instrument of revocation this trust shall terminate and the Trustee shall distribute to the Grantor or her designee the property remaining in trust less such charges, taxes, and assessments as may be properly charged to or assessed upon such property. The Grantor's receipt shall be a full discharge of the Trustee.

## ARTICLE 9
## TITLE TO REAL PROPERTY

If at any time the Trustee shall hold title to real estate or any interest therein, this instrument shall not need to be recorded in any Registry of Deeds. An instrument in accordance with Section 7.9 above shall be sufficient to convey real estate or any interest therein without further inquiry.

## ARTICLE 10
## GOVERNING LAW, PRESUMPTIONS, DEFINITIONS AND TITLES

10.1  This trust shall at all times be governed, construed and administered in accordance with the laws of the Commonwealth of Massachusetts.

10.2  Whenever the Trustee is directed to distribute property to an individual's issue by right of representation without further definition, the property shall be divided into shares beginning with the first generation below such individual, whether or not there are members of such generation living at the time of distribution. Subdivision of shares for successive generations shall be made in the same manner.

10.3  The incompetency of the Grantor shall be determined by the Trustee. The mental or physical incapacity of a Trustee shall be determined by the other Trustees.

Any such determination when supported by the certificate of a disinterested physician shall be final and binding on all persons interested or relying thereon. In the event the Grantor serves as the only trustee, her incompetency shall be determined by the certificate of a disinterested physician, whereupon the successor trustee shall serve as the trustee hereunder and the Grantor shall be deemed to have resigned as trustee.

10.4   Whenever the context permits, the term "Trustee" shall include the Trustee or Trustees then serving hereunder, the term "Executor" shall include "Administrator," the use of a particular gender shall include any other gender, and references to the singular or the plural shall be interchangeable.

10.5   The terms "child" and "children" and "grandchildren" and "issue" shall include the Grantor's lawful lineal descendants, by blood or by adoption only of the Grantor's children Amin Nabhan, Jamile Nabhan and Faye Nabhan. Insofar as the Grantor has failed to provide for her other children or issue of any degree, such failure is intentional and not occasioned by accident or mistake it being the specific intention of the Grantor to exclude (without limitation) her children Adib Nabhan, George Nabhan and Louis Nabhan and their issue as beneficiaries hereunder.

10.6   The titles of all Articles hereunder are inserted for reference only and do not affect the interpretation of this trust.

(end of page)

IN WITNESS WHEREOF the said Mary Nabhan hereunto sets her hand and seal this 28 day of October, 2005 executing two identical copies of this instrument, each of which shall constitute an original.

MARY MABHAN
_____
Mary Nabhan


THE COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                        October 28, 2005

On this 28th day of October, 2005, before me, the undersigned notary public, personally appeared Mary Nabhan, proved to me through satisfactory evidence of identification, which were valid Florida ID w/photo, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that she signed it voluntarily for its stated purpose,

Jeanne M Corning
_____
Notary Public
My Commission Expires:

Jeanne M. Corning
Notary Public
My Commission Expires March 2, 2012
Commonwealth of Massachusetts

I, Amin Nabhan, sole trustee of the Trust, acknowledge receipt of the within First Amendment to the Mary Nabhan Revocable Trust of 1995 this 28 day of October, 2005.

_____
Amin Nabhan


c:\documents\clients\current\nabhan, mary\trusts\first amendment.doc

Page 13 of 13