```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS

                                        CIVIL ACTION NO.
                                        2003-CV-12426 RCL
_____
                                   )
CAREFREE PARK CORPORATION,         )
AMIN NABHAN AND JAMILE NABHAN      )
                                   )
           Plaintiffs,             )
                                   )
v.                                 )
                                   )
ADIB NABHAN                        )
                                   )
           Defendant.              )
_____)
```

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S PROPOSED REAL ESTATE EXPERT, <u>JOHN PETERSEN, AND DEFENDANT'S MOTION TO STRIKE</u>**

Defendant, Adib Nabhan, ("Defendant" or "Adib") submits this Memorandum of Law in Opposition to Carefree Park Corporation, Amin Nabhan and Jamile Nabhan's (collectively "Plaintiffs") Supplemental Memorandum in Further Support of Their Motion to Exclude Testimony of Defendant's Proposed Real Estate Expert, John Peterson, ("Supplemental Motion" or "Motion") and hereby moves to strike same.[1] The testimony of Defendant's proposed real estate expert, John G. Petersen

---

[1] All references herein to ``Pltfs. Supp. Mem. at ____'' refer to Plaintiffs' Supplemental Memorandum in Further Support of Their *Motion In Limine* to Exclude Testimony of Defendant's Proposed Real Estate Expert, John Petersen dated January 27, 2006.

("Petersen"), is relevant and should be admitted. Petersen intends to testify about the value of the properties in Salisbury, Massachusetts owned or controlled by the Plaintiffs, Adib and other members of the Nabhan family ("Massachusetts properties"). Petersen's testimony is highly relevant because Adib has asked the Court to order a buy-out of his interests in these properties.[2] Moreover, Plaintiffs' contention that Adib has either lost or never has had an interest in several of the Massachusetts properties is not only inaccurate, but has no bearing upon the relevancy of Petersen's testimony. As such, Plaintiffs' Supplemental Motion should be denied.

Additionally, Plaintiffs' Motion should be stricken because it was untimely filed. Plaintiffs' Supplemental Motion was filed <u>two weeks</u> after the Court-ordered deadline and, as such, should be stricken in its entirety.

I.   **PROCEDURAL HISTORY**

As the Court is aware, this case involves allegations of breach of fiduciary duty and conversion coupled with a request for an accounting in the context of a close corporation and family run-business. Carefree Park Corporation ("Carefree") is owned in equal one-third parts by three siblings – Plaintiffs Amin Nabhan ("Amin") and Jamile Nabhan ("Jamile") and Defendant,

---

[2] Adib has not asked the Court to <u>divide</u> up the Massachusetts properties. Adib has, instead, asked the Court to order a <u>buy-out</u> of his interests. Given that, Petersen's testimony about what each of those properties is worth is highly relevant.

Adib Nabhan. Additionally, Amin and Adib are co-beneficiaries and co-trustees of the Adele Realty Trust. Plaintiffs and Adib, along with other members of the Nabhan family, also own or have beneficial interests in several additional properties in Salisbury, Massachusetts.

Adib has asserted counterclaims against Carefree, Amin and Jamile for breach of fiduciary duty, conversion, accounting, quantum merit and unjust enrichment. Adib is seeking an accounting and a Court ordered buy-out of Adib's interest in Carefree and Adele Realty Trust.

In Plaintiffs' responses to Adib's First Set of Interrogatories, specifically in Response to Interrogatory No. 11, Plaintiffs admitted that the Adele Realty Trust, of which Adib is indisputably a 50% co-beneficiary and co-trustee with Amin, owns the following properties: 6 Ocean Front South; 20 Ocean Front South; and 14 Central Avenue. A true and correct copy of Plaintiffs' Response to Defendant Adib Nabhan's First Set of Interrogatories dated May 26, 2004, is attached hereto as Exh. A, see pp. 10-11. Additionally, during Amin's deposition, he admitted that Adele Realty Trust owns a 50% interest in the properties located at 18, 22, 24 and 28 Central Avenue. As such, Plaintiffs' baseless contention that Adib does not have an ownership interest in "all of the parcels" that comprise 14-28 Central Avenue is directly refuted by their own earlier

admissions. *See* Pltfs. Supp. Mem. at 3-4. Adib does, in fact, possess an ownership interest in 14-28 Central Avenue.[3]

On November 14, 2005, the parties filed a Joint Pretrial Memorandum which stated specifically that Defendant intended to ask the Court to order a buy-out of his interests in the properties owned by Plaintiffs and Adele Realty Trust. Notably, the Joint Pretrial Memorandum also specifically identified Petersen as Defendant's real estate expert and provided a detailed synopsis of his proposed testimony. On November 17, 2005, the parties attended a pretrial conference at which time the Court directed that all motions *in limine* were to be filed by January 13, 2006.

On January 12, 2006 and on January 16, 2006, Adib served Petersen's expert reports. Petersen's reports provide a detailed estimate of the fair market value of the Massachusetts properties.

