

**UNTIED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| CAREFREE PARK CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO.  03-CV-12426 RCL |
| ADIB NABHAN, | ) | |
| Defendant. | ) | |

**PLAINTIFF CAREFREE PARK CORPORATION'S RESPONSE TO DEFENDANT**
**ADIB NABHAN'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 33, plaintiff Carefree Park Corporation ("Carefree Park") responds as follows to defendant's First Set of Interrogatories.

**PRELIMINARY STATEMENT**

By making information and/or documents available to the defendant, Carefree Park does not waive any objections that Carefree may have regarding defendant's use of information or documents or regarding the truth or accuracy of any characterization contained in the interrogatories.  Carefree Park reserves its rights to raise all of its objections identified herein, or to object on other grounds, as to the use of information provided or documents produced, in whole or in part, or to the subject matter covered thereby, in any subsequent proceeding or trial of this or any other action.  Carefree Park reserves the right to object on any and all proper grounds at any time, to other discovery procedures involving or relating to the subject matter of any information provided or document produced by Carefree Park.  Carefree Park in no way admits the authenticity, competency, relevance, materiality, probative value, or admissibility of any information and/or documents provided herein, and Carefree Park reserves all objections on these grounds.

BOS1384124 2

Carefree Park's responses are and will be based on information acquired to date and upon the present state of Carefree Park's pretrial preparation. Carefree Park's responses are and will be based on Carefree Park's best information and belief, in light of the information currently available.

## GENERAL OBJECTIONS

Carefree Park incorporates the following General Objections into each and every objection and/or individualized response contained herein, as set forth below, and into each and every amendment, supplement or modification to these responses hereafter provided to the specific interrogatories. These General Objections have been set forth herein to avoid duplication and repetition from restating them in response to each interrogatory. The Preliminary Statement and General Objections may be referred to in response to certain interrogatories for the purpose of clarity only. Carefree Park does not waive any General Objections in response to any specific interrogatory propounded. Carefree Park sets forth the following general objections to defendant's interrogatories:

1.     Carefree Park objects to each of the interrogatories, definitions and instructions to the extent that it seeks to impose an obligation or burden beyond that required by the Federal Rules of Civil Procedure. Carefree Park will respond to the interrogatories to the extent required by the applicable Rules.

2.     Carefree Park objects to each interrogatory to the extent that it seeks information that is protected from discovery by the Attorney-Client Privilege, the Work-Product Doctrine, or any other privilege or immunity from discovery.

3.     Carefree Park objects to each interrogatory to the extent that it seeks information that is already in the possession of the defendant or information that is equally available to the defendant.

4.      Carefree Park objects to each interrogatory to the extent that it is overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Carefree Park objects to each interrogatory to the extent that the interrogatories are duplicative, unreasonably cumulative and/or oppressive.

6.      Carefree Park objects to each interrogatory to the extent that it seeks information that is subject to the protection afforded trade secrets or confidential research, development, commercial, or proprietary information.

7.      Carefree Park objects to each interrogatory to the extent that it is vague and/or ambiguous.

8.      Carefree Park objects to each interrogatory to the extent that it calls for information that is not in the possession, custody, or control of Carefree Park.

9.      Carefree Park objects to the definition of "document" to the extent that it exceeds the definition of document set forth in Fed. R. Civ. P. Rule 34 (a).

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Please identify yourself, including your full name, social security number, date of birth, residential address, business address, occupation and the nature of your relationship to Carefree.

### RESPONSE TO INTERROGATORY NO. 1:

Amin Nabhan
DOB ▮▮▮▮▮
SSN ▮▮▮▮▮
Residential Address: 6 Lancaster Place, Andover, MA 01952
Business Address: 20 Ocean Front South, Salisbury Beach, MA 01952
President, Director and owner of one-third of the shares of Carefree Park Corporation

**INTERROGATORY NO. 2**

Please identify each person with whom you consulted (other than your attorney) and identify each document which you referred to for information used in answering these interrogatories.

