UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION, AMIN NABHAN and JAMILE NABHAN,<br><br>            Plaintiffs,<br>v.<br><br>ADIB NABHAN,<br><br>            Defendant. | Civil Action No. 2003-CV-12426 RCL |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S TRIAL BRIEF**

On February 17, 2006, the Court held a hearing which was largely devoted to an exploration of the legal and factual issues surrounding the Plaintiffs' Supplemental Motion in Limine to Exclude the Testimony of Defendant's Real Estate Appraisal Expert, John Peterson. After expressing doubts about the relevance of Mr. Peterson's proposed testimony and its own power to fashion the relief apparently sought by the defendant, the Court invited the defendant to submit a supplemental brief addressing those questions. What the defendant has produced instead is a document styled as a "Trial Brief" that never mentions Mr. Peterson by name (except as his name appears in the title of plaintiffs' motion) and refers to him only in passing as "Adib's real estate expert." More importantly, the defendant's brief virtually ignores the questions raised by the Court in the hearing. Accordingly, for all of the reasons previously stated, plaintiffs' motion to exclude Mr. Peterson's testimony should be allowed.

Defendant's so-called Trial Brief is filled with unsupported and unsupportable assertions, numerous errors of fact and a great deal of hyperbolic and pointless rhetoric. If anything, Defendant's Trial Brief serves only to confirm this Court's concerns that the proposed testimony

of Mr. Peterson and the desired remedy -- a Court-ordered buy-out -- will needlessly complicate an already complicated case. And the testimony is plainly needless in light of the fact that, as this Court has already recognized, defendant Adib Nabhan still owns whatever beneficial interest he owns in the various parcels. As such, he will share in the value of these parcels when they are sold in the future, just as all the other beneficiaries. What the Trial Brief lacks is any cogent explanation of why the Court should admit Mr. Peterson's testimony, when it is clear from plaintiffs' motion in limine that:

1. The only reason that Mr. Peterson's testimony could be relevant is if the Court accepts the dubious proposition that it has the power to order the "buy-out" of defendant's interests in the real estate held in trust for a variety of family members, particularly where defendant is a co-trustee of two of the three trusts at issue;

2. The real estate that Mr. Peterson has valued is held, in large part, by Trusts, none of whose trustees are before the Court in their capacity as trustees;

3. The Court cannot order any buy-out of certain of the Trust assets valued by Mr. Peterson because, *inter alia*, the defendant is admittedly no longer a beneficiary of one of the Trusts at issue (the so-called Mary Nabhan Revocable Trust); and

4. Even if the Court could order the buy-out of the assets of certain other trusts, Mr. Peterson's opinion would still be meaningless, because the value he ascribes to those assets is wholly dependent on valuing the assets as parts of a contiguous parcel and, as explained above, certain of the contiguous lots (the "Mary Nabhan lots") are not subject to any buy-out order.

In addition, although defendant labors at length to demonstrate that Amin Nabhan should have been on notice that he was being sued in his capacity as a trustee of various trusts, the fact

remains that he was not sued in that capacity, and nowhere in their amended counterclaim did defendant make any mention of the Mary Nabhan or Habib Nabhan Trusts -- a fact conveniently glossed over in the Trial Brief. Moreover, the defendant himself was also not named in his capacity as trustee, although, with respect to those trusts in which he is a co-trustee, he would also have to be named in any buy-out order. The irrelevant legal and factual material presented by the defendant is not sufficient to obscure the deficiencies in his pleadings and, particularly, in his claims for relief. If the Court believes at the end of the trial that disposition of certain of the Massachusetts assets is appropriate for a resolution of this matter, there will be ample opportunity for a Special Master to obtain his own independent valuation of the assets and effect relief accordingly. For that reason, and for the reasons stated in Plaintiffs' Supplemental Memorandum In Support Of Their Motion to Exclude Testimony of Defendant's Proposed Real Estate Expert, John Peterson, that motion should be allowed. Accordingly, Mr. Peterson should not be permitted to testify.

CAREFREE PARK CORPORATION, ADIB NABHAN and JAMILE NABHAN,

By their attorneys,

/s/ Robert L. Kirby, Jr.
Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party electronically and by hand on February 23, 2005.

/s/ Robert L. Kirby, Jr.
Robert L. Kirby, Jr.