UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION, AMIN NABHAN and JAMILE NABHAN,<br><br>          Plaintiffs,<br><br>    v.<br><br>ADIB NABHAN,<br><br>          Defendant. | Civil Action No. 2003-CV-12426 RCL |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JURY INSTRUCTION CONCERNING AGENCY**

Plaintiffs Carefree Park Corporation ("Carefree Park"), Amin Nabhan ("Amin") and Jamile Nabhan ("Jamile") (collectively, "Plaintiffs") submit this supplemental memorandum in opposition to defendant Adib Nabhan's ("Adib") request for a jury instruction that would allow the jury to find that certain information conveyed by Adib's accountants to Carefree Park's accountants was sufficient to trigger the running of the statute of limitations. Adib's request should be denied because it has no basis in Massachusetts law.

As noted by the Plaintiffs in earlier submissions, the law in Massachusetts imposes an onerous burden on fiduciaries seeking to avail themselves of the statute of limitations. "Breach of fiduciary duty is a cause of action in tort that is governed by G.L. c. 260, § 2A, which provides for a three-year period of limitation." *Lattuca v. Robsham*, 442 Mass. 205, 213 (2004). The running of the statute is governed by the repudiation of trust doctrine, which "applies to the conduct of corporate officers and directors who stand in a fiduciary relationship toward the corporation." *Demoulas v. Demoulas Super Markets, Inc.*, 424 Mass. 501, 518 (1997). The

Massachusetts Supreme Judicial Court has consistently held that, pursuant to the repudiation of trust doctrine, "a cause of action does not accrue until the trustee repudiates the trust *and* the beneficiary has actual knowledge of that repudiation." *Id.* (emphasis in original) "[A] cause of action for breach of fiduciary duty does not accrue until the beneficiary has actual knowledge of the fiduciary's breach. Constructive knowledge is insufficient." *Lattuca*, 442 Mass. at 213 (emphasis added).

The actual knowledge standard is a high one. "Even in the face of apparent harm . . . the beneficiary is entitled to rely on the fiduciary's obligation to act in her best interests until the beneficiary actually knows that the fiduciary has violated his obligations or the fiduciary expressly and unequivocally communicates to the beneficiary his repudiation or abandonment of those obligations." *Doe v. Harbor Schools, Inc.*, 63 Mass. App. Ct. 337, 350 (2005). In the corporate context, "no half-hearted disclosure or partial discovery" will satisfy the corporate fiduciary's obligation to make full disclosure. *Durfee v. Durfee & Canning, Inc.*, 323 Mass. 187, 203 (1948). Instead, the corporation "must be apprised of all the material facts as well of their legal effect." *Id.* "As a matter of law, sotto voce indications do not fulfill a fiduciary's duty of full disclosure of self-dealing." *Geller v. Allied-Lyons PLC*, 42 Mass. App. Ct. 120, 126 (1997).

The self-dealing corporate fiduciary's duty of full disclosure is most emphatically not satisfied by casual and incomplete disclosures made to a putative agent of the corporation where that agent has no authority to act on the disclosure on behalf of the corporation and where -- as here -- there is no assurance that the agent will pass on the information to those who do have the power to act. "Conduct of an agent is within the scope of employment if it is of the kind he is employed to perform." *Wang Lab., Inc. v. Business Incentives, Inc.*, 398 Mass. 854, 859 (1986). "The scope of employment test asks the question: is this the kind of thing that in a general way

employees of this kind do in employment of this kind." *Kansallis v. Fern*, 421 Mass. 659, 666 (1996). It is clear here that Mr. Leclerc, the accountant and tax preparer to whom Adib's agent made disclosures that allegedly should have put Carefree Park on notice of its claims had no authority to initiate litigation on behalf of the corporation, to advise the corporation concerning its legal rights or to bind the corporation in any way. The constructive notice allegedly given to Mr. Leclerc, therefore, is not nearly sufficient to satisfy Abib's disclosure obligations. *See Harris v. Mcintyre*, 2000 Mass. Super. LEXIS 181 (Suffolk Superior Court June 27, 2000) (in determining when the statute of limitations begins to run, "the knowledge that matters for a Trust is the knowledge of those who may act on behalf of the Trust").

In *Puritan Medical Center, Inc. v. Cashman*, 413 Mass. 167 (1992), seven doctors practicing together in a close corporation brought suit against an eighth member of the group who was the owner of the building in which they practiced and who had been systematically writing himself rent checks in excess of the amount agreed upon in the lease over a period of ten years. The evidence at trial showed that the defendant had kept most of the financial information to himself, but had provided information to the corporation's accountants, who prepared compilations of the information periodically. The accountants never provided information concerning the lease or the rent to the other directors, lease and rent issues were never discussed at directors' meetings and the only financial data sent to the other doctors related to their own income, not to the practice's expenses. *Id.* at 174. The court rejected the defendant's argument that the statute of limitations barred the action brought by the corporation, finding that the statute was tolled by his failure as a fiduciary to make full disclosure concerning the rent. *Id.* at 175. Noting the high standards imposed on shareholders in a close corporation, the Court stated that where a "fiduciary relationship exists between a plaintiff and defendant . . . mere failure to reveal

information may be sufficient to constitute fraudulent conduct." *Id.* at 17.  Thus, **even though the defendant had made information available to the corporation's accountants**, the Court found that the statute was tolled because the defendant, "in breach of his 'strict good faith' fiduciary duty as a shareholder in a close corporation . . . did not disclose the amount of the rent to the other shareholders." *Id.* (internal citations omitted).

In *Latucca*, the court found that a fiduciary's duty of full disclosure to those to whom the duty is owed is so strict that a beneficiary of a trust could bring an action against a trustee despite the fact that a co-trustee, who was also her husband, had some knowledge of the defendant's wrongdoing which might have prompted him to launch an investigation. The Court stated that for statute of limitations purposes, "[w]e focus on what the plaintiff beneficiary actually knew, not what the trustee actually or constructively knew."  Similarly here, the focus should be on what the Plaintiffs, including the plaintiff corporation, actually knew, rather than on what an accountant who had only limited authority to act on behalf of the corporation might have been able to figure out if he had pursued the clues provided to him by Adib Nabhan's accountants.

The cases cited by Adib in his proposed jury instruction are not to the contrary.  None of them is instructive because none of them involves a fiduciary relationship and therefore none of them is relevant to the question of whether a disclosure by the agent of the fiduciary to the agent of a person to whom a duty is owed starts the running of the statute of limitations for a breach of that duty.  The high standards that govern the disclosure obligations of fiduciaries in Massachusetts cannot be satisfied by reliance on the garden variety agency principles put forth by Adib.

## CONCLUSION

For the foregoing reasons, Adib's request for a jury instruction that would allow the jury to find that certain information conveyed by Adib's accountants to Carefree Park's accountants was sufficient to trigger the running of the statute of limitations should be denied.

CAREFREE PARK CORPORATION,
AMIN NABHAN and JAMILE NABHAN,

By their attorneys,

/s/
Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
Dated:  March 2, 2006          (617) 345-1000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail or electronically on March 2, 2006.

/s/
Robert L. Kirby, Jr.