UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION, AMIN NABHAN and JAMILE NABHAN,<br><br>              Plaintiffs,<br><br>   v.<br><br>ADIB NABHAN,<br><br>              Defendant. | Civil Action No. 2003-CV-12426 RCL |

**PLAINTIFFS' MOTION FOR DIRECTED VERDICT**

Pursuant to Fed. R. Civ. P. 50(a), Plaintiffs Carefree Park Corporation ("Carefree Park"), Amin Nabhan ("Amin") and Jamile Nabhan ("Jamile") hereby move for a directed verdict in their favor dismissing all of the claims that remain in the Amended Counterclaim brought by defendant Adib Nabhan ("Adib"). The Court and the parties have already agreed that Counts II, III, V and VI (conversion, accounting, conversion and accounting, respectively) should not be presented to the jury. There is no legally sufficient evidentiary basis for a reasonable jury to find for the plaintiff-in-counterclaim on the claims that remain and the Court should enter a directed verdict with respect to them.

Taking the remaining counts in the counterclaim in order:

**I.   Count I: Breach of Fiduciary Duty Against Amin and Jamile:**

Adib alleges with respect to Count I that Amin and Jamile have breached their fiduciary duty to him by removing him as a director of Carefree Park, by using Carefree Park's assets to benefit themselves and by causing Carefree Park's assets to be distributed to themselves while

BOS1571670.1

excluding Adib from those distributions. With respect to Adib's removal as a director, there is no allegation and no evidence that Amin and Jamile did not act in accordance with the proper procedures under the by-laws by voting as the owners of the majority of the shares of Carefree Park to remove Adib as a director. To the extent that Adib is claiming that he was "frozen out" and thereby deprived of his rights as a director and shareholder of Carefree Park, he cannot recover any damages on that claim because there has been no evidence whatsoever of the value of his minority interest in the corporation and how that value has purportedly been diminished as a result of Amin and Jamile's actions.

With regard to Amin and Jamile's alleged misuse of Carefree Park's assets, such a claim is a classic derivative claim that could only be -- but was not -- asserted by Adib as a shareholder of Carefree Park derivatively on behalf of the corporation, rather than in his individual capacity. See, e.g., Bessette v. Bessette, 385 Mass. 806, 809-810 (fiduciary duty on which plaintiffs based their claim was a duty owed to the corporation not to individual stockholders and could only be asserted as a derivative action). Even if Adib had shown, which he has not, that Amin and Jamile misused Carefree Park's assets by, for example, paying the rent on the building at 19 Central Avenue, it is Carefree Park -- and only Carefree Park -- that would be entitled to recover the amount of the allegedly misspent funds, not Adib as an individual shareholder. There is, moreover, no evidence of the amount that Amin and Jamile have allegedly misspent, on themselves or otherwise, and therefore no basis for the jury to award damages to Adib, even if he were a proper plaintiff. In short, Adib is not the proper "plaintiff" and there is, in any event, no basis in the record to support any award of damages. The Court should, therefore, direct a verdict in favor of the plaintiffs on Count I of the Amended Counterclaim.

**II.     Count IV: Breach of Fiduciary Duty Against Amin.**

In Count IV, Adib alleges that Amin breached his fiduciary duty as a trustee of the Adele Realty Trust (the "Trust") by using the Trust's assets to benefit himself and by investing the Trust's funds in an imprudent manner. Count IV is flawed for much the same reason as Count IV, inasmuch as it is the Trust and all of its beneficiaries, not just Adib, that would be entitled to any recovery based on Amin's supposed misuse of funds and, therefore, any claim must be asserted on behalf of the Trust and not on behalf of Adib alone. Moreover, at the time that all of the acts complained of occurred, Adib was a co-trustee of the Trust, and Adib has not shown that he ever took any steps to protest or prevent any of the alleged misuse of the Trust's assets. Finally, as with Count One, there has been no evidence that would show the extent (i.e., the amount) of the alleged harm done to the Trust as a result of Amin's alleged breaches of his duty. Consequently, there is utterly no basis in the record upon which the jury could award damages to the beneficiaries. By way of example, there is no evidence concerning the dollar value of Amin's alleged "self enrichment." The Court should, therefore, direct a verdict in favor of the plaintiffs on Count IV of the Amended Counterclaim.

**III.    Count VII: Quantum Meruit Against Carefree Park**

In Count VII, Adib alleges that he is entitled to be reimbursed by Carefree Park for the value of services he performed and funds he expended on behalf of Carefree Park beginning in 1988. Once again, however, there is a complete failure of proof on Count VII, because there is absolutely no evidence as to the value of the services that Adib allegedly performed on behalf of Carefree Park and therefore no basis upon which the jury could determine damages. With regard to the expenditure of funds, the evidence has shown that there has been so much commingling of funds belonging to Fun Depot, Inc. and Carefree Park, and so

many payments made by Adib in his various capacities out of Carefree Park's accounts, that it would be entirely impossible for the jury to determine which payments benefited Carefree Park and which benefited Fun Depot.[1]

To the extent that Adib is claiming that he benefited Carefree Park by erecting new buildings on the Carefree Park property in Florida, the evidence is clear that it is Fun Depot that has enjoyed the benefits of those buildings and there is no evidence of what their value will be if and when they pass to Carefree Park as the landlord of the property as a matter of law. Moreover, the law is clear that when a tenant -- such as Fun Depot -- makes improvements to the realty, and those "improvements" are in the nature of "fixtures", those improvements pass to the landlord. See United Chevrolet, Inc. v. Butler, 21 B.R. 934, 940 (B.R. Mass. 1982) (Massachusetts law) (law is clear that a building prima facie belongs to the owner of the land, unless there was an agreement to the contrary); Houdaille Industries, Inc. v. Markham, 440 So. 2d 59, 60 (Fla. Ct. of App. 1983) (improvements would by their very nature be considered fixtures and part of the real estate belonging to the owner of the real estate). The tenant (i.e., Fun Depot or Adib) is entitled to no credit. And the amount spent by the tenant on the alleged improvement cannot form the basis of a claim. The Court should, therefore, direct a verdict in favor of the plaintiffs on Count VII of the Amended Counterclaim.

IV.  **Count VIII: Unjust Enrichment Against Carefree Park**

Count VIII is both conceptually and factually indistinguishable from Count VII and suffers from the same infirmities, namely, a total lack of evidence to support any award of

---

[1] In addition, in the event that the jury were to determine that Fun Depot is a diverted corporate opportunity of Carefree Park Corporation, it necessarily follows that Adib cannot recover the value of equipment purchased by Carefree Park with Fun Depot's money.

4

damages by the jury. The Court should, therefore, direct a verdict in favor of the plaintiffs on Count VIII of the Amended Counterclaim.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion For Directed Verdict on all remaining Counts of Adib Nabhan's Amended Counterclaim should be allowed.

CAREFREE PARK CORPORATION, AMIN NABHAN AND JAMILE NABHAN

By their attorneys,

/s/
Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Dated: March 1, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on March 1, 2006.

/s/
Robert L. Kirby, Jr.