UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAREFREE PARK CORPORATION, AMIN
NABHAN and JAMILE NABHAN,

        Plaintiffs,

    v.                                    Civil Action No. 2003-CV-12426 RCL

ADIB NABHAN,

        Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

Plaintiffs Carefree Park Corporation ("Carefree Park"), Amin Nabhan ("Amin") and Jamile Nabhan ("Jamile") (collectively, "Plaintiffs") submit this memorandum in support of their renewal of their motion made at the close of the evidence and as to which the Court reserved judgment, for a directed verdict, or judgment as a matter of law, in Plaintiffs' favor on those claims in the Amended Counterclaim which were submitted to the jury and on which the jury awarded damages payable by Amin to Carefree Park or to by Carefree Park to Adib Nabhan ("Adib"). The jury's verdict with respect to those claims should be set aside and judgment entered for the Plaintiffs because there was no legally sufficient evidentiary basis on which a reasonable jury could have found for Adib on those claims. In addition, the Court should enter judgment as a matter of law on the Plaintiffs' claims against Adib that the jury incorrectly found

BOS1571670.1

were barred by the statute of limitations.[1] In the alternative, the Court should order a new trial on Adib's claims that the jury decided adversely to Amin or Carefree Park, as well as on the statute of limitations.

I.  **Breach of Fiduciary Duty Against Amin.**

Question 5 on the Verdict Form submitted to the jury asked, "Did Amin Nabhan breach a fiduciary duty to Carefree Park by improperly taking money from Carefree Park for his personal benefit?" The jury answered "Yes" to that question. In response to Question 6 on the Verdict Form, the jury found that the amount owed by Amin to Carefree Park was $12,095.13. The Court should set aside both the finding of liability and the damages award because such a recovery on the part of Carefree Park can only be achieved through a derivative action brought on behalf of the corporation, not by means of a direct action brought by an individual shareholder. In *Bessette v. Bessette*, 385 Mass. 806 (1982), the court held that a direct action brought by a minority shareholder against a majority shareholder based on, inter alia, excessive salary payments, had to be dismissed because "the right to recover the overpayments belongs to the corporation." *Id.* at 809. The court stated that "the fiduciary duty on which the plaintiffs base their claim is a duty owed to the corporation, not to individual stockholders." Accordingly, the plaintiffs "could assert their claims only as a stockholders derivative action." *Id.* at 809-810. Like the claims in *Bessette*, Amin's alleged misuse of Carefree Park's assets is a classic derivative claim that could only be -- but was not -- asserted by Adib as a shareholder of Carefree Park derivatively on behalf of the corporation, rather than in his individual capacity. In short, Adib was not the proper plaintiff with regard to the claims in question.

---

[1] Plaintiffs have submitted herewith a separate Motion For A New Trial On The Issue Of Whether Plaintiffs' Claims Are Barred By The Statutes Of Limitations.

There is, moreover, no basis in the record for the damages award made by the jury in its answer to Question 6. Adib offered no evidence that could support the notion that Amin misappropriated $12,095.13 from Carefree Park. The Court should, therefore, enter a judgment as a matter of law in favor of the Plaintiffs on the issues implicated by Questions 5 and 6 on the Verdict Form.

In his opposition to Plaintiffs' original motion for directed verdict, Adib sought to overcome the deficiencies in his pleadings by alleging that Amin and Jamile engaged in a "freeze out" with respect to his interests as shareholder of Carefree Park and that claims based on such an alleged freeze out can be brought as direct claims and need not be pleaded derivatively. The questions that were put to the jury at trial, however, made no reference whatsoever to any alleged freeze out and the purported freeze out cannot be used to justify the failure to plead derivatively the claims that were put to the jury.

## II.   Unjust Enrichment

Question 11 of the Verdict Form asked "Was Carefree Park unjustly enriched by services that Adib provided on its behalf?" The jury answered "Yes" to that question and in response to Question 12 found the amount of the unjust enrichment to be $7,392. The jury's finding in that regard should be set aside, however, because there was absolutely no evidence presented a trial as to the value of the services that Adib allegedly performed on behalf of Carefree Park. There was, therefore, absolutely no basis upon which the jury could determine any amount of damages. With regard to the expenditure of funds, the evidence established that there was so much commingling of funds belonging to Fun Depot, Inc. and Carefree Park, and so many payments made by Adib in his various capacities out of Carefree Park's accounts, that it would be entirely impossible for the jury to determine which payments benefited Carefree Park and which

benefited Fun Depot. The Court should, therefore, enter judgment as a matter of law in favor of the plaintiffs on the issues implicated by Questions 11 and 12 on the Verdict Form.

### III.   Breach of Fiduciary Duty Against Adib/Statute of Limitations.

For the reasons set forth in the Plaintiffs Motion for a New Trial which is being filed simultaneously with this motion and is incorporated herein by reference, the Court erred in instructing the jury that it could find that information given by Adib's accountant to Carefree Park's accountant could trigger the statute of limitations on Plaintiffs' breach of fiduciary claim against Adib. As indicated in the New Trial Motion, that error provided the sole basis for the jury's statute of limitations finding. As an alternative to their motion for a new trial, therefore, Plaintiffs request that the Court enter judgment as a matter of law in Plaintiffs' favor on Adib's statute of limitations defense. In that event, the statute of limitations could no longer act as a bar to Plaintiffs' fiduciary duty claims against Adib. Accordingly, the Court should also enter judgment for the Plaintiffs on Count I of their complaint in accordance with the jury's answers to Questions 1, 2 and 3 of the Verdict Form. The Court should impose a constructive trust for the benefit of Carefree Park on the assets that Adib was found by the jury to have misappropriated (namely Fun Depot) and order Adib to repay the $350,000 in excessive compensation that the jury found he took from Carefree Park.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Renewed Motion For Judgment As A Matter Of Law Or, In the Alternative, For A New Trial, should be allowed.

CAREFREE PARK CORPORATION,
AMIN NABHAN and JAMILE NABHAN,

By their attorneys,

/s/ *Robert L. Kirby, Jr.*
Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

Dated:  March 31, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail or electronically on March 31, 2006.

/s/ *Robert L. Kirby, Jr.*
Robert L. Kirby, Jr.