UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
CAREFREE PARK CORPORATION,     )
AMIN NABHAN AND JAMILE NABHAN  )
                               )
        Plaintiffs,            )
                               )    CIVIL ACTION NO.
v.                             )    03-12426-RCL
                               )
ADIB NABHAN                    )
                               )
        Defendant.             )
_____)
```

**DEFENDANT'S MOTION AND MEMORANDUM OF LAW FOR
RENEWED JUDGMENT AS A MATTER OF LAW WITH RESPECT TO
JURY VERDICT QUESTIONS 10 AND 14 OR, IN THE ALTERNATIVE,
FOR A NEW TRIAL ON DAMAGES ALONE**

Pursuant to Fed. R. Civ. P. 50(b) and 59, Defendant Adib Nabhan ("Defendant" or "Adib") hereby submits this Motion and Memorandum of Law for Renewed Judgment as a Matter of Law with Respect to Jury Verdict Questions 10 and 14, or, in the Alternative, for a New Trial on Damages Alone. Because the jury found that Plaintiff Amin Nabhan ("Amin") breached his fiduciary duty to Adib and found that Plaintiff Carefree Park Corporation ("Carefree Park") was unjustly enriched by Adib's personal investments, the jury was obligated to award Adib monetary damages. Copies of the Final Order and Judgment dated March 23, 2006 and Jury Verdict Form dated March 8, 2006 are attached hereto as Exhibits A and B, respectively. Instead, the jury incorrectly awarded damages of zero dollars for these claims and, as a matter of law, the jury's zero damages award should be increased by the Court. Alternatively, the Court should order a new trial on the issue of damages alone.

I.  **INTRODUCTION**

Nearly all of the jury's answers to the fourteen questions included on the Jury Verdict Form are fully supported by the evidence and are consistent with the Court's instructions. There are two (2) answers, however, which are unsupported by the evidence and directly contrary to the Court's instructions. The jury answered "Yes" in favor of liability for Adib and against Amin on every counterclaim, including, *inter alia*, his claims against Amin for breach of fiduciary duty as a trustee of Adele Realty Trust (Question 9) and against Carefree Park for unjust enrichment (Question 13). Despite those findings, the jury awarded Adib and the Adele Realty Trust "zero" damages for Amin's breaches. Awarding Adib zero damages after finding Amin liable could only have been the result of jury confusion or mistake. Given the uncontroverted evidence presented at trial and the jury's "Yes" answers to the questions concerning liability, and because the Court's instructions specifically required that damages be awarded if liability was found, no reasonable jury could have awarded Adib zero damages under these circumstances. The award of zero damages must be set aside as a matter of law.

II.  **STANDARD FOR JUDGMENT AS A MATTER OF LAW UNDER FED. R. CIV. P. 50(b)**

The Court may reverse the jury's verdict "if the evidence, viewed from the perspective most favorable to the nonmovant, is so one-sided that the movant is plainly entitled to judgment, for reasonable minds could not differ as to the outcome." *See, e.g., Gibson v. City of Cranston*, 37 F.3d 731, 735 (1st Cir. 1994)

(citation omitted); *Rolon-Alvarado v. Municipality of San Juan*, 1 F.3d 74, 76-77 (1st Cir. 1993); *Astrolabe, Inc. v. Esoteric Technologies PTY, Ltd.*, 2002 WL 511520 *2 (D.Mass. 2002). Adib is plainly entitled to judgment on damages related to Amin's breach of his fiduciary duties. As shown below, a JNOV is appropriate because "there is a total lack of evidence" supporting the jury's decision to award zero damages. *See, e.g., Censullo v. Brenka Video, Inc.*, 989 F.2d 40, 42 (1st Cir. 1993).

III. **ARGUMENT**

    A.    Given The Court's Instructions, The Evidence Presented At Trial And The Jury's Answers To Questions 9 and 13, No Reasonable Jury Could Have Awarded Adib And The Adele Realty Trust Zero Damages And, Therefore, The Court Should Increase The Jury's Damage Award

The Court correctly instructed the jury about the duties owed by and among shareholders of a trust as follows:

> "If a trustee takes funds from the trust for his own benefit and to the detriment of the beneficiaries, without the approval of the beneficiaries, then he has breached his fiduciary duty and **must return the funds to the trust** (emphasis added)."

