UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFREE PARK CORPORATION, AMIN NABHAN and JAMILE NABHAN,<br><br>              Plaintiffs,<br>v.<br><br>ADIB NABHAN,<br><br>              Defendant. | Civil Action No. 2003-CV-12426 RCL |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND FOR A NEW TRIAL

Plaintiffs Carefree Park Corporation ("Carefree Park"), Amin Nabhan ("Amin") and Jamile Nabhan ("Jamile") hereby oppose defendant Adib Nabhan's ("Adib") Motion For Renewed Judgment as a Matter of Law With Respect to Jury Verdict Questions 10 and 14 or, in the Alternative, for a New Trial on Damages Alone. Adib's motion should be denied because, to the extent it requests that the Court set aside the jury's findings with respect to damages and determine damages on its own, it runs afoul of a well-established constitutional prohibition against federal courts using additurs or otherwise increasing damages awards in jury trials. To the extent that it seeks a new trial on damages, it should be denied because the jury correctly found that Adib failed utterly to carry his burden of proving the amount of any damages and was therefore justified in determining his damages to be zero.

I. **THE COURT CANNOT INCREASE THE JURY'S AWARD OR IMPOSE AN ADDITUR.**

Adib suggests that, in response to his motion, "the Court need only correct the jury's unreasonable damage award by entering judgment" in the amount Adib believes to be

reasonable. Faced with a similar request in *Davet v. Maccarone*, 973 F.2d 22 (1st Cir. 1992), the First Circuit noted that

> Plaintiff moved the district court, and again argues before us on appeal, that the district court could *sua sponte* award damages. Our research has uncovered no case, nor has plaintiff cited any precedent, which stands for the proposition that a district court can, on its own motion, simply disregard the jury's finding. The jury rendered its verdict after hearing the evidence and being instructed as to the applicable law. Unlike the pre- and post-verdict sufficiency of the evidence challenges outlined above, we can find no basis for plaintiff's claim that the district court can simply award damages because it disagrees with the jury's verdict. We, therefore, deny plaintiff's invitation to order the trial court to award damages *sua sponte*.

*Id.* at 30.

Adib relies entirely on various state court precedents to support his claim that the Court can override the jury's damages award and determine damages on its own. In particular, Adib cites *Thibault v. Mack*, 19 Mass. App. Ct. 916 (1984), in which the court found that a jury's award in a medical malpractice case descended "to the level of unreasonableness." *Id.* at 917. The *Thibault* court did not, however, simply and arbitrarily increase the amount of the damages, as Adib would have the Court do here. It instead remanded the case to the trial court, with instructions to the judge that he either order a new trial or allow the defendants to agree to an additur which would raise the damages to a level that the court deemed appropriate. *Id.* Additur, however, is not an option for the Court here. It is well-settled that the Seventh Amendment's Re-Examination clause "flatly prohibits federal courts from augmenting jury verdicts by additur." *Campos-Orrego v. Rivera*, 175 F.3d 89, 97 (1st Cir. 1999), *citing Dimick v. Schiedt*, 293 U.S. 474, 486-487 (1935). *Accord Franceschi v. Hospital General San Carlos, Inc.*, 420 F.3d 1, 5 (1st Cir. 2005) (same); *Parker v. Town of Swansea*, 310 F. Supp. 2d 356, 374-375 (D.

Mass. 2004) (same). Under the rule of *Dimick v. Schiedt*, "a jury verdict may be set aside 'where palpably and grossly inadequate or excessive' but . . . 'both parties remain entitled' to a jury determination as to damages by means of a new trial." *Mejias-Quiros v. Maxxam Property Corp.*, 108 F.3d 425, 429 (1st Cir. 1997), *quoting Dimick*, 293 U.S. at 486. By virtue of the Re-examination Clause, "federal courts are denied the same freedom to use additur that is enjoyed by many state court judges." *Liriano v. Hobart*, 170 F.3d 264, 272 (2nd Cir. 1999).

