```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

                              CIVIL ACTION NO.
                              2003-CV-12426 RCL
```

|  |  |
|---|---|
| CAREFREE PARK CORPORATION, <br> AMIN NABHAN AND JAMILE NABHAN <br><br> Plaintiffs, <br><br> v. <br><br> ADIB NABHAN <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

Defendant, Adib Nabhan ("Defendant" or "Adib"), submits this Opposition to Plaintiffs Carefree Park Corporation ("Carefree Park"), Amin Nabhan ("Amin") and Jamile Nabhan's ("Jamile" and collectively "Plaintiffs") Motion and Memorandum in Support thereof of Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial ("Plaintiffs' JMOL").

The crux of Plaintiffs' argument is that they are entitled to judgment as a matter of law because no reasonable jury could have found Amin liable for breach of fiduciary duty and Carefree Park liable for unjust enrichment. Plaintiffs' proposition is factually and legally incorrect. Considering the evidence in a light most favorable to Adib, which the Court must do, it is clear that there is a legally sufficient evidentiary basis for the jury's findings. As a result, Plaintiffs are not entitled to judgment as a matter of law.

I.  **PLAINTIFFS' JMOL FAILS TO MEET THE STANDARD FOR JUDGMENT AS A MATTER OF LAW**

Under Fed. R. Civ. P. 50, a Court may only grant a renewed motion for judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *See, e.g., Bell v. Potter*, 234 F. Supp.2d 91, 95 (D. Mass. 2002)(quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000)); *Cruz-Vargas v. R.J. Reynolds Tobacco Co.*, 348 F.3d 271, 275 (1st Cir. 2003). The Supreme Court has articulated the standard for JMOL as follows:

> "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses (citations omitted)."

*Reeves*, 530 U.S. at 149-50; *see also Quintana-Ruiz v. Hyundai Motor Corp.*, 303 F.3d 62, 69 (1st Cir. 2002) (quoting *Alvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co.*, 152 F.3d 17, 23 (1st Cir. 1998)).

In this case, Plaintiffs cannot meet their formidable burden and show that "no reasonable jury" could have found in favor of Adib. The jury heard ample evidence from which it reasonably determined that Amin breached his fiduciary duty and that Carefree Park was unjustly enriched by Adib's services. This

2

evidence, viewed in a light most favorable to Adib, demonstrates that the jury's verdict was sound and that Plaintiffs are not entitled to JMOL.

## II. ADIB'S BREACH OF FIDUCIARY DUTY CLAIMS AGAINST AMIN ARE NOT DERIVATIVE AND THE DAMAGE AWARD IS NOT ERRONEOUS

Plaintiffs' JMOL asks the Court to not only set aside the jury's finding that Amin breached his fiduciary duty as a director of Carefree Park (Question 5), but also the jury's decision to award Adib $12,095.13 in damages for that breach (Question 6). *See* Pltfs' Mot. at 2-3. Plaintiffs' request concerning the liability verdict is based upon the erroneous legal premise that Adib's claims are derivative in nature. *See* Pltfs' Mot. at 2. They are not. Moreover, because ample evidence was presented at trial showing that Adib was financially harmed by Amin's breach, Plaintiffs cannot show that no reasonable jury could have awarded Adib damages.

   a. <u>Adib's Claims Are Personal And Direct And Plaintiffs' Defense Has Been Untimely Raised</u>

Plaintiffs' assertion that Adib's claims are derivative in nature is not only legally flawed but has been untimely raised. Amin harmed Adib <u>individually</u> by failing to honor obligations that were owed to Adib <u>personally</u>, not only in Adib's capacity as a shareholder and former director of Carefree Park.

Adib introduced evidence at trial that showed that he was damaged individually because Amin, *inter alia*: (1) failed to pay Adib any distributions or salary when the other two directors received distributions and salary; (2) froze Adib out and removed him as a director; (3) obtained a new mortgage of $250,000 on the

3

property located at 11 Atlantic Avenue without notice to Adib and to the derogation of Adib's interests; (4) used Carefree Park's money to pay the mortgage on Jamile's home; (5) used Carefree Park's money to pay $1,800 per month toward the mortgage on Amin's home; and (6) failed to account for approximately $390,000 which represented the difference in rent between full occupancy and partial occupancy at 11 Atlantic Avenue between 1995-2005. Obviously, Adib's rights as a minority shareholder in a close corporation, especially as a shareholder who has been frozen-out by Amin and Jamile, are inextricably intertwined with his rights as an individual and are not derivative in nature.