On January 13, 2006, as directed by the Court, Plaintiffs filed a Motion *In Limine* and Memorandum in Support to Exclude the Testimony of Defendant's Proposed Expert Witnesses

---

[3] Additionally, and as discussed more fully below, the January 20, 1974 deed that Plaintiffs cite in support of their contention that Amin is the sole owner of 14 Central Avenue is not only incomplete but is purposefully misleading. *See* Pltfs. Supp. Mem. at 3 n. 4. The deed cited by Plaintiffs is only <u>one of two</u> deeds registered on January 20, 1974. Plaintiffs failed to provide the Court with the second deed filed on January 20, 1974 in which Amin transferred 14 Central Avenue back to Adele Nabhan.

("Original Motion *in Limine*").[4] Tellingly, Plaintiffs' Original Motion *in Limine* never mentioned that Peterson's proposed testimony should be precluded because of relevancy.[5] Instead, Plaintiffs' Original Motion *in limine* relied entirely upon the argument, albeit a flawed one, that Petersen's report should be precluded because it was exchanged after the Court ordered deadline.[6] Unbeknownst to Defendant, and two weeks <u>after</u> the Court ordered deadline, Plaintiffs' filed this new Motion (which they self-servingly titled a "supplemental" motion in "further" support) in which they raise entirely new defenses to Adib's counterclaims.

## II. ARGUMENT

Petersen's testimony concerning the value of the Massachusetts properties is relevant and admissible. Because Adib has requested that the Court order a buy-out of his

---

[4] Defendant also timely filed two separate motions *in limine*.

[5] Plaintiffs admit in the opening paragraph of their Motion that their ``irrelevancy'' argument is new. Specifically, Plaintiffs' state as follows:

> ``Plaintiffs now move to exclude the testimony of Defendant's proposed real estate expert, John Petersen, for the <u>additional</u> reason that Mr. Petersen's proposed testimony is wholly irrelevant both to the claims at issue and to the relief sought by either side (emphasis added).''

*See* Pltfs. Supp. Mem. at 1.

[6] As discussed more fully in Defendant's Opposition to Plaintiffs' Motion *In Limine* and Memorandum In Support to Exclude Testimony of Defendant's Proposed Expert Witness (``Defendant's Opposition''), Plaintiffs were in no way prejudiced by the timing of the exchange of Petersen's expert report. Plaintiffs were made aware at least three months before trial that Defendant intended to call Petersen to provide expert testimony concerning the value of Massachusetts properties at issue in this case. Defendant hereby incorporates by reference Defendant's Opposition dated January 27, 2006.

5

interests in the Massachusetts properties, Petersen's proposed testimony concerning the value of each of the properties is clearly relevant. Moreover, Plaintiffs' argument that Adib has no interest in several of the Massachusetts properties is not only inaccurate, but is also purposefully misleading. Because Petersen's expert testimony will assist the jury in deciding the value of the Massachusetts properties and, further, will assist them in determining how much Adib's interests are worth, Petersen's proposed testimony is clearly admissible.

Additionally, although Plaintiffs have attempted to disguise their late filed Motion as a "supplemental" motion, it should not be treated as such. Plaintiffs' Supplemental Motion is, in fact, a new and distinct motion *in limine* premised upon defenses that have never before been raised. Allowing Plaintiffs' Motion will cause unnecessary, unfair and unjustified costs and delay and, as such, it should be denied.

### a. Petersen's Proposed Testimony Is Relevant And Will Assist The Jury

Plaintiffs' argument that Petersen's proposed testimony is "irrelevant" should be summarily rejected by the Court. Contrary to Plaintiffs' assertion the appraisals of the Massachusetts properties have direct bearing upon Adib's counterclaims of misappropriation and conversion as well as on his requested relief – a court ordered buy-out of his interests.

*See* Joint Pretrial Memorandum at 3 and 9.[7] As such, Mr. Petersen's testimony concerning the value of the real estate is highly relevant.

Under Federal Rule of Evidence 702, an expert's testimony is considered to be relevant whenever the expert's specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. *See, e.g., Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998) (expert's proposed opinion need only assist the trier of fact to understand or determine a fact in issue). Trial courts have great latitude in assessing whether the expert testimony will assist the jury in making such a determination. *See, e.g., Bado-Santana v. Ford Motor Co.*, 364 F.Supp.2d 79, 100-101 (D.P.R. 2005). Any shortcomings in the expert's opinion goes to the weight of the testimony and not to its admissibility. *See, e.g., Cummings v. Standard Register Co.*, 265 F.3d 56, 65 (1st Cir. 2001).

Moreover, Plaintiffs' argument that Adib has no ownership interest in 14 Central Avenue is simply wrong. In support of their baseless contention, Plaintiffs attach a deed dated

---

[7] The fact that Adib did not specifically spell out in his Answer to Plaintiffs' First Amended Complaint that he intended to ask the Court to order a buy-out is completely irrelevant. *See* Pltfs. Supp. Mem. at 2. Notably, not only does Adib's Answer state that Adib will ask the Court to ``grant such other and further relief as is just,'' but Adib also specifically stated in the Joint Pretrial Memorandum that he planned to ask the Court to order an equitable distribution of the property. *See* Pretrial Memorandum at 3 and 9.