**RESPONSE TO INTERROGATORY NO. 2:**

See General Objections. I consulted with my sister Faye Nabhan-Robertson. With regard to the documents I consulted, pursuant to Fed. R. Civ. P 33(d), please see the documents produced as part of Carefree Park's initial disclosure pursuant to Fed. R. Civ. 26(a)(1) and in response to Defendant, Adib Nabhan's First Request For Production of Documents to Plaintiff, Carefree Park Corporation.

**INTERROGATORY NO 3**

Please describe in detail any and all communications between you and any person relating to or concerning Carefree's business operations in Flonda, identifying in your answer with respect to any communication:

    (a)    the date and place of each such communication;

    (b)    the form of such communication (whether by telephone, in writing, in person, or otherwise);

    (c)    the identity of each person involved in such communication;

    (d)    any document or documents prepared to record or in any way preserve any part or all of the substance of what was said during such communication; and

    (e)    the substance of such communication.

**RESPONSE TO INTERROGATORY NO. 3:**

See General Objections. Carefree Park further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, inasmuch as it calls for information concerning hundreds or thousands of communications over the 20 years that Carefree Park has had a business operation in Florida. Without waiving those objections, and subject to them, pursuant to Fed. R. Civ. P 33(d), please see the documents produced as part of Carefree Park's

initial disclosure pursuant to Fed. R. Civ. 26(a)(1) and in response to Defendant, Adib Nabhan's

First Request For Production of Documents to Plaintiff, Carefree Park Corporation.

**INTERROGATORY NO. 4**

Please describe in detail any and all communications between you and any person

relating to or concerning Fun Center, Fun Depot or Fun Depot, Inc., identifying in your answer

with respect to any communication:

  (a)    the date and place of such communication;

  (b)    the form of such communication (whether by telephone, in writing, in person, or
         otherwise);

  (c)    the identity of each person involved in such communication;

  (d)    any document or documents prepared to record or in any way preserve any part
         or all o the substance of what was said during such communication; and

  (e)    the substance of such communication.

**RESPONSE TO INTERROGATORY NO. 4**

See General Objections. Carefree Park further objects to this interrogatory on the

grounds that it is overly broad and unduly burdensome, inasmuch as it calls for information

concerning hundreds or thousands of communications over the 20 years that Carefree Park has

had a business operation in Florida. Without waiving those objections, and subject to them,

pursuant to Fed. R. Civ. P 33(d), please see the documents produced as part of Carefree Park's

initial disclosure pursuant to Fed. R. Civ. 26(a)(1) and in response to Defendant, Adib Nabhan's

First Request For Production of Documents to Plaintiff, Carefree Park Corporation.

**INTERROGATORY NO. 5**

Please describe in detail any and all communications between you and Nabhan relating

to or concerning Carefree's business operations in Massachusetts, identifying in your answer

with respect to any communication:

  (a)    the date and place of each such communication;

(b)     the form of such communication (whether by telephone, in wnting, in person, or otherwise);

(c)     the identity of each person involved in such communication;

(d)     any document or documents prepared to record or in any way preserve any part or all of the substance of what was said during such communication; and

(e)     the substance of such communication.

**RESPONSE TO INTERROGATORY NO. 5:**

See General Objections. Carefree Park further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, inasmuch as it calls for information concerning hundreds or thousands of communications over the nearly 35 years that Adib Nabhan and Amin Nabhan were involved together in Carefree Park and other related business operations in Massachusetts. Without waiving those objections, and subject to them, pursuant to Fed. R. Civ. P 33(d), please see the documents produced as part of Carefree Park's initial disclosure pursuant to Fed. R. Civ. 26(a)(1) and in response to Defendant, Adib Nabhan's First Request For Production of Documents to Plaintiff, Carefree Park Corporation.

**INTERROGATORY NO. 6**

Please describe in detail any and all communications between you and Nabhan relating to or concerning the Adele Realty Trust, identifying in your answer with respect to any communication:

(a)     the date and place of each such communication;

(b)     the form of such communication (whether by telephone, in writing, in person, or otherwise);

(c)     the identity of each person involved in such communication,

(d)     any document or documents prepared to record or in any way preserve any part or all of the substance of what was said during such communication; and

(e)     the substance of such communication.