See *Jury Instructions*, p. 18 attached hereto as Exhibit C. From the evidence presented at trial, the jury correctly concluded that Amin breached his fiduciary duty to Adib (Question 9). Inexplicably, however, the jury failed to award the Adele Realty Trust any damages for that breach, despite being expressly instructed to do so by the Court. The jury's zero damage award cannot stand under any rational view of the evidence.

At trial, the evidence unequivocally established that Amin caused $168,800 paid by Harvey's Casino Resorts to the Adele

Realty Trust to be applied to purposes unrelated to the Trust. While Amin testified that $107,190 was used to pay taxes on various properties, he conceded that he was unable to parse out how much was applied to Trust property and how much went to pay the taxes on non-Trust properties. Because Amin was unable to account for the $107,190, the jury should have determined that the Adele Realty Trust was entitled to damages in that amount. With respect to the remainder of the $168,800 that belonged to the Adele Realty Trust, Amin admitted that $26,300 was used to pay his son's college tuition. Amin also admitted that $35,362 was invested in a speculative investment account, resulting in a $24,166 loss. Amin testified that the remainder of the funds from the investment account ($11,196) was deposited into Carefree Park's account, even though the Adele Realty Trust had a separate bank account.

As such, under any rational view of the evidence, even when considered in a light most favorable to Amin, the jury was required to find that the Adele Realty Trust was entitled to receive at least $168,800 in damages. Additionally, reasonable minds could not have disagreed that Amin took for his own benefit $61,610 (the college tuition and investment account funds) of the Adele Realty Trust's assets. Indeed, Amin reported that amount on his personal income tax return. Because the evidence on damages is so clear that, absent confusion or mistake, reasonable minds could not have differed that Amin was required to repay the Adele Realty Trust either $168,800 or $61,610, the jury's award of no damages cannot stand as a matter of law.

Similarly, the Court correctly instructed the jury that if it was to find Carefree Park was unjustly enriched by Adib's personal investments <u>that Adib had to be repaid</u>. Specifically, the Court instructed the jury that:

> "<u>A person who has been unjustly enriched at the expense of another is **required to repay** the injured party</u> (emphasis added)."

<u>See</u> <u>Jury Instructions</u>, p. 19 attached hereto as <u>Exhibit C</u>. Additionally, the Court instructed the jury that:

> "If you find that Adib invested his own personal funds for improvements to the property of Carefree Park and that, under all the circumstances it would be unjust for Carefree Park to retain the benefit of these improvements, **<u>then Adib is entitled to damages in the amount by which Carefree Park has been unjustly enriched by his investment</u>** (emphasis added)."

<u>See</u> <u>Jury Instructions</u>, p. 20 attached hereto as <u>Exhibit C</u>.

At trial, the jury was presented with undisputed evidence that Adib invested $1.9 million of his own money for the sole benefit of Carefree Park. For example, the jury heard uncontroverted evidence which proved that approximately $300,000 of Adib's personal funds were used to <u>purchase</u> and maintain the property in Lake Worth, Florida. The jury also had undisputed evidence, through tax returns and Adib's own testimony, that Adib <u>alone</u> paid the mortgage and the expenses on the Lake Worth property until Carefree Park was able to do so itself. Evidence was also presented that showed that Fun Depot, Inc. (which the jury found to be owned 100% by Adib) contributed over $1,000,000 of the arcade's revenue to Carefree Park in excess of the amounts

contributed to repay Carefree Park for the purchase of certain games. Additionally, the jury heard that Adib used over $600,000 of Fun Depot's income to build additions and improve the building on Carefree Park's property and to maintain the property itself. The aforementioned evidence established the total amount of Adib's personal investments to Carefree Park and that evidence was, for the most part, uncontroverted at trial. Moreover, the jury obviously believed Adib's evidence and correctly found that Carefree Park had been unjustly enriched by Adib's personal investments. After finding that Carefree Park had been unjustly enriched, no reasonable jury could then have found that Adib deserved zero damages. As such, applying the Court's instructions and considering the uncontroverted evidence at trial, the jury could not reasonably have awarded Adib zero damages and the Court must, as a matter of law, enter a damage award of $1.9 million.[1]

### B. The Court Has The Authority To Increase The Damage Award

Since the jury's liability verdicts were sound (except for the inadequacy of the damages awarded for breach of fiduciary duty and unjust enrichment), the Court need only correct the jury's unreasonable damage award by entering judgment for $168,800 or, alternatively, $61,610 for breach of fiduciary duty and $1.9 million for unjust enrichment. *See, e.g., Thibault v. Mack*, 19 Mass. App. Ct. 916, 917 (1984) (additional damages

---

[1] $1.9 million equals the $300,000 used to purchase the land; the $1,000,000 in arcade revenue contributed to Carefree Park by Fun Depot; and the $600,000 in income that was used to build improvements and additions to the building.