Even in a diversity case such as this one, where the law of the forum state permits an additur, the federal bar against re-examining and altering the jury's damages award controls. Relying on the authority of *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996), one court has noted that the fact that the forum state's rules allow for additur does not override the constitutional principle forbidding that procedural device, "because the concept of additur would never be applied in federal court. To do so would be to violate an 'essential characteristic of the federal court system,' *Gasperini*, 518 U.S. at 431 . . . which is precisely what the Court in *Gasperini* did not allow the Court of Appeals to do." *Hayes v. Cha*, 338 F. Supp. 2d 470, 497 n. 10 (D.N.J 2004) (internal citation omitted).

The only circumstances under which a federal court may unilaterally adjust a jury's damages award are when the facts relating to the damages calculation are undisputed and the amount that the plaintiff is entitled to is determinable as a matter of law. *See Hudson v. Nexus Worldwide Holdings, Ltd.*, 191 F.R.D. 318, 320 (D.D.C. 2000). As is demonstrated below, this case, in which virtually every fact relating to Adib's damages is disputed and there is no controlling principle of law, is not one of those rare and limited instances. Here, as was the case in *Hudson*, any amendment to the award would be purely speculative and therefore

inappropriate. *Id.* at 321. Adib's motion seeking a unilateral adjustment of the jury's award should therefore be denied.

II.  THE JURY'S REFUSAL TO AWARD DAMAGES WAS RATIONAL AND SUPPORTABLE IN LIGHT OF ADIB'S FAILURE TO PROVE THE AMOUNT OF HIS DAMAGES AND THERE IS NO BASIS FOR GRANTING ADIB A NEW TRIAL.

With regard to the standards to be applied on a motion for a new trial, the First Circuit has stated that, "[i]n the federal system, a trial judge cannot displace a jury's verdict merely because he disagrees with it or would have found otherwise in a bench trial. Absent error of law . . . the judge's prerogative to set aside a verdict crystallizes only if 'it is quite clear that the jury has reached a seriously erroneous result.'" *Milone v. Moceri Family, Inc.*, 847 F.2d 35, 37, *quoting Borras v. Sea-land Service, Inc.*, 586 F.2d 881, 887 (1st Cir. 1978). A party seeking a new trial on grounds of an allegedly inadequate damage award, "bears a particularly heavy burden." *Milone*, 847 F.2d at 37. A court "rarely will override the jury's judgment on the appropriate amount of damages to be awarded." *Brown v. Freedman Baking Co., Inc.*, 810 F.2d 6, 11 (1st Cir. 1987).

> The jury, as we see it, is free to run the whole gamut of euphonious notes—to harmonize the verdict at the highest or lowest points for which there is a sound evidentiary predicate, or anywhere in between—so long as the end result does not violate the conscience of the court or strike such a dissonant chord that justice would be denied were the judgment permitted to stand . . . In other words, if--after scanning the evidence in the light most congenial to the nonmovant . . the verdict does not exceed or fall below 'any rational appraisal or estimate of the damages that could be based on the evidence before the jury' . . . it should be validated.

*Milone*, 847 F.2d at 37-38, *quoting Segal v. Gilbert Color Systems*, 746 F.2d 78, 81 (1st Cir. 1984) (internal citations omitted). *See also Simone v. Crans*, 891 F. Supp. 112, 113 (S.D.N.Y

4

1994) (a verdict on damages can be set aside only when the verdict is so disproportionate to the injury and its consequences as to shock the conscience of the court).

"The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than *unquestionably* proved by the plaintiff's *uncontradicted* and *undisputed* evidence." *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996) (emphasis in original). The plaintiff or counterclaimant has the burden of proving damages. *Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001). Where the plaintiff attempts to meet that burden by relying entirely on his own self-serving testimony, the jury is free to accept or reject that testimony as it sees fit, even in the absence of any rebuttal by the defendant. *Id.* Indeed, the Court instructed the jury here that, "[y]ou are not required to accept testimony, even if it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for other reasons sufficient to you, that testimony is not worthy of belief."