In Massachusetts, it is well-settled that in close corporations, "[t]he two concepts [direct and derivative actions] tend to merge . . . when a shareholder's alleged self-aggrandizement, if true, hurts both the corporation and the interests of the other stockholders." *See, e.g., Dynan v. Fritz*, 400 Mass. 230, 243 n. 17 (1987). For this reason, allegations of breach of fiduciary duty against shareholders in a close corporation are treated as <u>direct claims</u>. *Id*.

In *Horton v. Benjamin*, No. 92-06697 (Mass. Super. - Middlesex Nov. 26, 1997) (Neel, J.), reprinted at 7 Mass. L. Rep. 700, 1997 Mass. Super. LEXIS 85, minority shareholders brought a direct action against majority stockholders, alleging breach of fiduciary duty. The *Horton* defendants asserted that the action could only be brought as a derivative claim. *Id*. The Court disagreed, observing that Plaintiff's allegations contained both derivative and direct elements. *Id*. Further, the *Horton* Court

4

noted that "'the rule of corporate recovery for wrongs to the corporation may not be inflexible,' where 'direct relief to the complaining shareholder was permitted in order 'more justly [to] apportion the burden of recovery among the wrongdoers." *Id*. at * 64 (citation omitted); *see also Donohue v. Rodd Electrotype Co. of New England, Inc.*, 367 Mass. 578, 579 n. 4 (1975) (treating action by minority shareholder against the majority as direct claims); *Tracy v. Curtis*, 10 Mass. App. Ct. 10, 25-26 (1980) (finding error where plaintiff minority shareholders were forced by trial court to elect between direct and derivative actions prior to trial). Notably, if the Court had believed that Adib's claims were derivative in nature, the Court would have entered a directed verdict on Plaintiffs' JMOL at the close of evidence as a matter of law. Instead, the Court correctly denied the JMOL and permitted the jury to determine whether Amin breached his fiduciary duty.

Moreover, Plaintiffs' derivative defense is not only legally flawed but has also been untimely raised. Plaintiffs raised their newly concocted derivative defense for the first time in their motion for directed verdict and have now renewed it in Plaintiffs' JMOL. *See* Pltfs' Mot. at 2-3. Nevertheless, Plaintiffs never objected during trial to preclude evidence of direct claims nor did they file a motion *in limine*. Since Plaintiffs failed to timely raise the defense before <u>or</u> during trial and evidence of Adib's direct harm was admitted, they cannot raise the defense now.

5

Lastly, Plaintiffs' claim that there is "no basis in the record for the damage award made by the jury" borders on absurd. *See* Pltfs' Mot. at 3. As discussed in greater detail above, ample evidence was presented at trial that showed how Amin's breach of his fiduciary duty financially harmed Carefree Park. There is simply no way for Amin to legitimately argue that "there is no legally sufficient evidentiary basis for a reasonable jury to find" that, at a minimum, Carefree Park was entitled to $12,095.13 in damages. *See, e.g., Bell v. Potter*, 234 F.Supp.2d 91, 95 (D. Mass. 2002). The jury's findings are supported by the evidence and should not be disturbed.

### III. THE JURY'S VERDICT AS TO UNJUST ENRICHMENT SHOULD NOT BE DISTURBED

Plaintiffs also erroneously argue that there was "absolutely no evidence presented at trial as to the value of the services that Adib allegedly performed on behalf of Carefree Park." *See* Pltfs' Mot. at 3. Not so. Adib presented substantial evidence showing that Carefree Park would have been unjustly enriched if Adib were not reimbursed for the services that he performed (without any compensation) for Carefree Park's benefit.

At trial, the jury was presented with overwhelming evidence which detailed the many services that Adib provided to Carefree Park (without ever receiving compensation for them) including, *inter alia*, collecting rent and operating income; negotiating with tenants and prospective tenants; overseeing payment of operating expenses; physically maintaining the property and overseeing repairs and build-outs. Adib introduced evidence of his salary of $43,000 per year which compensated him for

6

performing the aforementioned duties prior to 1997, from which the jury could have deduced that Carefree Park had been unjustly enriched.