January 20, 1974, which they claim shows that Amin owns 14 Central Avenue. *Id.* n. 4. Not so. <u>Amin, in fact, deeded the property back to Adele on that very same day</u>. A true and correct copy of Amin's deed to Adele dated January 20, 1974 is attached hereto as Exh. B. For whatever reason, Plaintiffs failed to attach the second, later filed deed showing that Adele was actually the owner of 14 Central Avenue.

Further, Plaintiff's Answers to Interrogatories specifically state that the owner of 14 Central Avenue is the Adele Realty Trust. See Exh. A, Response to Interrogatory 11, Plaintiffs' Answers to Defendant's Interrogatories. Plaintiffs concede Adib is a beneficiary of that that Trust. *See* Pltfs. Supp. Mem., § 1. b.

In regard to the parcels of land owned by Carefree (11 Atlantic Avenue) and Adele Realty Trust (18 Central Avenue, 14-28 Central Avenue as well as 6 and 20 Ocean Front South), the relevancy of Petersen's proposed testimony could not be more obvious. *See* Pltfs. Supp. Mem. at 3-6. Adib has specifically requested that the Court order a buy-out of his interests in these properties and, as such, Petersen's testimony in this regard is highly relevant and should be admitted.

Furthermore, as Plaintiffs themselves admit, Adib was removed by his brother as a trustee of the Mary Nabhan Nominee Trust of 1995 (which owns the properties located at 22 and 24

Central Avenue) in 2001 - leaving Amin as the sole trustee thereof. *See* Pltfs. Supp. Mem. at 4.  Peterson's testimony about the value of this property, which will allow the jury to calculate the amount of monies that Adib has lost as a result of his removal, also has direct bearing upon the case.  The same holds true for the property located at 28 Central Avenue, which is owned by the Habib Nabhan Nominee Trust of 1995.  As Plaintiffs admit, Amin, Jamile <u>and</u> Adib are all beneficiaries of the Habib Nabhan Revocable Trust.  *Id.* at 5.  The fact that two other non-party members of the Nabhan family are also beneficiaries does not change Petersen's proposed testimony concerning the value of that property nor does it make his testimony irrelevant.  Given the foregoing, Petersen's testimony is clearly relevant and he should not be precluded from testifying at trial.

      **b. Plaintiffs Supplemental Motion Was Untimely Filed And Should Be Stricken**

In accordance with this Court's pretrial scheduling order, motions *in limine* were due on January 13, 2006.  Plaintiffs, cognizant of that deadline, timely filed their Original Motion *in limine* by that date.  Nevertheless, through a January 27, 2006 "Supplemental Motion," Plaintiffs now argue, <u>for the first time</u>, that the proposed testimony of Defendant's real estate

expert is irrelevant.[8] *See* Pltfs. Supp. Mem. at 1-3. What Plaintiffs self-servingly dub a "Supplemental" Motion is, in every respect, an untimely motion *in limine* containing new arguments which should have been, and indeed could have been, raised in their Original Motion *in limine*.

This type of surprise tactic is precisely the sort of belated motion practice that this Court's pretrial order and the Federal Rules of Civil Procedure seek to prevent. Plaintiffs' Supplemental Motion was untimely filed, therefore, should be stricken in its entirety.

### III. CONCLUSION

For the foregoing reasons, this Court should deny and/or Strike Plaintiffs' Supplemental Motion In Limine In Further Support of Their Motion to Exclude Testimony of Defendant's Proposed Real Estate Expert John Petersen.

                            ADIB NABHAN

                            By his attorney,

                            /s/ Ian Crawford
                            Ian Crawford (BBO#544475)
                            Todd & Weld LLP
                            28 State Street
                            Boston, MA  02109
                            (617) 720-2626
                            icrawford@toddweld.com

---

[8] It is preposterous for Plaintiffs to argue on the one hand that Defendant's experts should be precluded from testifying because their reports were exchanged late while, on the other hand, filing an untimely motion asserting brand new defenses to Adib's counterclaims. Plaintiffs simply cannot have it both ways.

                                  Doyle C. Valley, Esquire  
                                  Morrison Mahoney LLP  
                                  250 Summer Street  
                                  Boston, MA  02210  
                                  (617) 737-8846  
                                  dvalley@morrisonmahoney.com

DATED:  February 3, 2006

**CERTIFICATE OF SERVICE**

I, Doyle C. Valley, hereby certify that Defendant's Opposition To Plaintiffs' Supplemental Memorandum In Further Support Of Their Motion To Exclude Testimony Of Defendant's Proposed Real Estate Expert, John Petersen, And Defendant's Motion To Strike, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 3, 2006.

/s/ Doyle C. Valley
Doyle C. Valley