**RESPONSE TO INTERROGATORY NO. 6**

See General Objections. Carefree Park further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, inasmuch as it calls for information concerning hundreds or thousands of communications over the nearly 12 years that Adib Nabhan and Amin Nabhan were involved together in the affairs of the Adele Realty Trust. Without waiving those objections, and subject to them, pursuant to Fed. R. Civ. P 33(d), please see the documents produced as part of Carefree Park's initial disclosure pursuant to Fed. R. Civ. 26(a)(1) and in response to Defendant, Adib Nabhan's First Request For Production of Documents to Plaintiff, Carefree Park Corporation.

**INTERROGATORY NO. 7**

Please describe in detail any and all communications between you and any person other than Nabhan relating to or concerning the Adele Realty Trust, and identifying in your answer with respect to any relevant communication:

    (a)    the date and place of such communication;

    (b)    the form of such communication (whether by telephone, in writing, in person, or otherwise);

    (c)    the identity of each person involved in such communication;

    (d)    any document or documents prepared to record or in any way preserve any part or all of the substance of what was said during such communication; and

    (e)    the substance of such communication.

**RESPONSE TO INTERROGATORY NO. 7**

See General Objections. Carefree Park further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, inasmuch as it calls for information concerning hundreds or thousands of communications over the nearly 12 years that Adib Nabhan and Amin Nabhan have been involved in the affairs of Adele Realty Trust. Without waiving those objections, and subject to them, pursuant to Fed. R. Civ. P 33(d), please see the documents

produced as part of Carefree Park's initial disclosure pursuant to Fed. R. Civ. 26(a)(1) and in

response to Defendant, Adib Nabhan's First Request for Production of Documents to Plaintiff,

Carefree Park Corporation.

## INTERROGATORY NO. 8

Please set forth each time a shareholder or officer of Carefree has traveled to Florida,

including in your answer:

      (a)    the dates of travel;

      (b)    the reason for the travel;

      (c)    the identity of each person accompanying him; and

      (d)    a detailed description of any work performed on behalf of Carefree, Fun Center, Fun Depot or Fund Depot, Inc, if any.

## RESPONSE TO INTERROGATORY NO. 8

See General Objections. Carefree Park further objects to this interrogatory on the grounds

that it is overly broad and unduly burdensome, inasmuch as it calls for information concerning

the details of scores of trips that Amin Nabhan made to Florida beginning in 1957. Without

waiving those objections, and subject to them, Carefree Park states from the time that Carefree

Park purchased the property it presently owns in Lake Worth, Florida (the "Lake Worth

property") until 1988, Amin Nabhan managed the Lake Worth property from Massachusetts. In

that capacity, Amin Nabhan traveled frequently from Massachusetts to Florida to deal with

tenants, real estate agents, bankers etc. In 1988, Adib Nabhan relocated to Florida to manage the

Lake Worth property on behalf of Carefree Park. After 1988, Amin Nabhan continued to travel

to Florida for the last two weeks of every year, during which time he assisted Adib Nabhan in

whatever way Adib Nabhan requested during the busiest time of year at Carefree Park's Florida

operation. During his trip to Florida each year, Amin Nabhan also gathered financial records to

take back to Massachusetts to give to Carefree Park's accountants for the preparation of tax

returns and financial statements. Amin Nabhan continued to assist Adib Nabhan during the last

two weeks of every year until 2001, at which time Adib Nabhan told him he no longer needed or

wanted his help.

**INTERROGATORY NO. 9**

Please describe in detail the role played by any person other than Nabhan in Carefree's property in Florida, including in your answer:

(a)     the identity of each such person;

(b)     the particular activities engaged in by each such person;

(c)     the date(s) of each such activity.