should be awarded where it is clear that damages are inadequate and that the inadequacy descends 'to the level of unreasonableness' (citing *Freeman v. Wood*, 379 Mass. 777, 785 (1980)); *Bisceglia v. Worcester Housing Authority*, 1995 WL 1688635 (Mass. Super. 1995) (increasing jury verdict by $40,000 for conscious pain and suffering); *Flower v. Town of Billerica*, 320 Mass. 193, 196 (1946)(acknowledging inherent right of Supreme Judicial Court to award further damages in event that trial judge was wrong in not doing so); *Cole v. Angerman*, 31 Colo. App. 279 (1972) (holding that where jury failed to follow instructions and returned an indemnity verdict on defendant's crossclaim for amount less than plaintiff's damages, trial court had power to increase amount of verdict to full indemnity and erred in not doing so). In this case, reasonable minds could not have disagreed that Adib and the Adele Realty Trust were entitled to monetary damages, and as a matter of law, the Court should enter the correct damages award.

    **C.    Alternatively, If The Court Does Not Assess Additional Damages, It Should Order A New Trial On The Issue Of Damages Alone**

If the Court decides **not** to increase the damages award, Defendant respectfully requests that the Court order a new trial on the issue of damages alone. The jury's findings on liability were based on sufficient evidence and made in accordance with the law. However, the jury's zero damages award goes against the uncontroverted evidence and violates the Court's specific instructions.

Several courts have ordered a new trial on the issue of damages alone where a jury awarded zero damages to the prevailing party. *See, e.g., Hadra v. Herman Blum Consulting Engineers*, 632 F.2d 1242 (5th Cir. 1980) (in action for wrongful discharge where jury awarded zero damages, court ordered new trial on issue of damages alone because jury's findings on liability were based on "sufficient evidence and made in accordance with the law"); *City of Miami v. De La Cruz*, 784 So.2d 475 (Fla. 3d DCA 2001) (new trial on damages was warranted where jury awarded zero damages but where liability was clearly established); *Jorgensen v. Kansas City*, 725 SW.2d 98 (Mo. App. W.D. 1987) (plaintiff who was awarded zero damages in wrongful death action was entitled to new trial as matter of law where jury found that defendants were at fault). Since, in this case, liability and damages require distinct findings, and because liability has already been correctly determined, the Court should order a new trial on the issue of damages alone if it decides not to set aside the zero damages award and assess additional damages.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Adib Nabhan respectfully requests that the Court enter Judgment as a matter of law:

   (a)   setting aside the jury's answers to Question Nos. 10 and 14;

   (b)   entering damages of $168,800 in response to Question 10 and $1.9 million in response to Question 14; or

(c) alternatively, if the court does not assess additional damages, ordering a new trial on the issue of damages alone.

ADIB NABHAN

By his attorneys,

/s/ Ian Crawford
Ian Crawford (BBO#544475)
Todd & Weld LLP
28 State Street
Boston, MA  02109
(617) 720-2626
icrawford@toddweld.com


Doyle C. Valley, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210
(617) 737-8846
dvalley@morrisonmahoney.com

DATED:  March 31, 2006

CERTIFICATE OF SERVICE

I, Ian Crawford, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date:  March 31, 2006                    /s/ Ian Crawford