In this case, the only testimony with regard to the value of the investments allegedly made by Adib on Carefree Park's behalf was Adib's self-serving account of payments allegedly made by him out of the proceeds of the sale of his home in Connecticut prior to moving to Florida and other amounts allegedly spent on improvements to the property once he arrived there. Adib introduced absolutely no documentary or other objective evidence with regard to the amount of those payments. His one belated attempt to present such evidence, based on the alleged change in value of the Lake Worth property as derived from the property tax records, was excluded by the Court because he failed to bring the relevant records to court with him or to produce them to the plaintiffs. There was, on the other hand, ample evidence from Amin and Jamile that the increase in value in the Florida property was attributable in large measure to

investments made by family members other than Adib and by Carefree Park itself. Under the circumstances, the jury may well have concluded that it had no credible basis for awarding any damages to Adib.

That is especially true inasmuch as the jury clearly did not believe Adib with regard to the single most important issue in the trial, the alleged existence of an agreement whereby he was to take the Fun Depot corporate opportunity for himself. Having determined that Adib lied about that point, the jury may easily have decided that he was lying about the amount of his investments as well. As the Sixth Circuit remarked in an analogous circumstance, "[t]his is not a case where the jury disregarded clear, objective and uncontradicted evidence. The jury was free to accept or disregard [the plaintiff's] statement and it chose to disregard it." *Walker*, 257 F.3d at 674. Here, the jury was free to accept or disregard Adib's testimony with regard to the amount of his investments and, as was the case with his testimony concerning the circumstances surrounding the founding of Fun Depot, it simply chose not to believe him.

With regard to the jury's failure to award damages arising out of Amin's alleged breach of his fiduciary duty to the Adele Realty Trust, it is entirely possible that the jury believed that, even if Amin breached his duty, he did so with the full knowledge and acquiescence of his co-trustee and co-beneficiary. There was, in fact, evidence that Adib consented to both the use of some of the proceeds of the so-called "Harvey's Check" to pay for Amin's son's tuition and to open an investment account. Alternatively, the jury may have decided that there were no damages directly traceable to Amin's alleged breach or that, just as with the unjust enrichment claim, any damages would be purely speculative as a result of Adib's failure of proof. In any event, any attempt by the Court to determine why the jury acted as it did would be purely speculative and "'[i]t is well settled that a verdict will not be upset on the basis of speculation as

to the manner in which the jurors arrived at it.'" *U.S. ex rel. Stone v. Rockwell International Corp.*, 282 F.3d 787, 808 (10th Cir. 2002), *quoting Midwest Underground Storage, Inc. v. Porter*, 712 F.2d 493, 501 (10th Cir. 1983).

It is clear from the length of time that the jury took to reach its verdict and the apparent precision it took in awarding damages in response to other questions on the verdict form that it did not take its duties lightly or arrive at its conclusions with regard to the disputed damages awards in an arbitrary or capricious manner. The Court cannot find that the failure to award damages on the particular items in question had no rational basis or that Adib's meager evidentiary proffers are enough for him to meet his heavy burden on his motion for a new trial. The jury's verdict cannot possibly shock the conscience of the Court or nor can it lead to the conclusion that justice has not been done. Adib's motion for a new trial should therefore be denied.

## CONCLUSION

For the foregoing reasons, Adib Nabhan's Motion For Renewed Judgment as a Matter of Law With Respect to Jury Verdict Questions 10 and 14 or, in the Alternative, for a New Trial on Damages Alone, should be denied.

                                                    CAREFREE PARK CORPORATION,
AMIN NABHAN and JAMILE NABHAN,

By their attorneys,

/s/ *Robert L. Kirby, Jr.*
Robert L. Kirby, Jr. (BBO #550538)
Gordon M. Jones, III (BBO # 549016)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
Dated:  April 13, 2006                    (617) 345-1000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by first class mail or electronically on April 13, 2006.

/s/ *Robert L. Kirby, Jr.*
Robert L. Kirby, Jr.