Adib sought restitution for the benefit of his services because Carefree Park's retention of those benefits without compensation would have been unconscionable. *See, e.g., Micromuse, Inc. et al. v. Micromuse, PLC, et al.*, 304 F. Supp.2d 202, 209 n. 8 (D. Mass. 2004)(citing the standard for unjust enrichment). In making its determination, the jury awarded Adib damages in an amount it believed represented the amount that Carefree Park was unjustly enriched (although Defendant contends that the dollar value should actually be higher). *See, e.g., Massachusetts v. Mylan Laboratories*, 357 F. Supp.2d 314, 324 (D. Mass. 2005). Because Adib's claims for restitution sound in equity (not law), there was no need to present the jury with an exact dollar amount valuing his services, as Plaintiffs contend. *See, e.g., Gardner v. Pilato*, 68 Conn.App. 448, 452-453 (Conn. App. 2002); *Patrick V. Koepke Const., Inc. v. Woodsage Const. Co.*, 844 S.W.2d 508, 515-16 (Mo. App. E.D. 1992) (restitution in unjust enrichment action is the value of the benefit received; these damages are distinguishable from action in quantum meruit in which measure of recovery is reasonable value of goods or services).

The Court's jury instruction on this point correctly instructed as follows:

> "If you find that Adib did provide these services
> without receiving compensation, and that under all
> of the circumstances it would be unjust for
> Carefree Park to retain the benefit of these

7

>        services without compensating him, <u>then Adib is
>        entitled to damages in the amount by which
>        Carefree Park has been unjustly enriched by
>        receiving the benefit of his services</u> (emphasis
>        added)."

See Jury Instructions, p. 18.

The jury was free to deduce from its assessment of the evidence how much Carefree Park benefited from Adib's services. The jury heard the evidence and correctly determined that Carefree Park unjustly benefited from Adib's services and, as such, the jury's verdict should not be disturbed.

### IV.  PLAINTIFFS' CLAIMS ARE BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS

As discussed more fully in Defendant's Opposition to Plaintiffs' Motion for a New Trial (filed concurrently herewith), the Court did not err in its instruction to the jury concerning agency and the triggering of the statute of limitations. See Pltfs' Mot. at 4. As demonstrated in Defendant's Opposition, Plaintiffs can not prevail on their Motion for a New Trial because the jury correctly decided that Plaintiffs' breach of fiduciary duty claims are barred by the three-year statute of limitations.[1]  Similarly, Plaintiffs cannot prevail on their JMOL for the same claim.

The jury correctly determined that Carefree Park's accountant, Michael LeClerc, while acting within the capacity of his employment was, in fact, Carefree Park's agent and knew of Fun Depot's corporate structure prior to October 3, 2000.  The jury, therefore, determined that Plaintiffs' claims were barred

---

[1] Defendant hereby incorporates by reference its Opposition to Plaintiffs' Motion and Memorandum in Support for a New Trial dated April 14, 2006.

8

by the three-year statute of limitations. The jury's determination was based, *inter alia*, upon Mr. LeClerc's own uncontroverted testimony, Amin's and Adib's testimony and by numerous supporting documents. There was also ample evidence to show that Amin and Jamile had direct knowledge of the formation of Fun Depot and its ownership structure more than three years before Plaintiffs' suit was filed.

Finally, there is absolutely no basis for Plaintiffs to request that the Court impose a constructive trust for the benefit of Carefree Park. *See* Pltfs' Mot. at 4. The jury's verdict was entirely proper, should not be set aside and therefore a constructive trust is unwarranted here.

## V. **CONCLUSION**

For all of the foregoing reasons, the Plaintiffs' Motion and Memorandum in Support of Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial should be denied.

ADIB NABHAN

By his attorneys,

/s/ Ian Crawford
Ian Crawford (BBO#544475)
Todd & Weld LLP
28 State Street
Boston, MA   02109
(617) 720-2626
icrawford@toddweld.com

9

                                          Doyle C. Valley, Esquire
                                          Morrison Mahoney LLP
                                          250 Summer Street
                                          Boston, MA  02210
                                          (617) 737-8846
                                          dvalley@morrisonmahoney.com

DATED:  April 13, 2006

## CERTIFICATE OF SERVICE

I, Ian Crawford, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date:  April 13, 2006                            /s/ Ian Crawford
                                                    Ian Crawford