**RESPONSE TO INTERROGATORY NO. 9**

See General Objections. Carefree Park further objects to this interrogatory as overly broad and unduly burdensome, inasmuch as it asks Carefree Park to identify everyone who has ever been involved in the operation of Carefree Park's Florida operation, both prior to and after the incorporation of Fun Depot, Inc., including many employees whose identity would only be known to Adib Nabhan. Without waiving those objections, and subject to them, Carefree Park states that from the time the Lake Worth property was purchased by Carefree Park in 1984 until 1988, Amin Nabhan managed the property from Massachusetts. During that period, Amin Nabhan traveled frequently from Massachusetts to Florida to deal with tenants, real estate agents, bankers etc. In 1988, Adib Nabhan relocated to Florida to manage the Lake Worth property on behalf of Carefree Park. After 1988, Amin Nabhan continued to travel to Florida for the last two weeks of every year, during which time he assisted Adib Nabhan in whatever way Adib Nabhan requested during the busiest time of year at Carefree Park's Florida operation. During his trip to Florida each year, Amin Nabhan also gathered financial records to take back to Massachusetts to give to Carefree Park's accountants for the preparation of tax returns and financial statements. Amin Nabhan continued to assist Adib Nabhan during the last two weeks of every year until 2001, at which time Adib Nabhan told him he no longer needed or wanted his help.

**INTERROGATORY NO. 10**

Please describe in detail the role played by any person other than Nabhan in managing Fun Center, Fun Depot or Fun Depot, Inc., including in your answer:

(a)    the identity of each such person;

(b)    the particular activities engaged in by each such person;

(c)    the date(s) of each such activity.

**RESPONSE TO INTERROGATORY NO. 10**

See General Objections. Carefree Park further objects to this interrogatory as overly broad and unduly burdensome, inasmuch as it asks Carefree Park to identify everyone who has ever been involved in the operation of Carefree Park's Florida operation, both prior to and after the incorporation of Fun Depot, Inc., including many employees whose identity would only be known to Adib Nabhan. Without waiving those objections, and subject to them, Carefree Park states that from the time the Lake Worth property was purchased by Carefree Park in 1984 until 1988, Amin Nabhan managed the property from Massachusetts. During that period, Amin Nabhan traveled frequently from Massachusetts to Florida to deal with tenants, real estate agents, bankers etc. In 1988, Adib Nabhan relocated to Florida to manage the Lake Worth property on behalf of Carefree Park. After 1988, Amin Nabhan continued to travel to Florida for the last two weeks of every year, during which time he assisted Adib Nabhan in whatever way Adib Nabhan requested during the busiest time of year at Carefree Park's Florida operation. During his trip to Florida each year, Amin Nabhan also gathered financial records to take back to Massachusetts to give to Carefree Park's accountants for the preparation of tax returns and financial statements. Amin Nabhan continued to assist Adib Nabhan during the last two weeks of every year until 2001, at which time Adib Nabhan told him he no longer needed or wanted his help.

**INTERROGATORY NO. 11**

Please set forth each real property in Massachusetts in which Amin Nabhan and/or Jamile Nabhan has a beneficial interest.

**RESPONSE TO INTERROGATORY NO. 11**

See General Objections. Subject to the foregoing General Objections, Carefree Park identifies the following properties:

1.    Property at 6 Ocean Front South, Salisbury, Massachusetts, owned by the Adele Realty Trust.

2.    Property at 20 Ocean Front South, Salisbury, Massachusetts, owned by the Adele Realty Trust.

3.    Property at 11 Atlantic Avenue, Salisbury, Massachusetts, owned by Carefree Park.

4.    Property at 14 Central Avenue, Salisbury, Massachusetts, owned by the Adele Realty Trust.

5.    Property at 19 Central Avenue, Salisbury, Massachusetts, owned by the Habib Realty Trust.

6.    Property at 6 Lancaster Place, Andover, Massachusetts, owned by Sarah and Amin Nabhan.

**INTERROGATORY NO. 12**

Please set forth each real property in Florida in which Amin Nabhan and/or Jamile Nabhan has a beneficial interest.

**RESPONSE TO INTERROGATORY NO. 12**

See General Objections.  Subject to the foregoing General Objections, Carefree Park identifies the following properties:

1.    2001 10th Avenue, Lake Worth, Florida, owned by Carefree Park.

2.    2343 Edgewater Drive, West Palm Beach, Florida, owned by Amin Nabhan.

**INTERROGATORY NO. 13**

Please set forth the yearly rent received by Carefree for each property it owns or manages in Massachusetts.

**RESPONSE TO INTERROGATORY NO. 13**

See General Objections. Subject to the foregoing General Objections, Carefree Park states that it receives $32,000 per annum from Carousel Lounge as rent on the property located at 20 Ocean Front South, Salisbury, Massachusetts, and $48,000 from various tenants as rent on the property located at 11 Atlantic Avenue, Salisbury, Massachusetts.

**INTERROGATORY NO. 14**

Please set forth monetary amounts received by each member of the Nabhan family from Carefree or any of its related entities.

**RESPONSE TO INTERROGATORY NO. 14**

See General Objections. Subject to the foregoing General Objections, Carefree Park states that in 2003, the following members of the Nabhan family, exclusive of Adib Nabhan, received the flowing amounts from Carefree Park or its related entities:

1.    Jamile Nabhan: $10,500.

2.    George Nabhan: $24,000

3.    Amin Nabhan: $42,500.

**INTERROGATORY NO. 15**

Please set forth monetary amounts received by each member of the Nabhan family from the Adele Realty Trust or any of its related entities.

**RESPONSE TO INTERROGATORY NO. 15**

See General Objections. Subject to the foregoing General Objections, Carefree Park states that the Adele Realty Trust does not generate any revenue, but rather is a holding trust for the property owned by Adele Nabhan. The only revenue received by the Adele Realty Trust was the money that was received from Harveys Casino Resorts to purchase an option on the property owned by the Trust. Of the $168,800 received from Harveys, approximately $107,193 was used to pay taxes on behalf of Carefree Park, approximately $35,362 was invested on behalf of Carefree Park and $26,300 was used by Amin Nabhan for personal expenses. Answering further, pursuant to Fed. R. Civ. P 33(d), please see the documents produced as part of Carefree Park's initial disclosure pursuant to Fed. R. Civ. 26(a)(1) and in response to Defendant, Adib Nabhan's First Request for Production of Documents to Plaintiff, Carefree Park Corporation.

**INTERROGATORY NO. 16**

Please set forth the manner in which Amin Nabhan and Jamile Nabhan came to believe that Fun Depot, Inc. was owned one-third each by Amin, Jamile and Adib Nabhan, as set forth in

paragraph 12 of your Complaint including in your answer any statements upon which their belief was based, the identity of the person making such statement(s) and the date(s) such statement(s) were made.

## RESPONSE TO INTERROGATORY NO. 16

See General Objections. Subject to the foregoing General Objections, Carefree Park states that from the time Carefree Park was founded by Amin Nabhan in Salisbury, Massachusetts in 1970, all of its various operations were managed by family members on behalf of the entire family, and this sharing of the benefits of the businesses had always been understood. The members of the family depended on one another and trusted one another. When Carefree Park acquired the property in Florida and started a business there, that same relationship of trust and sharing was maintained. In 1988 and 1989, Carefree Park took out a loan to remodel the exiting building into a strip shopping center. Carefree Park leased sections of the building and opened a 5000 square foot game room with equipment shipped from the Massachusetts operations. The game room was operated as Carefree Park Corp d/b/a Fun Depot. In 1992, a Go Kart track was constructed on the vacant area of the property. In 1993, batting cages were added to the complex. All were operated as Carefree Park Corp d/b/a Fun Depot. All financial statements and tax returns were filed in Massachusetts with the financial statements of the Massachusetts operation. During this time, Adib Nabhan and Amin Nabhan were in frequent phone contact regarding the operation of the business in Florida. On March 29, 1993 an incident took place at the Go Kart track, which resulted in a personal injury lawsuit against Carefree Park. As a result, Adib and Amin discussed making Fun Depot a separate entity to protect the assets of Carefree Park. This was not done until after Carefree Park built the new game room in 1996. In July of 1996, Amin, Jamile and Adib signed a new loan agreement with the bank to fund the construction of the new game room. The equipment purchased for the game room was funded by the loan signed by the Carefree Park and its principal owners. When the game room was completed, the name on it was Fun Depot and Adib told Amin that he had created Fun Depot, Inc. Adib never showed Amin and Jamile the incorporation documents for

Fun Depot, Inc. Amin and Jamile believed that Fun Depot, Inc. had been created with the same ownership structure and in the same spirit of sharing family resources and benefits that had been consistently maintained with regard to the various Carefree Park entities and enterprises since 1970.

## INTERROGATORY NO. 17

Please set forth the basis for the allegation in paragraph 19 of your Complaint that Adib Nabhan used the resources of Carefree to develop the corporate opportunity associated with the business in Florida.

## RESPONSE TO INTERROGATORY NO. 17

See General Objections. Subject to the foregoing General Objections, Carefree Park states that the purchase of the Lake Worth property was accomplished with a cash outlay from Carefree Park's assets and the proceeds of a bank loan taken out by Carefree Park. An additional loan was taken out by Carefree Park to remodel the existing building on the property. The equipment originally used to open the game room was moved from Carefree Park's Massachusetts operation to Florida. In 1996, Carefree Park remortgaged the property and took out another loan to build another building to house the game room. Answering further, pursuant to Fed. R. Civ. P 33(d), please see the documents produced as part of Carefree Park's initial disclosure pursuant to Fed. R. Civ. 26(a)(1) and in response to Defendant, Adib Nabhan's, First Request for Production of Documents to Plaintiff, Carefree Park Corporation.

## INTERROGATORY NO. 18

Please list and itemize all damages you claim are due from Nabhan, including the following in your answer:

   (a)    a description of each element of damage claimed;

   (b)    a dollar breakdown of each element of damage claimed, and

   (c)    a description of each document you rely upon to support each element of damaged claimed.

**RESPONSE TO INTERROGATORY NO. 18**

See General Objections. In addition to the foregoing General Objections, Carefree Park objects to this interrogatory as premature in light of the ongoing discovery in this case. Carefree Park expressly reserves the right to supplement its answer at the close of discovery if required to do so by the Federal Rules of Civil Procedure. Without waiving those objections and reservations and subject to them, Carefree Park states that the elements of damage will include the net profits obtained by Adib Nabhan by his operation of the business he started as a result of his diversion of a corporate opportunity from Carefree Park, the misappropriation of Carefree park's assets and his various breaches of his fiduciary duty. Another element is the fair market value of the rent that Adib Nabhan has failed to pay for the operation of the business at the Lake Worth property. Answering further, pursuant to Fed. R. Civ. P 33(d), please see the documents produced as part of Carefree Park's initial disclosure pursuant to Fed. R. Civ. 26(a)(1) and in response to Defendant, Adib Nabhan's, first Request for Production of Documents to Plaintiff Carefree Park Corporation.

**INTERROGATORY NO. 19**

Please identify all statements made by you, Nabhan or any other person with respect to the facts and occurrences alleged in the Complaint, including, but not limited to, date of statement, name and address of person making it, name and address of person to whom it was made, name and address of person having present custody of it, and substance of each such statement.

**RESPONSE TO INTERROGATORY NO. 19**

See General Objections. Carefree Park further objects to the interrogatory to the extent it asks Carefree Park to identify statements made by Adib Nabhan. The existence and contents of such statements are at least as well known to Adib Nabhan as to Carefree Park and in some instances may be exclusively within the knowledge of Adib Nabhan. Without waiving those objections, and subject to them, Carefree Park states that none of its officers or shareholders has made any statements regarding this matter or the allegations in the complaint except to counsel.

**INTERROGATORY NO. 20**

Please set forth the assets Carefree moved to Florida, as alleged in Paragraph 8 of your

Complaint, including the following in your answer:

    (a)    a description of each asset;

    (b)    the value of each asset at the time the asset was moved;

    (c)    the record owner of the asset; and

    (d)    if the asset was returned to Carefree the value upon return.

**RESPONSE TO INTERROGATORY NO. 20**

See General Objections. Subject to the foregoing General Objections, pursuant to Fed. R.

Civ. P 33(d), please see the documents produced as part of Carefree Park's initial disclosure

pursuant to Fed. R. Civ. 26(a)(1) and in response to Defendant, Adib Nabhan's First Request for

Production of Documents to Plaintiff, Carefree Park Corporation.

**INTERROGATORY NO. 21**

Please state in full and complete detail how Nabhan's actions caused damage to you or

any person with a beneficial interest in plaintiff.

**RESPONSE TO INTERROGATORY NO. 21**

See General Objections. In addition to the foregoing General Objections, Carefree Park

objects to this interrogatory as premature in light of the ongoing discovery in this case. Carefree

Park expressly reserves the right to supplement its answer at the close of discovery if required to

do so by the Federal Rules of Civil Procedure. Without waiving those objections and

reservations, and subject to them, Carefree Park states that the damages suffered by its

shareholders include the loss of benefits, in an amount to be determined, that they would have

received if the corporate opportunity and the assets associated with the Florida operation had not

been misappropriated by Adib Nabhan and if the Florida operation had continued to be run after

1996 as it had since 1984 and as Carefree Park's business in Massachusetts had since 1970, for

the benefit of all of the members of the Nabhan family.

BOS1384124 2                                                16

## INTERROGATORY NO. 22

Please state the name, residence address and business address of each person having knowledge of discoverable facts pertinent to the allegations contained in the Complaint, indicating the substance of the information that each person is known or believed to possess.

## RESPONSE TO INTERROGATORY NO. 22

See General Objections. In addition to the foregoing General Objections, Carefree Park objects to this interrogatory as premature in light of the ongoing discovery in this case. Carefree Park expressly reserves the right to supplement its answer at the close of discovery if required to do so by the Federal Rules of Civil Procedure. Carefree Park further objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege or the attorney work product doctrine. Without waiving those objections and reservations, and subject to them, please see the list of witnesses identified in Carefree Park's initial disclosure pursuant to Fed. R. Civ. 26(a)(1). All the witnesses identified have general knowledge of Carefree Park's business operations in Massachusetts and Florida and the maintenance of those businesses and the distribution of their profits for the benefit of all the members of the Nabhan family.

## INTERROGATORY NO. 23

Please state the name, residence address and business address of each person whom you expect to call as an expert witness at the trial of this matter, and for each such person, please state:

(a)    the specialty and professional education and experience of the expert;

(b)    the subject matter upon which the expert is expected to testify;

(c)    the substance of the facts and opinions to which the expert is expected to testify; and

(d)    a summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 23**

See General Objections.  In addition to the foregoing General Objections, Carefree Park objects to this interrogatory as premature in light of the ongoing discovery in this case. Answering further, Carefree Park states that it has not yet determined whom it will call as expert witnesses in this case. Carefree Park expressly reserves its right to supplement its answer to this interrogatory prior to trial, if required to do so by the Federal Rules of Civil Procedure.

Signed under the pains and penalties of perjury this
26th day of May, 2004

CAREFREE PARK CORPORATION


By: _____
          Amin Nabhan


As to objections:

_____
Robert J. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

Dated:  May 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on May 26, 2004.

_____
Gordon M. Jones, 3rd

BOS1384124 2

FROM :CAREFREE PARK        FAX NO. :9784992931      May. 26 2004 01:54PM P1
SENT BY:BOSTON, MA      ; 5-26- 4 ; 1:31PM ;BUILDING, MIDDLEROOTT-

Signed under the pains and penalties of perjury this
26th day of May, 2004

CAREFREE PARK CORPORATION

By: _____
         Amin Nabhan

As to objections:

_____
Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

Dated: May 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of
record for each other party by hand on May 26, 2004.

_____
Gordon M. Jones, 3rd

BOS1384124.2